Jess B. Millikan (CSB#095540)
Samuel H. Ruby (CSB#191091)
BULLIVANT HOUSER BAILEY PC
601 California Street, Suite 1800
San Francisco, California 94108
Telephone: 415.352.2700
Facsimile: 415.352.2701
jess.millikan@bullivant.com
samuel.ruby@bullivant.com

*Attorneys for Defendants*
Crum & Forster Indemnity Company
United States Fire Insurance Company

ORIGINAL FILED

MAY 2 1 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

EMC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

C 07 2684

| | |
|---|---|
| COPART INC.,<br><br>              Plaintiff,<br><br>     vs.<br><br>CRUM & FORSTER INDEMNITY COMPANY, UNITED STATES FIRE INSURANCE COMPANY, and DOES 1-10,<br><br>              Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL** |

**TO THE HONORABLE JUDGES AND CLERK OF THE COURT**:

Crum & Forster Indemnity Company and the United States Fire Insurance Company hereby mutually petition for the removal of the action titled Copart Inc. v. Crum & Forster Indemnity Company, et al., which is pending in the Superior Court for the State of California for the County of San Francisco as Case No. CGC 07-461545.

Pursuant to 28 U.S.C. § 1441(b), the Court may and should take jurisdiction over this matter for all purposes, for the following reasons:

1.    **SUBJECT MATTER JURISDICTION**:  This matter falls within the Court's original subject matter jurisdiction under 28 U.S.C. § 1332 (diversity jurisdiction).

– 1 –

a.   **COMPLETE DIVERSITY OF CITIZENSHIP**: There is complete diversity of citizenship between plaintiff and defendants.      .

- As alleged in its complaint, plaintiff Copart Inc. is a California corporation with its principal place of business in the San Francisco Bay Area. (Complaint, ¶¶ 1, 5.)

- No defendant is a citizen of California. Crum & Forster Indemnity Company and United States Fire Insurance Company are both Delaware corporations with their principal place of business in Morristown, New Jersey.[1] For purposes of removal jurisdiction, the citizenship of the fictitious defendants identified in the Complaint as "DOES 1-10" must be disregarded. 28 U.S.C. § 1441(b).

b.   **AMOUNT IN CONTROVERSY**: The amount in controversy between plaintiff and each defendant exceeds the jurisdictional minimum of this Court ($75,000). Plaintiff alleges that defendants are co-obligors on a contract of insurance. Under that contract, plaintiff seeks to recover benefits for alleged hurricane damage to two buildings, damage to inventory in or around the buildings, and business interruption. (Complaint, ¶ 5.) Prior to filing suit, plaintiff submitted invoices, totaling in excess of $112,783.99, for electrical repairs, demolition, and extra expense associated with the alleged damage to the building(s). (Clarke Decl., ¶ 2.) Furthermore, plaintiff seeks to recover attorneys' fees and punitive damages.

c.   **NO RESIDENT DEFENDANT**: None of the defendants is a resident of California.

2.   **TIMELINESS**: This petition for removal is timely because Crum & Forster Indemnity Company and the United States Fire Insurance Company were served with the Complaint and Summons on April 23, 2007.

---

[1] The main administrative office of both defendants is in Morristown, New Jersey. The executive and administrative functions of both companies are conducted at that office. Of the more than eighty officers of the companies, all but fourteen are located in that office, and only two are located in California. The defendants have more employees and more tangible assets in New Jersey than in California.

NOTICE OF REMOVAL

3.    **JOINDER OF ALL SERVED DEFENDANTS**:  All defendants (Crum & Forster Indemnity Company and the United States Fire Insurance Company) join in this Notice of Removal.

4.    **FILING OF STATE COURT PLEADINGS**:  Attached hereto are copies of all state court pleadings and orders known to defendants to exist.

5.    **NOTICE TO STATE COURT OF REMOVAL**:  The removing parties shall promptly give notice of this Notice for Removal to the state court in which the action was filed.

6.    **INTRADISTRICT ASSIGNMENT**:  The action should be assigned to the Court's San Francisco Division because the action is being removed from the state court for the County of San Francisco.


