Jess B. Millikan (CSB#095540)
Samuel H. Ruby (CSB#191091)
BULLIVANT HOUSER BAILEY PC
601 California Street, Suite 1800
San Francisco, California 94108
Telephone: 415.352.2700
Facsimile: 415.352.2701
jess.millikan@bullivant.com
samuel.ruby@bullivant.com

*Attorneys for Defendants*
Crum & Forster Indemnity Company
United States Fire Insurance Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| COPART INC., <br><br> Plaintiff, <br><br> vs. <br><br> CRUM & FORSTER INDEMNITY COMPANY, UNITED STATES FIRE INSURANCE COMPANY, and DOES 1-10, <br><br> Defendants. | Case No.: C 07 02684 CW <br><br> **ANSWER OF UNITED STATES FIRE INSURANCE COMPANY TO PLAINTIFF'S COMPLAINT** |

United States Fire Insurance Company ("USFIC") answers the complaint of Copart, Inc. ("COPART") as follows:

1.   On information and belief, USFIC admits the allegations of Paragraph 1.

2.   USFIC admits that it is a corporation, that it is admitted and therefore "authorized" to transact insurance business in California, and that it is in fact transacting insurance business in California. USFIC denies all other allegations of Paragraph 2.

3.   USFIC denies the allegations of Paragraph 3.

– 1 –

UNITED STATES FIRE INSURANCE COMPANY'S ANSWER

4. USFIC admits that it issued a commercial property insurance policy numbered 2441886561 to COPART. USFIC admits that the period of said policy ("the Property Policy") was October 1, 2005 to October 1, 2006. USFIC admits that the Property Policy is comprised of several coverage forms, among other things. USFIC admits that the policy contains the language quoted in Paragraph 4 of the complaint. USFIC admits that the policy specifies a limit of $2,500,000 "per occurrence and in the annual aggregate," among other limits and sublimits. USFIC denies all other allegations of Paragraph 4.

5. On information and belief, USFIC admits that COPART is headquartered in the San Francisco Bay Area, that it provides services to process and sell salvage vehicles, and that it owns several lots. USFIC lacks information sufficient to form a belief that would allow it to admit or deny that COPART owns the lot in Hialeah, Florida described as "Yard 105." USFIC admits that on or about October 24, 2005, there was a building at Yard 105. USFIC lacks information sufficient to form a belief that would allow it to admit or deny that there was a second building at Yard 105.

USFIC admits that a Category 5 hurricane named Hurricane Wilma struck Southeastern Florida on or about October 24, 2005. USFIC admits that the hurricane severely damaged the roof of the building at Yard 105. USFIC lacks information sufficient to form a belief that would allow it to admit or deny that a "local ordinance" required COPART to demolish the building.

USFIC denies all other allegations of Paragraph 5.

6. USFIC admits that on October 28, 2005, COPART's insurance broker gave USFIC notice of a claim with respect to Yard 105. USFIC admits that on or about November 29, 2005, USFIC's inhouse adjuster hired an outside adjuster to assist with the investigation of the claim. USFIC lacks information sufficient to form a belief that would allow it to admit or deny the allegations in Paragraph 6 concerning the actions and orders of the Miami-Dade County Building Department and COPART's compliance with such orders. USFIC denies all other allegations of Paragraph 6.

7.    USFIC admits that it denied coverage for COPART'S claim with respect to Yard 105.  USFIC denies all other allegations of Paragraph 7.

8.    USFIC incorporates by reference its answers to Paragraphs 1 through 7.

9.    USFIC admits that it issued the Property Policy to Copart.  USFIC admits that the period of the policy was October 1, 2005 to October 1, 2006.  USFIC denies all other allegations of Paragraph 9.

10.   USFIC admits that on October 28, 2005, COPART's insurance broker gave USFIC notice of a claim with respect to Yard 105.  USFIC admits that eventually, COPART submitted documentation concerning the cost of demolishing the building at Yard 105, some extra expenses, and some other costs.  USFIC denies all other allegations of Paragraph 10.

11.   USFIC admits that it denied coverage for the claim submitted by COPART with respect to Yard 105.  USFIC denies all other allegations of Paragraph 11.

12.   USFIC denies the allegations of Paragraph 12.

13.   USFIC denies the allegations of Paragraph 13.

14.   USFIC denies the allegations of Paragraph 14.

15.   USFIC incorporates by reference its answers to Paragraphs 1 through 14.

16.   Paragraph 16 does not allege facts that USFIC might admit or deny.

17.   USFIC denies the allegations of Paragraph 17.

18.   USFIC denies the allegations of Paragraph 18.

19.   USFIC denies the allegations of Paragraph 19.

20.   USFIC denies the allegations of Paragraph 20.

21.   USFIC denies the allegations of Paragraph 21.

22.   USFIC denies the allegations of Paragraph 22.

### AFFIRMATIVE DEFENSES

1.    The complaint fails to state facts sufficient to constitute a cause of action.

2.    Coverage is barred by the "Concealment, Misrepresentation or Fraud" clauses of the Property Policy's "Commercial Property Conditions" form and the "California Changes" form as well as California statutory and common law.

3. USFIC's liability, if any, is limited by the Property Policy's limits of liability, sublimits, deductibles, loss payment clauses, valuation clauses, and coinsurance clauses.

4. USFIC's liability, if any, is offset by additional premiums owed by COPART under the Property Policy and prior policies for exposures for which COPART failed to report values or accurate values.

5. USFIC has no liability for any damages which COPART reasonably could have mitigated or avoided.

## PRAYER

Wherefore, USFIC prays for relief as follows:

1. For judgment in favor of USFIC and against COPART on each and every cause of action;
2. That COPART take nothing;
3. That USFIC be awarded its costs of suit;
4. For such further and other relief as the Court may deem just and proper.

DATED: June 13, 2007

BULLIVANT HOUSER BAILEY PC

By _/s/ Samuel H. Ruby_
Samuel H. Ruby

Attorneys for Defendants Crum & Forster Indemnity Company and United States Fire Insurance Company

6081392.1