1  Philip L. Pillsbury, Jr. (SBN 72261)
   Vedica Puri (SBN 176252)
2  PILLSBURY & LEVINSON, LLP
   The Transamerica Pyramid
3  600 Montgomery Street, 31st Floor
   San Francisco, CA 94111
4  Telephone: (415) 433-8000
5  Facsimile:  (415) 433-4816
   ppillsbury@pillsburylevinson.com
6  vpuri@pillsburylevinson.com

7  Attorneys for Plaintiff
8  COPART INC.

9              UNITED STATES DISTRICT COURT
10             NORTHERN DISTRICT OF CALIFORNIA
11                    OAKLAND DIVISION

12 COPART INC.,                              ) Case No. C 07 2684 CW
13         Plaintiff,                        )
                                             ) **E-FILING**
14     vs.                                   )
                                             ) **COPART, INC.'S ANSWER TO**
15 CRUM & FORSTER INDEMNITY                  ) **COUNTERCLAIM OF UNITED**
16 COMPANY, UNITED STATES FIRE               ) **STATES FIRE INSURANCE**
   INSURANCE COMPANY, and DOES 1-10,         ) **COMPANY**
17 Inclusive,                                )
                                             )
18         Defendants.                       )
   _____)
19 UNITED STATES FIRE INSURANCE              )
20 COMPANY,                                  )
                                             )
21         Counterclaimant,                  )
                                             )
22     vs.                                   )
                                             )
23                                           )
                                             )
24 COPART, INC.,                             )
                                             )
25         Counterdefendant.                 )
                                             )
26                                           )
27 _____)
28

-1-
COPART, INC.'S ANSWER TO COUNTERCLAIM OF
UNITED STATES FIRE INSURANCE COMPANY                                Case No. C 07 2684 CW

Plaintiff and Counter-Defendant Copart, Inc. ("Copart") answers the counterclaim by United States Fire Insurance Company ("USFIC") as follows:

## JURISDICTION

1. Copart admits the allegations of paragraph 1.

## GENERAL ALLEGATIONS

**A.   The 2003-2004 Policy**

2. Copart admits that it is a company which provides vehicle suppliers, primarily insurance companies, with a full range of services to process and sell salvage vehicles through auctions, principally to licensed vehicle dismantlers, rebuilders, repair licensees, and used vehicle dealers. Copart is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations of paragraph 2 and on that basis denies those allegations.

3. Copart is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 3 and on that basis denies such allegations.

4. Copart is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 4 and on that basis denies such allegations.

5. Copart is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 5 and on that basis denies such allegations.

6. Copart is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 6 and on that basis denies such allegations.

7. Copart is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 7 and on that basis denies such allegations.

8. Copart denies the allegations of paragraph 8.

9. Copart denies the allegations of paragraph 9.

**B.   The 2004-2005 Policy**

10. Copart is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 10 and on that basis denies such allegations.

11. Copart is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 11 and on that basis denies such allegations.

12. Copart is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 12 and on that basis denies such allegations.

13. Copart is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 13 and on that basis denies such allegations.

14. Copart admits that on or about September 30, 2004, USFIC issued a binder. Copart is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations paragraph 14 and on that basis denies such allegations.

15. Copart denies the allegations of paragraph 15.

16. Copart denies the allegations of paragraph 16.

17. Copart is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 17 and on that basis denies such allegations.

18. Copart is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 18 and on that basis denies such allegations.

19. Copart is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 19 and on that basis denies such allegations.

20. Copart is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 20 and on that basis denies such allegations.

21. Copart is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 21 and on that basis denies such allegations.

C. **The 2005-2006 Policy**

22. Copart is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 22 and on that basis denies such allegations.

23. Copart is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 23 and on that basis denies such allegations.

24. Copart is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 24 and on that basis denies such allegations.

25. Copart is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 25 and on that basis denies such allegations.

26. Copart is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 26 and on that basis denies such allegations.

27. Copart denies the allegations of paragraph 27.

28. In response to paragraph 28, Copart states that the 2005-2006 policy in its entirety sets forth the scope of coverage and speaks for itself. Except as so admitted, Copart denies the allegations of paragraph 28.

29. Copart is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 29 and on that basis denies such allegations.

30. Copart is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 30 and on that basis denies such allegations.

31. Copart admits that USFIC issued an endorsement that deleted coverage for inventory and stock and specified a return premium of $94,543.22. Copart denies the remaining allegations of paragraph 31.

32. Copart is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 32 and on that basis denies such allegations.

33. Copart is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 33 and on that basis denies such allegations.

34. Copart admits that USFIC issued an endorsement charging an additional premium of $18,112.40. Copart denies the remaining allegations of paragraph 34.

