Philip L. Pillsbury, Jr. (SBN 72261)
Vedica Puri (SBN 176252)
Eric K. Larson (SBN 142791)
PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor
San Francisco, CA 94111
Telephone: (415) 433-8000
Facsimile: (415) 433-4816
ppillsbury@pillsburylevinson.com
vpuri@pillsburylevinson.com
rlarson@pillsburylevinson.com

Attorneys for Plaintiff
COPART INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| COPART INC.,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>CRUM & FORSTER INDEMNITY COMPANY, UNITED STATES FIRE INSURANCE COMPANY, and DOES 1-10, Inclusive,<br><br>　　　　　Defendants.<br><br>UNITED STATES FIRE INSURANCE COMPANY,<br><br>　　　　　Counterclaimant,<br><br>　vs.<br><br>COPART, INC.,<br><br>　　　　　Counterdefendant. | Case No. C 07 2684 CW<br><br>**E-FILING**<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: September 4, 2007<br>Time: 2:00 p.m.<br>Place: Courtroom 2<br>Hon. Claudia Wilken |

-1-

JOINT CASE MANAGEMENT STATEMENT
Case No. C 07 2684 CW

1. **Jurisdiction and Service.**

Defendants removed to this Court on the basis of diversity jurisdiction. Plaintiff Copart, Inc. does not challenge the Court's jurisdiction. All parties have been served. By order upon stipulation, defendant Crum & Forster Indemnity Company has been dismissed without prejudice. The remaining defendant is United States Fire Insurance Company ("USFIC").

2. **Facts.**

   a.   *Brief Chronology*

Copart is headquartered in Fairfield, California and provides vehicle suppliers with a full range of online services to process and sell salvaged vehicles. As part of its online auto salvage business Copart owns lots across the country, including several lots in Florida. In October of 2005, Hurricane Wilma struck southeastern Florida and damaged three of Copart's locations. A location in the Miami area known as Yard 105 suffered the most damage.

At the time of the hurricane, Copart was insured by a commercial property insurance policy issued by USFIC. Copart made a claim under the USFIC policy for its hurricane losses. Subject to the policy deductible, USFIC paid for the losses at two of the affected yards. However, USFIC denied coverage for damage to the buildings at Yard 105. Copart contested USFIC's position and filed this action.

   b.   *Principal Factual Issues*

      (i)   According to Copart

Copart has had property coverage under policies issued by USFIC beginning with the October 1, 2003-2004 policy period. The policies cover direct physical loss of or damage to premises described in the policy declarations, including buildings thereon. As part of the application process, including the application process for the October 1, 2005 renewal, Copart was required to submit a statement of values chart that listed Copart's property locations. The statement of values chart set forth the Yard number, its physical street address, and estimated values for building and improvements, contents, computer equipment,

business interruption/extra expense, and inventory exposure. It also included a column for "Location Total Value". The statement of values form was not incorporated into nor attached to the policy.

As part of the renewal process for the October 1, 2005-2006 policy period, Copart submitted a statement of values form dated September 14, 2005 that listed Yard 105, identified its address as 11858 Northwest 36 Avenue, Miami, Florida and included an inventory exposure value of $1,297,500 and a location total value of $1,297,500. The columns for building and improvements, contents, computer equipment and business interruption were blank. USFIC is relying on this fact alone to contend that there is no coverage for the buildings on Yard 105 under the Property Policy.

Copart contends that the statement of values form was provided only to form a basis from which USFIC calculated premiums. Copart contends that there is no policy language to support the position that coverage for Yard 105 is excluded or that coverage limits are set forth in the statement of values form that is not a part of the policy; the policy is an "all risk" policy and Copart is entitled to the full replacement cost and other associated damages related to the loss and damage to the buildings on Yard 105. Even if the Property Policy is ambiguous it must be construed in favor of coverage. Copart contends that USFIC's interpretation of the policy is unreasonable and that its claims handling was in bad faith. Copart also contends that USFIC is guilty of oppression, fraud and malice in, among other things, taking a position adverse to its insured with no reasonable basis for doing so.

(ii)  *According to USFIC*

USFIC is unable to agree with Copart's statement of the factual issues because the issues identified by Copart are issues of contract interpretation, which are issues of *law*. Furthermore, Copart misunderstands the legal issues USFIC intends to raise. USFIC believes the legal issues will be completely dispositive; but if they should not, the factual issues most likely to arise would include: (1) the subjective intent of the parties as to what property and other exposures the policy would cover; and (2) whether Copart misrepresented the values of those exposures.

