1  Jess B. Millikan (CSB#095540)
   Samuel H. Ruby (CSB#191091)
2  BULLIVANT HOUSER BAILEY PC
   601 California Street, Suite 1800
3  San Francisco, California 94108
   Telephone: 415.352.2700
4  Facsimile: 415.352.2701
   jess.millikan@bullivant.com
5  samuel.ruby@bullivant.com

6  *Attorneys for Defendant*
   United States Fire Insurance Company
7

8

9                UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11                    OAKLAND DIVISION

12

13  COPART INC.,                          Case No.: C 07 02684 CW

14              Plaintiff,                 **DECLARATION OF SAMUEL H. RUBY
                                           IN SUPPORT OF U.S.FIRE'S MOTION
14      vs.                                TO COMPEL FURTHER RESPONSES
                                           TO DOCUMENT REQUESTS TO
15                                         COPART**

16  CRUM & FORSTER INDEMNITY
    COMPANY,[1] UNITED STATES FIRE         Date:      TO BE SET
17  INSURANCE COMPANY, and DOES 1-10,      Time:
                                           Courtroom:
18              Defendants.

19  AND RELATED COUNTERCLAIMS.

20

21

22

23

24

25

26

27

28  _____
    [1] Dismissed by Order Upon Stipulation (6/15/07).

    6089450.1                          – 1 –
    _____
    RUBY DECL. IN SUPPORT OF MOTION TO COMPEL

1        I, Samuel H. Ruby, declare under penalty of perjury under the laws of the State of

2    California and of the United States that the following matters are true and correct of my own

3    personal knowledge:

4    1.    I am a shareholder at Bullivant Houser Bailey PC, attorneys of record for defendant U.S.

5    Fire Insurance Company in the above-entitled action.

6    2.    I caused to be served on plaintiff Copart Inc. a set of documents requests, a true and

7    correct copy of which is attached hereto as Exhibit A.

8    3.    I received plaintiff's responses to U.S. Fire's document requests. A true and correct

9    copy of said responses is attached hereto as Exhibit B.

10    4.    On October 17, 2007, I spoke via telephone with Rick Larson, counsel for Copart, and

11    attempted in good faith to resolve the disputes identified in the Statement of Discovery

12    Responses in Dispute filed herewith. Mr. Larson did not agree to amend or supplement

13    Copart's responses nor to produce any additional documents.

14    5.    On October 18, 2007, I emailed Mr. Larson a list of questions about Copart's privilege

15    log. A copy of my email is attached hereto as Exhibit C.

16    6.    As of this writing, I have not received any amended or supplemental responses to U.S.

17    Fire's document requests, nor have I received any additional documents.  Nor have I received

18    any answers to my questions about the privilege log.

19

20        I declare under penalty of perjury that the foregoing is true and correct.

21        Executed on the 28th day of November, 2007 at San Francisco, California.

22

23

24                                      */s/ Samuel H. Ruby*    .

25                              Samuel H. Ruby

26

27

28

# EXHIBIT A

Jess B. Millikan (CSB#095540)
Samuel H. Ruby (CSB#191091)
BULLIVANT HOUSER BAILEY PC
601 California Street, Suite 1800
San Francisco, California 94108
Telephone: 415.352.2700
Facsimile: 415.352.2701
jess.millikan@bullivant.com
samuel.ruby@bullivant.com

*Attorneys for Defendant*
United States Fire Insurance Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| COPART INC., | Case No.: C 07 02684 CW |
| Plaintiff, | **US FIRE'S FIRST SET OF DOCUMENT REQUESTS TO COPART** |
| vs. | |
| CRUM & FORSTER INDEMNITY COMPANY,[1] UNITED STATES FIRE INSURANCE COMPANY, and DOES 1-10, | |
| Defendants. | |
| AND RELATED COUNTERCLAIMS. | |

---

[1] Dismissed by Order Upon Stipulation (6/15/07).

– 1 –

1      Pursuant to FRCP 34, United States Fire Insurance Company ("USFIC") requests that

2  Copart, Inc. ("Copart" or "you") produce the following documents for inspection and copying at

3  the offices of USFIC's counsel on or before 10:00 a.m. on September 11, 2007:

4      1.     All documents identified in your initial disclosures.

5      2.     All documents which you contend constitute U.S. Fire Policy No. 2441854323

6  (if you deny that the documents produced to you as POL 1-88 constitute a true and correct copy

7  of the policy).