DATED:  May 21, 2007

                    BULLIVANT HOUSER BAILEY PC

                    By _____
                       Samuel H. Ruby

                    Attorneys for Defendants Crum & Forster
                    Indemnity Company and United States Fire
                    Insurance Company

6080512.1

NOTICE OF REMOVAL

CASE NUMBER: CGC-07-461545  COPART INC VS. CRUM & FORSTER INDEMNITY COMPAI

## NOTICE TO PLAINTIFF

A Case Management Conference is set for

| | |
|---|---|
| **DATE:** | **AUG-17-2007** |
| **TIME:** | **9:00AM** |
| **PLACE:** | **Department 212**<br>**400 McAllister Street**<br>**San Francisco, CA 94102-3680** |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL.** (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

**See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>CRUM & FORSTER INDEMNITY COMPANY, UNITED STATES<br>FIRE INSURANCE COMPANY, and DOES 1-10, Inclusive | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**RECEIVED**<br><br>APR 2 3 2007<br><br>**LA BRANCH** |

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
COPART INC.

You have 30 **CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SAN FRANCISCO SUPERIOR COURT<br>400 McAllister Street<br>San Francisco, CA 94102 | **CASE NUMBER**<br>*(Número del Caso):*<br>CGC07- 461545 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Philip L. Pillsbury, Jr. (SBN 72261) / Vedica Puri (SBN 176252) - [415.433.8000]
PILLSBURY & LEVINSON, 600 Montgomery St., 31st Flr, San Francisco, CA 94111

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* | MAR 2 0 2007 | GORDON PARK-LI<br>Clerk, by    CRISTINA E. BAUTISTA<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* United States Fire Insurance Company

under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

Philip L. Pillsbury, Jr. (SBN 72261)
Vedica Puri (SBN 176252)
PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor
San Francisco, CA 94111
Telephone:  (415) 433-8000
Facsimile:  (415) 433-4816

Attorneys for Plaintiff
COPART INC.

ENDORSED
F I L E D
San Francisco County Superior Court

MAR 2 0 2007

GORDON PARK-LI, Clerk
CASE MANAGEMENT CONFERENCE CRISTINA BAUTISTA
Deputy Clerk

AUG 1 7 2007 -9:00AM

DEPARTMENT 212

## SUPERIOR COURT OF CALIFORNIA

## IN AND FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| COPART INC.,<br><br>    Plaintiff,<br><br>    vs.<br><br>CRUM & FORSTER INDEMNITY COMPANY, UNITED STATES FIRE INSURANCE COMPANY, and DOES 1-10, Inclusive,<br><br>    Defendants. | Case No. CGC07 - 461545<br><br>**COMPLAINT FOR BREACH OF CONTRACT AND BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; DEMAND FOR JURY TRIAL** |

Plaintiff COPART INC. alleges as follows:

## GENERAL ALLEGATIONS

1.    At all material times herein, Plaintiff COPART INC. ("COPART INC.") was and is in the business of auto salvage and was and is a California corporation with its principal place of business in the Bay Area and conducting business in California.

2.    Plaintiff is informed and believes that at all material times herein, Defendants CRUM & FORSTER INDEMNITY COMPANY and UNITED STATES FIRE INSURANCE COMPANY and DOES 1-5 ("INSURANCE COMPANIES ") were and are corporations or other business entities authorized to transact, and transacting, insurance business in the State of California.

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor · San Francisco, CA 94111

3.      Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 6-10, inclusive, and therefore sues these defendants by said fictitious names. Plaintiff is informed and believes, and thereon alleges, that said fictitiously named defendants are responsible in some manner for the events and happenings herein referred to, and negligently or otherwise caused injuries and damages proximately thereby to plaintiff as herein alleged.

## THE PROPERTY INSURANCE POLICY

4.      INSURANCE COMPANIES issued a Commercial Property insurance policy to COPART INC. (Policy No. P2441886561), with a policy period of October 1, 2005 to October 1, 2006 (the "Property Policy"). The Property Policy, comprised of several coverage forms, provides indemnity coverage to COPART INC. for, among other things, "damage to Covered Property," with an "each claim limit" of $2,500,000, and an "aggregate limit" of $2,500,000. A true and correct copy of the Property Policy is attached hereto as **Exhibit "A"** and incorporated herein by reference. Relevant insuring clauses from the Property Policy include, but are not limited to, the following:

A.      **Coverage**

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

1.      **Covered Property**

Covered Property, as used in this Coverage Part, means the type of property described in this Section, A.1., and limited to A.2., Property Note Covered, if a Limit of Insurance is shown in the Declarations for that type of property:

a.      **Building**, meaning the building or structure described in the Declarations, including:

(1)      Completed additions;

(2)      Fixtures, including outdoor fixtures;

(3)      Permanently installed:

(a)      Machinery and

COMPLAINT FOR BREACH OF CONTRACT et al.
Case No.