**D.     The 2006-2007 Policy**

35. Copart is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 35 and on that basis denies such allegations.

36. Copart is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 36 and on that basis denies such allegations.

37. Copart is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 37 and on that basis denies such allegations.

38. Copart denies the allegations of paragraph 38.

39. Copart denies the allegations of paragraph 39.

-4-

40.     Copart is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 40 and on that basis denies such allegations.

41.     Copart is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 41 and on that basis denies such allegations.

42.     Copart is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 42 and on that basis denies such allegations.

43.     Copart is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 43 and on that basis denies such allegations.

44.     Copart is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 44 and on that basis denies such allegations.

45.     Copart is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 45 and on that basis denies such allegations.

**E.      Yard 105**

46.     Copart admits a notice was given to USFIC of a claim for losses caused on or about October 24, 2005 by Hurricane Wilma at three locations in Florida, including building damage at a location identified as "Yard 105." Copart denies the remaining allegations of paragraph 46.

47.     Copart is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 47 and on that basis denies such allegations.

48.     Copart is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 48 and on that basis denies such allegations.

49.     Copart admits the allegations of paragraph 49.

50.     Copart is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 50 and on that basis denies such allegations.

51.     Copart admits a September 1, 2004 statement of values describe Yard 105 as "20.888 acres" in "Hialeah, FL." Copart denies the remaining allegations of paragraph 51.

52. Copart admits that a September 1, 2004 statement of values does not state any values for any buildings, contents, computer equipment, contractors, inventory, or business interruption/extra expense. Copart denies the remaining allegations of paragraph 52.

53. Copart denies the allegations of paragraph 53.

54. Copart is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 54 and on that basis denies such allegations.

55. Copart is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 55 and on that basis denies such allegations.

56. Copart admits that a statement of values submitted to USFIC in connection with the negotiations over the terms of the 2005-2006 policy gave a street address for Yard 105 and stated the previously reported inventory value. Copart denies the remaining allegations of paragraph 56.

57. Copart denies the allegations of paragraph 57.

58. Copart denies the allegations of paragraph 58.

59. Copart denies the allegations of paragraph 59.

60. Copart denies the allegations of paragraph 60.

## FIRST CLAIM[1]

### (Reformation – California Civil Code §3399)

61. Copart incorporates by reference herein its responses to the allegations set forth in paragraph 1-60 above.

62. Copart denies the allegations of paragraph 62.

63. Paragraph 63 contains a statement of USFIC's contention, which Copart is not able to admit or deny.

64. In response to paragraph 64, Copart alleges that its complaint and the allegations therein speak for themselves. Except as so admitted, Copart denies the allegations of paragraph 64.

---

[1] Erroneously designated in the counter-claim as a "cause of action".

-6-

65. Paragraph 65 contains a statement of USFIC's contention, which Copart is unable to admit or deny.

## SECOND CLAIM

### (Negligent Misrepresentation)

66. Copart incorporates by reference herein its responses to the allegations set forth in paragraphs 1-60 above.

67. Copart denies the allegations of paragraph 67.

68. Copart denies the allegations of paragraph 68.

69. In response to paragraph 69, Copart alleges that its complaint and its allegations therein speak for themselves. Except as so admitted, Copart denies the allegations of paragraph 69.

70. Copart denies the allegations of paragraph 70.

71. Copart denies the allegations of paragraph 71.

72. Copart denies the allegations of paragraph 72.

73. Copart denies the allegations of paragraph 73.

## AFFIRMATIVE DEFENSES

1. The counterclaim and each of the individual claims stated therein fail to state facts sufficient to constitute a claim.

2. USFIC is barred from recovery under the counterclaim by the doctrines of waiver, estoppel, laches and unclean hands.

3. The counterclaim is deficient in that USFIC fails to join necessary and indispensable parties under Federal Rules of Civil Procedure, Rule 19.

WHEREFORE, Copart prays for relief as set forth below:

1. For the relief requested in Copart's complaint;

2. That USFIC take nothing on its counter-claim;

3. That Copart be awarded its cost of suit and attorneys fees;

/ / /

/ / /

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor · San Francisco, CA 94111

-7-

COPART, INC.'S ANSWER TO COUNTERCLAIM OF
UNITED STATES FIRE INSURANCE COMPANY

Case No. C 07 2684 CW

4.  For such other and further relief as the Court may deem just and proper.

Dated: August 3, 2007                     PILLSBURY & LEVINSON, LLP


By: /s/ Vedica Puri
    ―――――――――――――――――――
    Philip L. Pillsbury, Jr.
    Vedica Puri
    Attorneys for Plaintiff and Counterdefendant
    COPART INC.

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor · San Francisco, CA 94111

-8-

COPART, INC.'S ANSWER TO COUNTERCLAIM OF
UNITED STATES FIRE INSURANCE COMPANY

Case No. C 07 2684 CW