-3-

JOINT CASE MANAGEMENT STATEMENT
Case No. C 07 2684 CW

3. **Legal/Equitable Issues.**

(1) The interpretation of the contract. USFIC contends that buildings at Yard 105 are not "Covered Property" within the meaning of the policy. Copart contends that the buildings are "Covered Property."

(2) USFIC's claim for reformation (if and only if the Court agrees with Copart's interpretation of the contract).

4. **Motions.**

There are no prior or pending motions. USFIC anticipates a motion for summary judgment on all causes of action asserted in the complaint. Copart anticipates a cross-motion for partial summary judgment on the issue of coverage, and potentially, a motion for summary judgment on USFIC's counterclaim.

5. **Amendment of Pleadings.**

The parties do not expect any amendments at this time. The parties propose the following deadline for amending the pleadings: January 15, 2008.

6. **Evidence Preservation.**

   *a.   Copart's Statement.*

Other than Copart's copies of the policies themselves, some application materials, and correspondence between counsel, most of the relevant documents in Copart's possession, custody or control are comprised of emails between Copart and Marsh, and attachments thereto. Copart has diligently been accumulating all emails by and among (a) its personnel who were involved in obtaining insurance coverage, (b) Marsh, and (c) Crum & Forster. However, Copart's emails prior to July 1, 2005 are inaccessible on main corporate servers and not on back up tapes. On July 4, 2005 Copart changed its corporate email server. Most users started fresh on the new system without data migration. The old server only hosted email temporarily until it was retrieved. Sent email was not copied or backed up. Therefore, emails prior to July 2005 would exist only on a Copart employee's local PC. There are three key Copart personnel who were involved in obtaining property insurance -- Simon Rote,

William Franklin and Michael Carson. Therefore, Copart has searched the local PCs of these three individuals and has secured relevant emails, including those pre-July, 2005.

Also, Copart believes that any relevant emails that may have been lost in its server conversion will likely exist in the possession of either Marsh or Crum & Forster.

Copart objects to USFIC's failure to take any specific steps to preserve electronically stored information.

      b.    *USFIC's statement.*

USFIC's underwriters and claims examiners maintain physical underwriting and claim files. By custom and practice, electronically-generated documents (including e-mail) are printed and placed in the files. All of the physical underwriting and claims files pertaining to Copart have been maintained by USFIC. So far as counsel has been able to determine, the physical files contain hard copies of all documents that may be relevant to this action, and to the extent that a few emails between USFIC and an intermediary in the policy placements (Marsh, Inc.) may not have been printed by USFIC, they will likely be found in Marsh's files. Thus, USFIC believes that all pertinent documents electronically created by USFIC can be produced in hard-copy format and that no electronic discovery will be necessary. Accordingly, USFIC has not taken any specific steps to preserve electronically-recorded material. USFIC so informed Copart at two Rule 26(f) conferences and received no objection then, but USFIC will reevaluate its situation in light of the apparent objection stated above.

**7. Disclosures.**

Both parties have served Initial Disclosures disclosing the matters set forth in FRCP 26a(1)(A-D).

**8. Discovery.**

      a.    *To date.*

Informally, each side has provided some documents to the other. USFIC has propounded formal requests for production of some additional documents. USFIC has also propounded a first set of interrogatories. Copart will shortly propound a request for production of documents.

b.   *Scope of anticipated discovery.*

Generally, discovery is anticipated regarding the parties' intentions as to the terms of the insurance contract, the extent and valuation of the alleged losses at Yard 105, USFIC's investigation of and reasons for denying the claim for those losses, and the completeness and accuracy of Copart's representations as to the insurable values at all of its locations.

c.   *Proposed limitations or modifications of the discovery rules.*

Several current or former employees of Marsh, Inc. have knowledge relevant to both parties' claims and defenses. The parties disagree to some extent on the nature of the role played by Marsh in the placement of the policies; thus, it is difficult to determine with which party Marsh should be considered affiliated. The parties will agree to allocate Marsh witnesses so that each party will be within the "ten deposition per side" rule.

The parties will agree to a form of protective order to govern documents that have been or may be produced.

In the event that either party should seek to depose the other party's inhouse counsel, each side reserves the right to seek a protective order prohibiting or limiting the deposition.

d.   *Proposed discovery plan.*

Having stipulated to participate in a private mediation within 90 days of the Case Management Conference, the parties agree that discovery during that period will be limited to requests for production of documents, interrogatories, and records subpoenas to non-parties. In the event that the case does not resolve through ADR, then the parties will proceed with any other discovery permitted by rule.