8      3.     All documents which you contend constitute U.S. Fire Policy No. 2441873745

9  (if you deny that the documents produced to you as POL 89-217 constitute a true and correct

10  copy of the policy).

11      4.     All documents which you contend constitute U.S. Fire Policy No. 2441086561

12  (if you deny that the documents produced to you as POL 218-299 constitute a true and correct

13  copy of the policy).

14      5.     All documents which you contend constitute U.S. Fire Policy No. 2441895921

15  (if you deny that the documents produced to you as POL 300-391 constitutes a true and correct

16  copy of the policy).

17      6.     All documents constituting, memorializing, or referring to communications

18  between you and Marsh concerning the solicitation, negotiation, issuance, amendment, or

19  renewal of any of the policies issued to you by USFIC.

20      7.     All schedules of locations, statements of values, or similar documents prepared

21  by you since July 1, 2003 for your insurance purposes.

22      8.     All schedules of locations, statements of values, or similar documents prepared

23  by Marsh since July 1, 2003 for your insurance purposes.

24      9.     All documents reflecting or relating to decisions to list or not to list any locations

25  in any schedule of locations, statement of values or similar documents prepared by you or

26  Marsh for your insurance purposes.

27

28

10.    All documents reflecting or relating to decisions as to what values should or would be stated in any schedule of locations, statement of values or similar documents prepared by you or Marsh for your insurance purposes.

11.    All documents reflecting or relating to any decisions by you to request or not request that USFIC add coverage under any policy for a location not previously reported.

12.    All documents reflecting or relating to any decisions by you to request or not request that USFIC delete coverage under any policy for any location.

13.    All documents reflecting or relating to any decisions by you to report or not report a change in values from the values previously reported for a location.

14.    All documents reflecting or relating to your acquisition of Yard 105.

15.    All documents reflecting or relating to the construction of any buildings at Yard 105 after you acquired the yard.

16.    All internal or external communications with anyone (other than attorney-client communications) concerning the damage or other losses at Yard 105 that are the subject of this litigation.

17.    All internal or external communications with anyone (other than attorney-client communications) concerning your insurance claim for damage or other losses at Yard 105.

18.    All lists of schedules of real property assets prepared or maintained by you (or on your behalf) for accounting or tax purposes since July 1, 2003.

19.    All documents indicating or reflecting the replacement cost values of buildings owned by you at any time since July 1, 2003.

20.    All documents indicating or reflecting the replacement cost values of personal property (excluding computer equipment) at buildings owned by you at any time since July 1, 2003.

21.    All documents indicating or reflecting the replacement cost values of computer equipment at buildings owned by you at any time since July 1, 2003.

US FIRE'S DOCUMENT REQUESTS (SET ONE)

22.    For each building owned by you at any time since July 1, 2003, all documents indicating or reflecting what would be your loss of business income in the event of damage to the building.

23.    For each building owned by you at any time since July 1, 2003, all documents indicating or reflecting what would be your extra expenses in the event of damage to the building.

DATED: August 7, 2007

BULLIVANT HOUSER BAILEY PC

By _____
Samuel H. Ruby

Attorneys for Defendant United States Fire Insurance Company

6084321.1

— 4 —

1

## PROOF OF SERVICE

2

*Copart Inc. v. Crum & Forster Indemnity Company, et al.*

3

*USDC, Northern District of California, Case No. C 07 2684*

4          I am employed in the City and County of San Francisco by the law firm of Bullivant
Houser Bailey ("the business"), 601 California Street, Suite 1800, San Francisco, CA 94108. I

5    am over the age of 18 and not a party to this action. On August 9, 2007, I served the
document(s) entitled:

6

7

## US FIRE'S FIRST SET OF DOCUMENT REQUEST TO COPART

8    upon the following party(ies):

| | |
|---|---|
| 9  Philip L. Pillsbury | |
| Vedica Puri | |
| 10  PILLSBURY & LEVINSON, LLP | |
| 600 Montgomery St., 31st Flr. | |
| 11  San Francisco, CA  94111 | |
| 12  Tel: (415) 433-8000 | |
| Fax: (415) 433-4816 | |
| 13  Attorneys for Plaintiff | |
| COPART INC. | |

14

15  (X)    BY MAIL (CCP § 1013(a)): I am readily familiar with the ordinary practice of the
business with respect to the collection and processing of correspondence for mailing
16     with the United States Postal Service. I placed a true and correct copy(ies) of the above-
titled document(s) in an envelope(s) addressed as above, with first class postage thereon
17     fully prepaid. I sealed the aforesaid envelope(s) and placed it(them) for collection and
mailing by the United States Postal Service in accordance with the ordinary practice of
18     the business. Correspondence so placed is ordinarily deposited by the business with the
United States Postal Service on the same day.