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor · San Francisco, CA 94111

1

             **(b)**       Equipment;

2

                 \* \* \*

3

4   **B.**    **Application Of Coverage(s)**

5

6 The Coverage(s) provided by this endorsement apply only if both **B.1.** and **B.2.** are satisfied and are then subject to the qualifications set forth

7 in **B.3.**

8     **1.**    The ordinance or law:

9

10         **a.**    Regulates the demolition, construction or repair of buildings, or establishes zoning or land use requirements

11             at the described premises; and

12         **b.**    Is in force at the time of loss.

13 But coverage under this endorsement applies only in response to the minimum requirements of the ordinance or law. Losses and costs

14 incurred in complying with recommended actions or standards that exceed actual requirements are not covered under this endorsement.

15

16 ## THE UNDERLYING HURRICANE LOSS

17     **5.**    COPART INC., headquartered in the Bay Area, provides vehicle suppliers with

18 a full range of on-line services to process and sell salvage vehicles.  As part of its on-line auto

19 salvage business, COPART INC. owns several lots, including one lot in Hialeah, Florida

20 known as Yard 105. There were two buildings on this lot in October 2005: the main building

21 (used as storage for cars and an office) and a smaller building.  Hurricane Wilma, deemed the

22 most severe category of hurricane (Category 5), struck southeastern Florida in October 2005

23 and severely damaged property owned by COPART INC. in Hialeah, Florida.  As a result of

24 Hurricane Wilma, COPART INC. was required, by local ordinance, to demolish the large

25 building in Yard 105. COPART INC. sustained other damage as a result of Hurricane Wilma

26 including but not limited to damages resulting from the business interruption caused by

27 property losses, damage to the smaller building on Yard 105, damage resulting from parts of

28 the large building blowing into cars stored on Yard 105 and the loss of salvaged cars inside the

large building on Yard 105.

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor · San Francisco, CA 94111

COMPLAINT FOR BREACH OF CONTRACT et al.
Case No.

6.    After the hurricane, COPART INC. immediately tendered the claim to the INSURANCE COMPANIES. It was not until November 29, 2005 that an adjuster from CRUM & FORSTER INDEMNITY COMPANY was assigned to COPART INC.'s Hurricane Wilma claim. By December 1, 2005, the Miami-Dade County Building Department had posted an "UNSAFE BUILDING" sign on the large building in Yard 105 requiring the building be vacated and issued a formal Order deeming the large building in Yard 105 "unsafe" and in violation of Miami-Dade County Building Code provisions. COPART INC. complied with the Miami-Dade County Order and shut down and relocated its offices and storage unit. The terms of the Order required COPART INC. to demolish the large building and specified the precise manner in which COPART INC. was to "secure" the unsafe building in the meantime. COPART INC. complied with the terms of the Miami-Dade County Order at all times.

7.    The INSURANCE COMPANIES refuse to indemnify COPART INC. for damages and/or physical loss arising out of Hurricane Wilma, including but not limited to losses suffered with respect to Yard 105.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

8.    Plaintiff incorporates by reference paragraphs 1 through 7 and realleges said allegations as though here fully set forth.

9.    From October 1, 2005 to October 1, 2006, the INSURANCE COMPANIES insured COPART INC. under the previously described Property Policy.

10.    COPART INC. timely notified the INSURANCE COMPANIES of the loss COPART INC. suffered by virtue of Hurricane Wilma and requested that the INSURANCE COMPANIES investigate these claims and pay COPART INC. for the direct physical loss or damage arising out of its property losses, including but not limited to, the demolition of the large building on Yard 105.

///
///

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor · San Francisco, CA 94111

-4-

COMPLAINT FOR BREACH OF CONTRACT et al.
Case No.

11.     The INSURANCE COMPANIES have refused to pay COPART INC. any part of its property loss or resulting damages sustained on Yard 105 or for other business interruption losses.

12.     The INSURANCE COMPANIES refuse to honor their obligations under the Property Policy to pay COPART INC.'s property losses resulting from Hurricane Wilma, including but not limited to, damage to structures on Yard 105.

13.     COPART INC. has duly complied with all the material terms and conditions of the Property Policy.

14.     By reason of the INSURANCE COMPANIES' wrongful conduct, COPART INC. has been caused to suffer and will continue to suffer damages.