9. **Class Actions.**

Not applicable.

10. **Related Cases.**

None.

/ / /

/ / /

/ / /

-6-

JOINT CASE MANAGEMENT STATEMENT
Case No. C 07 2684 CW

**11. Relief.**

    a.    *Sought by Copart.*

Copart's *preliminary* estimate of damages, subject to change, is as follows:

| | |
|---|---:|
| Cost to repair damaged smaller building on Yard 105: | $ 43,110.27 |
| Cost associated with demolition of condemned larger building: | $119,925.59 |
| Cost of temporary operating facility: | $120,711.31 |
| Cost to replace condemned and destroyed larger building: | $1,307,500.00 |
| Total: | $1,591,247.17 |

Copart also seeks prejudgment interest, its attorneys fees and costs incurred in obtaining wrongfully withheld coverage, and punitive damages.

    b.    *Sought by USFIC.*

In the event that coverage is found under the policy as written, and in the event that reformation is denied, USFIC will seek damages for Copart's misrepresentation of its total insurable values ("TIV"). The damages will be the additional premiums that USFIC would have charged and received (plus interest) had the TIV been accurately represented. Presently, USFIC is unaware of the full extent of Copart's misrepresentations. Thus, USFIC is not yet able to calculate its damages. The calculation will be based on documents USFIC has requested from Copart concerning Copart's true TIVs at the times the premiums for the policies were determined.

**12. Settlement and ADR.**

The parties have stipulated to private mediation to be conducted within 90 days.

**13. Consent to Magistrate Judge For All Purposes.**

The parties will not consent to a magistrate judge for all purposes.

**14. Other References.**

Not applicable.

**15. Narrowing of Issues.**

The issues in the case may be narrowed or even completely disposed of by the anticipated cross-motions for summary judgment. In the event that trial is necessary, and if at

the time of trial any legal or equitable issues remain, USFIC will move to "phase" the trial so that issues triable to the Court will be tried first, followed (if necessary) by issues triable to the jury. Copart will evaluate any such motion for opposition or non-opposition.

### 16. Expedited Schedule.

This case is not appropriate for handling on an expedited basis.

### 17. Scheduling.

The parties propose the following dates:

| | |
|---|---|
| Fact Discovery Cut Off: | April 29, 2008 |
| Designation of Experts and Exchange of Reports: | May 30, 2008 |
| Designation of Rebuttal Experts | June 30, 2008 |
| Expert Discovery Cut Off: | July 30, 2008 |
| Last Date For Hearing on Dispositive Motions: | July 30, 2008 |
| Pretrial Conference: | September 2008 |
| Trial: | October 2008 |

### 18. Trial.

Copart has demanded a jury trial and expects the trial to last for two weeks.

### 19. Disclosure of Non-party Interested Entities or Persons.

USFIC filed a "Certification of Interested Entities or Persons" with its Notice of Removal. Said certification advised:

> United States Fire Insurance Company (Delaware) and Crum & Forster Indemnity Company (Delaware) are wholly owned by Crum & Forster Holding Inc. (Delaware), which is wholly owned by Crum & Forster Holdings Corp. (Delaware), which is wholly owned by Fairfax Inc. (Wyoming). 48.10% of Fairfax Inc. is owned by FFHL Group Ltd. (Canada) and 51.90% is owned by FFHL S.a.r.l. (Luxembourg). FFHL S.a.r.l. is wholly owned by FFHL Group Ltd. FFHL Group Ltd. is wholly owned by Fairfax Financial Holdings Limited (Canada). Fairfax Financial Holdings Limited (Canada) is the only publicly traded company.

///
///

Copart filed a "Certification of Interested Entities or Persons" that stated, "Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report."

Dated: August 28, 2007    PILLSBURY & LEVINSON, LLP

By:    /s/ Vedica Puri
Philip L. Pillsbury, Jr.
Vedica Puri
Eric K. Larson
Attorneys for Plaintiff and Counterdefendant
COPART INC.

Dated: August 28, 2007    BULLIVANT HOUSE BAILEY PC

By:    /s/ Samuel H. Ruby
Samuel H. Ruby
Attorneys for Defendant and Counterclaimant
UNITED STATES FIRE INSURANCE COMPANY