19  ( )    BY FACSIMILE TRANSMISSION (CCP § 1013(e), CRC 2008(e)): I transmitted the
20     document(s) by facsimile transmission by placing it(them) in a facsimile machine
(telephone number 415-352-2701) and transmitting it(them) to the facsimile machine
21     telephone number(s) listed above. A transmission report was properly issued by the
transmitting facsimile machine. Each transmission was reported as complete and
22     without error. A true and correct copy of the transmission report is attached hereto.

23  ( )    BY OVERNIGHT DELIVERY (CCP § 1013(c)): I am readily familiar with the
ordinary practice of the business with respect to the collection and processing of
24     correspondence for mailing by Express Mail and other carriers providing for overnight
delivery. I placed a true and correct copy(ies) of the above-titled document(s) in an
25     envelope(s) addressed as above, with first class postage thereon fully prepaid. I sealed
the aforesaid envelope(s) and placed it(them) for collection and mailing by Express Mail
26     or other carrier for overnight delivery in accordance with the ordinary practice of the
business. Correspondence so placed is ordinarily deposited by the business with Express
27     Mail or other carrier on the same day.

28  ( )    BY PERSONAL SERVICE UPON AN ATTORNEY (CCP § 1011(a)): I placed a true
and correct copy(ies) of the above-titled document(s) in a sealed envelope(s) addressed
as indicated above. I delivered each of said envelope(s) by hand to a receptionist or a

6080740.1

— 1 —

1    person authorized to accept same at the address on the envelope, or, if no person was
     present, by leaving the envelope in a conspicuous place in the office between the hours
2    of nine in the morning and five in the afternoon.

3    ( )    BY HAND  Pursuant to Code of Civil Procedure § 1011, I directed each envelope to the
            party(ies) so designated on the service list to be delivered by courier this date.  A proof
4           of service by hand executed by the courier shall be filed/lodged with the court under
            separate cover.

5
     ( )    BY PERSONAL SERVICE UPON A PARTY  (CCP § 1011(b)):  I placed a true and
6           correct copy(ies) of the above-titled document(s) in a sealed envelope(s) addressed as
            indicated above.  I delivered each of said envelope(s) by hand to a person of not less
7           than 18 years of age at the address listed on the envelope, between the hours of eight in
            the morning and six in the evening.

8
            I declare under penalty of perjury that the foregoing is true and correct.  Executed on
9    August 9, 2007, at San Francisco, California.

10

11                                                    _____
                                                              Wai Ling Wong
12

13                                        *****

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6080740.1

– 2 –

PROOF OF SERVICE

# EXHIBIT B

1  Philip L. Pillsbury, Jr. (SBN 72261)
   Vedica Puri (SBN 176252)
2  Eric K. Larson (SBN 142791)
   PILLSBURY & LEVINSON, LLP
3  The Transamerica Pyramid
   600 Montgomery Street, 31st Floor
4  San Francisco, CA 94111
   Telephone:  (415) 433-8000
5  Facsimile:  (415) 433-4816
   ppillsbury@pillsburylevinson.com
6  vpuri@pillsburylevinson.com
7
8  Attorneys for Plaintiff
   COPART INC.
9
10                  UNITED STATES DISTRICT COURT
11                 NORTHERN DISTRICT OF CALIFORNIA
12                        OAKLAND DIVISION
13  COPART INC.,                    )  Case No.  C 07 2684 CW
                                    )
14          Plaintiff,              )
                                    )  **COPART'S RESPONSE TO U.S.**
15     vs.                          )  **FIRE'S FIRST SET OF DOCUMENT**
                                    )  **REQUESTS**
16  CRUM & FORSTER INDEMNITY        )
    COMPANY, UNITED STATES FIRE     )
17  INSURANCE COMPANY, and DOES 1-10,)
    Inclusive,                      )
18                                  )
19          Defendants.             )
                                    )
20  UNITED STATES FIRE INSURANCE    )
    COMPANY,                        )
21                                  )
                                    )
22          Counterclaimant,        )
                                    )
23     vs.                          )
                                    )
24                                  )
                                    )
25  COPART, INC.,                   )
                                    )
26          Counterdefendant.       )
                                    )
27                                  )
                                    )
28