WHEREFORE, plaintiff prays for judgment against defendant as hereinafter set forth.

## SECOND CAUSE OF ACTION

### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

15.     Plaintiff incorporates by reference paragraphs 1 through 14, and realleges said allegations as though here fully set forth.

16.     Implied in each insurance policy is a covenant by the insurer that it will act in good faith and fair dealing with its insured; that it will do nothing to interfere with the right of its insured to receive the benefits of the policy; that it will give at least as much consideration to the interests of its insured as it gives to its own interests; that it will investigate all possible bases for coverage; and that it will not deny a claim without thoroughly investigating the foundation for the denial and at all times deal in good faith with its insured (hereinafter referred to as "the implied covenant of good faith and fair dealing").

17.     At all material times herein, the INSURANCE COMPANIES have violated its covenant of good faith and fair dealing by, *inter alia*, the following:

(a)     Consciously and unreasonably refusing to pay COPART INC. indemnity benefits to which it is entitled pursuant to the Property Policy, and depriving COPART INC. of its rightful benefits with the knowledge that said denials were and are wrongful and contrary to the INSURANCE COMPANIES obligations under the Property Policy and the law;

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor · San Francisco, CA 94111

1        (b)     Consciously and unreasonably failing to properly investigate the

2  hurricane loss suffered fairly and in good faith and refusing to give COPART INC.'s interests

3  at least as much consideration as the INSURANCE COMPANIES gave its own interests;

4        (c)     Consciously and unreasonably refusing to make full and complete

5  payment to COPART INC. for its hurricane losses, with the intent of saving itself money at

6  COPART INC.'s expense;

7        (d)     Consciously and unreasonably denying indemnity coverage without

8  thoroughly investigating the foundation for its denial; and

9        (e)     Consciously and unreasonably embarking on an interpretation of the

10  facts and policy provisions calculated to deprive COPART INC. of indemnity coverage when

11  the INSURANCE COMPANIES knew that COPART INC. was and is entitled to coverage.

12      18.     COPART INC. is informed and believes and thereon alleges that the

13  aforementioned conduct is a common pattern and practice on the part of the INSURANCE

14  COMPANIES with regard to the manner in which it treat its insureds.

15      19.     COPART INC. is informed and believes and thereon alleges that in taking such

16  actions, the INSURANCE COMPANIES acted with malice, fraud and/or oppression, as

17  defined as California Civil Code §3294.

18      20.     As a proximate result of the INSURANCE COMPANIES' actions, COPART

19  INC. has been caused to suffer and will continue to suffer substantial prejudice and damages.

20      21.     As a further proximate result of the INSURANCE COMPANIES' actions,

21  COPART INC. has incurred, and will continue to incur, attorneys' fees and related costs to

22  defend itself against the complaint and in order to obtain the policy benefits the INSURANCE

23  COMPANIES have withheld.

24      22.     As a result of the INSURANCE COMPANIES' conduct, as alleged herein,

25  COPART INC. is entitled to recover its damages, including attorneys' fees and expenses, and

26  to claim and recover punitive damages from the INSURANCE COMPANIES, in amounts

27  sufficient to punish and make an example of the INSURANCE COMPANIES in order to deter

28  such conduct in the future.

*PILLSBURY & LEVINSON, LLP*
*The Transamerica Pyramid*
*600 Montgomery Street, 31st Floor · San Francisco, CA 94111*

-6-

**WHEREFORE**, plaintiff prays for judgment against defendant as follows:

1.    For special damages against the INSURANCE COMPANIES according to proof;

2.    For general and compensatory damages from the INSURANCE COMPANIES according to proof;

3.    For exemplary damages against the INSURANCE COMPANIES according to proof;

4.    For attorneys' fees incurred in obtaining policy benefits;

5.    For costs of suit incurred herein;

6.    For prejudgment interest; and

7.    For such other and further relief that the court may deem just and proper.

## JURY DEMAND

Plaintiff COPART INC.hereby demands a trial by jury.

Dated: MARCH 20, 2007                    PILLSBURY & LEVINSON, LLP

                                         By: _____
                                             Vedica Puri
                                             Attorneys for Plaintiff
                                             COPART INC.

-7-

COMPLAINT FOR BREACH OF CONTRACT et al.
Case No.

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor · San Francisco, CA 94111