COPART'S RESPONSE TO DOCUMENT REQUESTS (1ST Set)
Case No. C 07 2684 CW

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor · San Francisco, CA 94111

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor · San Francisco, CA 94111

1

## Preliminary Statement and Objections

2    Other than Copart's copies of the policies themselves, some application

3 materials, and correspondence between counsel, most of the relevant documents in Copart's

4 possession, custody or control are comprised of emails between Copart and Marsh, and

5 attachments thereto. Copart has diligently been accumulating all emails by and among (a) its

6 personnel who were involved in obtaining insurance coverage, (b) Marsh, and (c) Crum &

7 Forster. However, Copart's emails prior to July 1, 2005 are inaccessible on main corporate

8 servers and not on back up tapes. On July 4, 2005 Copart changed its corporate email server.

9 Most users started fresh on the new system without data migration. The old server only

10 hosted email temporarily until it was retrieved. Sent email was not copied or backed up.

11 Therefore, emails prior to July 2005 would exist only on a Copart employee's local PC.

12 There are three key Copart personnel who were involved in obtaining property insurance --

13 Simon Rote, William Franklin and Michael Carson. Therefore, Copart has searched the local

14 PCs of these three individuals and has secured relevant emails, including those pre-July,

15 2005.

16    Also, Copart believes that any relevant emails that may have been lost in its server

17 conversion will likely exist in the possession of either Marsh or Crum & Forster.

18    Copart objects to the production of any documents protected by the attorney-client

19 privilege or attorney work-product doctrine.

20    ### DOCUMENTS TO BE PRODUCED

21    ## DOCUMENT REQUEST NO. 1:

22    All documents identified in your initial disclosures.

23    ## RESPONSE TO DOCUMENT REQUEST NO. 1:

24    Copart will produce documents responsive to this request.

25    ## DOCUMENT REQUEST NO. 2:

26    All documents which you contend constitute U.S. Fire Policy No. 2441854323 (if you

27 deny that the documents produced to you as POL 1-88 constitute a true and correct copy of the

28 policy).

-2-

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor · San Francisco, CA 94111

1 **RESPONSE TO DOCUMENT REQUEST NO. 2:**

2    Copart will produce documents responsive to this request.

3 **DOCUMENT REQUEST NO. 3:**

4    All documents which you contend constitute U.S. Fire Policy No. 2441873745 (if you

5 deny that the documents produced to you as POL 89-217 constitute a true and correct copy of

6 the policy).

7 **RESPONSE TO DOCUMENT REQUEST NO. 3:**

8    Copart will produce documents responsive to this request.

9 **DOCUMENT REQUEST NO. 4:**

10    All documents which you contend constitute U.S. Fire Policy No. 2441086561 (if you

11 deny that the documents produced to you as POL 218-299 constitute a true and correct copy of

12 the policy).

13 **RESPONSE TO DOCUMENT REQUEST NO. 4:**

14    Copart will produce documents responsive to this request.

15 **DOCUMENT REQUEST NO. 5:**

16    All documents which you contend constitute U.S. Fire Policy No. 2441895921 (if you

17 deny that the documents produced to you as POL 300-391 constitutes a true and correct copy

18 of the policy).

19 **RESPONSE TO DOCUMENT REQUEST NO. 5:**

20    Copart will produce documents responsive to this request.

21 **DOCUMENT REQUEST NO. 6:**

22    All documents constituting, memorializing, or referring to communications between you

23 and Marsh concerning the solicitation, negotiation, issuance, amendment, or renewal of any of

24 the policies issued to you by USFIC.

25 **RESPONSE TO DOCUMENT REQUEST NO. 6:**

26    Copart will produce documents responsive to this request.

27 / / /

28 / / /

-3-

1    **DOCUMENT REQUEST NO. 7:**

2         All schedules of locations, statements of values, or similar documents prepared by you

3    since July 1, 2003 for your insurance purposes.

4    **RESPONSE TO DOCUMENT REQUEST NO. 7:**

5         Copart objects to this request in that it is vague, ambiguous, overbroad, unduly

6    burdensome and seeks documents neither relevant to this action nor reasonably calculated to

7    lead to the discovery of admissible evidence. Without waiving and subject to this objection,

8    Copart will produce documents related to its property policies issued by USFIC.

9    **DOCUMENT REQUEST NO. 8:**

10        All schedules of locations, statements of values, or similar documents prepared by

11   Marsh since July 1, 2003 for your insurance purposes.

12   **RESPONSE TO DOCUMENT REQUEST NO. 8:**

13        Copart objects to this request in that it is vague, ambiguous, overbroad, unduly

14   burdensome and seeks documents neither relevant to this action nor reasonably calculated to

15   lead to the discovery of admissible evidence. Without waiving and subject to this objection,

16   Copart will produce documents related to its property policies issued by USFIC.

17   **DOCUMENT REQUEST NO. 9:**

18        All documents reflecting or relating to decisions to list or not to list any locations in

19   any schedule of locations, statement of values or similar documents prepared by you or

20   Marsh for your insurance purposes.

21   **RESPONSE TO DOCUMENT REQUEST NO. 9:**

22        Copart objects to this request in that it is vague, ambiguous, overbroad, unduly

23   burdensome and seeks documents neither relevant to this action nor reasonably calculated to

24   lead to the discovery of admissible evidence. Without waiving and subject to this objection,

25   Copart will produce documents related to its property policies issued by USFIC.

26   / / /

27   / / /

28   / / /

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor · San Francisco, CA 94111

COPART'S RESPONSE TO DOCUMENT REQUESTS (1ST Set)
Case No. C 07 2684 CW

1   **DOCUMENT REQUEST NO. 10:**

2         All documents reflecting or relating to decisions as to what values should or would be

3   stated in any schedule of locations, statement of values or similar documents prepared by you or

4   Marsh for your insurance purposes.

5   **RESPONSE TO DOCUMENT REQUEST NO. 10:**

6         Copart objects to this request in that it is vague, ambiguous, overbroad, unduly

7   burdensome and seeks documents neither relevant to this action nor reasonably calculated to

8   lead to the discovery of admissible evidence.  Without waiving and subject to this objection,

9   Copart will produce documents related to its property policies issued by USFIC.

10  **DOCUMENT REQUEST NO. 11:**

11        All documents reflecting or relating to any decisions by you to request or not request that

12  USFIC add coverage under any policy for a location not previously reported.

13  **RESPONSE TO DOCUMENT REQUEST NO. 11:**

14        Copart objects to this request in that it is vague, ambiguous, argumentative and

15  assumes facts not in evidence in its use of the phrase "add coverage" and cannot respond to

16  this request as written.  Without waiving and subject to these objections, Copart will produce

17  documents related to its property policies issued by USFIC.

18  **DOCUMENT REQUEST NO. 12:**

19        All documents reflecting or relating to any decisions by you to request or not request that

20  USFIC delete coverage under any policy for any location.

21  **RESPONSE TO DOCUMENT REQUEST NO. 12:**

22        Copart objects to this request in that it is so vague, ambiguous and argumentative.

23  Without waiving and subject to this objection, Copart will produce documents related to its

24  decision to delete inventory coverage in 2006.

25  **DOCUMENT REQUEST NO. 13:**

26        All documents reflecting or relating to any decisions by you to report or not report a

27  change in values from the values previously reported for a location.

28

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor · San Francisco, CA 94111

COPART'S RESPONSE TO DOCUMENT REQUESTS (1ST Set)
Case No.  C 07 2684 CW

1  **RESPONSE TO DOCUMENT REQUEST NO. 13:**

2      Copart objects to this request in that it is vague, ambiguous, overbroad, unduly

3  burdensome and seeks documents neither relevant to this action nor reasonably calculated to

4  lead to the discovery of admissible evidence. The request is not limited to information given to

5  USFIC or even to insurance generally. Without waiving and subject to these objections, Copart

6  will produce documents related to its property policies issued by USFIC.

7  **DOCUMENT REQUEST NO. 14:**

8      All documents reflecting or relating to your acquisition of Yard 105.

9  **RESPONSE TO DOCUMENT REQUEST NO. 14:**

10     Copart objects that this request is vague, ambiguous, overbroad and unduly

11  burdensome.  Without waiving and subject to this objection, Copart states that it is currently

12  searching for documents evidencing its acquisition of Yard 105 and will produce those

13  documents if they still exist in Copart's possession, custody or control.

14  **DOCUMENT REQUEST NO. 15:**

15     All documents reflecting or relating to the construction of any buildings at Yard 105 after

16  you acquired the yard.

17  **RESPONSE TO DOCUMENT REQUEST NO. 15:**

18     Copart objects that this request is vague, ambiguous, overbroad and unduly

19  burdensome.  Without waiving and subject to this objection, Copart states that it is currently

20  searching for documents evidencing its construction of buildings of Yard 105 and will produce

21  those documents if they still exist in Copart's possession, custody or control.

22  **DOCUMENT REQUEST NO. 16:**

23     All internal or external communications with anyone (other than attorney-client

24  communications) concerning the damage or other losses at Yard 105 that are the subject of this

25  litigation.

26  **RESPONSE TO DOCUMENT REQUEST NO. 16:**

27     Copart will produce documents responsive to this request, and has already produced a

28  number of documents related to its losses suffered at Yard 105 to USFIC .

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor · San Francisco, CA 94111

1    **DOCUMENT REQUEST NO. 17:**

2         All internal or external communications with anyone (other than attorney-client

3    communications) concerning your insurance claim for damage or other losses at Yard 105.

4    **RESPONSE TO DOCUMENT REQUEST NO. 17:**

5         Copart will produce documents responsive to this request.

6    **DOCUMENT REQUEST NO. 18:**

7         All lists of schedules of real property assets prepared or maintained by you (or on your

8    behalf) for accounting or tax purposes since July 1, 2003.

9    **RESPONSE TO DOCUMENT REQUEST NO. 18:**

10        Copart objects to this request in that it is vague, ambiguous, overbroad, unduly

11   burdensome and seeks documents neither relevant to the issues in this action nor reasonably

12   calculated to lead to the discovery of admissible evidence. Without waiving and subject to

13   these objections, Copart will produce Statement of Values forms ("SOVs") prepared for its

14   USFIC property insurance purposes since July 1, 2003.

15   **DOCUMENT REQUEST NO. 19:**

16        All documents indicating or reflecting the replacement cost values of buildings owned

17   by you at any time since July 1, 2003.

18   **RESPONSE TO DOCUMENT REQUEST NO. 19:**

19        Copart objects to this request in that it is vague, ambiguous, overbroad, unduly

20   burdensome and seeks documents neither relevant to the issues in this action nor reasonably

21   calculated to lead to the discovery of admissible evidence. Without waiving and subject to

22   these objections, Copart will produce documents related to its property policies issued by

23   USFIC.

24   **DOCUMENT REQUEST NO. 20:**

25        All documents indicating or reflecting the replacement cost values of personal property

26   (excluding computer equipment) at buildings owned by you at any time since July 1, 2003.

27

28

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor · San Francisco, CA 94111

-7-

1  **RESPONSE TO DOCUMENT REQUEST NO. 20:**

2      Copart objects to this request in that it is vague, ambiguous, overbroad, unduly

3  burdensome and seeks documents neither relevant to the issues in this action nor reasonably

4  calculated to lead to the discovery of admissible evidence.  Without waiving and subject to

5  these objections, Copart will produce documents related to its property policies issued by

6  USFIC.

7  **DOCUMENT REQUEST NO. 21:**

8      All documents indicating or reflecting the replacement cost values of computer

9  equipment at buildings owned by you at any time since July 1, 2003.

10  **RESPONSE TO DOCUMENT REQUEST NO. 21:**

11      Copart objects to this request in that it is vague, ambiguous, overbroad, unduly

12  burdensome and seeks documents neither relevant to the issues in this action nor reasonably

13  calculated to lead to the discovery of admissible evidence.  Without waiving and subject to

14  these objections, Copart will produce documents related to its property policies issued by

15  USFIC.

16  **DOCUMENT REQUEST NO. 22:**

17      For each building owned by you at any time since July 1, 2003, all documents indicating

18  or reflecting what would be your loss of business income in the event of damage to the

19  building.

20  **RESPONSE TO DOCUMENT REQUEST NO. 22:**

21      Copart objects to this request in that it is vague, ambiguous, overbroad, unduly

22  burdensome and seeks documents neither relevant to the issues in this action nor reasonably

23  calculated to lead to the discovery of admissible evidence.  Without waiving and subject to

24  these objections, Copart will produce documents related to its property policies issued by

25  USFIC.

26  **DOCUMENT REQUEST NO. 23:**

27      For each building owned by you at any time since July 1, 2003, all documents indicating

28  or reflecting what would be your extra expenses in the event of damage to the building.

COPART'S RESPONSE TO DOCUMENT REQUESTS (1ST Set)
Case No.  C 07 2684 CW

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor · San Francisco, CA 94111

1    **RESPONSE TO DOCUMENT REQUEST NO. 23:**

2        Copart objects to this request in that it is vague, ambiguous, overbroad, unduly

3    burdensome and seeks documents neither relevant to the issues in this action nor reasonably

4    calculated to lead to the discovery of admissible evidence.  Without waiving and subject to

5    these objections, Copart will produce documents related to its property policies issued by

6    USFIC.

7

8    Dated: September 14, 2007                  PILLSBURY & LEVINSON, LLP

9

10                                  By: _____

11                                      Vedica Puri

                                   Eric K. Larson

12                                      Attorneys for Plaintiff and Counterdefendant
                                   COPART INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor · San Francisco, CA 94111

-9-

**PROOF OF SERVICE**

I, the undersigned, declare that I am a citizen of the United States; my business address is The Transamerica Pyramid, 600 Montgomery Street, 31st Floor, San Francisco, California 94111; I am employed in the City and County of San Francisco; I am over the age of eighteen (18) years and not a party to the within action.

On September 14, 2007, I served the foregoing document(s) described as

(1)    COPART'S RESPONSE TO U.S. FIRE'S FIRST SET OF DOCUMENT REQUESTS

on the interested party(ies) in this action by placing ☐ the original ☒ a true copy thereof enclosed in a sealed envelope addressed as follows:

Jess B. Milikan
Samuel H. Ruby
BULLLIVANT HOUSER BAILEY PC
601 California Street, Suite 1800
San Francisco, CA 94108
Tel. 415-352-2700
Fax 415-352-2701

☒    BY MAIL: I caused such envelope(s), fully prepaid, to be placed in the United States mail at San Francisco, California. I am "readily familiar" with this firm's practice for collection and processing of correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service the same day, with postage thereon fully prepaid, at San Francisco, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date on postage meter date is more than one day after date of deposit for mailing in affidavit.

☐    BY FACSIMILE: In addition to service by mail, on this date I transmitted a copy of the foregoing document(s) to the facsimile number(s) shown above.

☐    BY OVERNIGHT COURIER: I caused such envelope(s) to be placed for collection and delivery on this date with standard FEDERAL EXPRESS delivery procedures.

☐    BY PERSONAL SERVICE: I caused such envelope(s) to be delivered by WORLDWIDE NETWORK, a local San Francisco messenger service, by hand on the same day, addressed to the interested party(ies) at the address(es) set forth above.

☒    STATE: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 14, 2007 at San Francisco, California.

_Sandra Bush_
Sandra Bush

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor · San Francisco, CA 94111

PROOF OF SERVICE

# EXHIBIT C

**Ruby, Samuel**

| | |
|---|---|
| **From:** | Ruby, Samuel |
| **Sent:** | Thursday, October 18, 2007 10:50 AM |
| **To:** | 'Rick Larson' |
| **Cc:** | 'Vedica Puri' |
| **Subject:** | Copart's Privilege Log |

Rick,

9/14/05 email from Patrice McIntyre (Marsh) to Heather Luck (Copart) - why privileged?  Neither author nor recipient is an attorney, and McIntyre is not even a Copart employee.  Also, is the date correct?  The hurricane was a month later.

7/24/05 email - I understand Greg Adler is an attorney, but same question with respect to the date.

7/31/07 email from Mike Carson to Will Franklin/Simon Rote - why privileged?

1/22/07 email from Simon Rote to Will Franklin and Jim Meeks - why privileged?

12/27/05 email from Jay Adair to Will Franklin et al. - was that from Anthony Jay Adair, Esq., SB#246811?

11/28/06 email from Heather Luck to Patrice McIntyre - same questions as with 9/14/05 email.

This will also confirm that US Fire has requested supplemental responses and production in response to Demands 7-8 and 18-23, and supplemental production in response to demands 14-15.  Please advise of Copart's position as soon as possible.

**Samuel H. Ruby**

**Bullivant|Houser|Bailey** PC
601 California St., Ste. 1800
San Francisco, CA  94108-2823
mailto:samuel.ruby@bullivant.com
direct dial: 415.352.2723 - fax: 415.352.2701
http://www.-bullivant.com
Seattle . Vancouver . Portland . Sacramento . **San Francisco** . Las Vegas
