1  Jess B. Millikan, SBN 095540
   Samuel H. Ruby, SBN 191091
2  BULLIVANT HOUSER BAILEY PC
   601 California Street, Suite 1800
3  San Francisco, California 94108
   Telephone: 415.352.2700
4  Facsimile: 415.352.2701
   jess.millikan@bullivant.com
5  samuel.ruby@bullivant.com

6  Attorneys for Defendant
   United States Fire Insurance Company
7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10                  OAKLAND DIVISION

11

12 | COPART INC.,                              | Case No.: C 07 02684 CW
13 |                    Plaintiff,             | **STATEMENT OF DISCOVERY
   |                                           | REQUESTS AND RESPONSES IN
14 |         vs.                               | DISPUTE IN SUPPORT OF U.S. FIRE'S
   |                                           | MOTION TO COMPEL FURTHER
15 | CRUM & FORSTER INDEMNITY                   | RESPONSES AND FURTHER
   | COMPANY,[1] UNITED STATES FIRE            | PRODUCTION OF DOCUMENTS**
16 | INSURANCE COMPANY, and DOES 1-10,         |
17 |                    Defendants.            | Date:      TO BE SET
   |                                           | Time:
18 |                                           | Courtroom:
   | AND RELATED COUNTERCLAIMS.                 |
19 |

20

21

22

23

24

25

26

27

28
   _____

   [1] Dismissed by Order Upon Stipulation (6/15/07).

   6089425.1                      – 1 –

1    Pursuant to Civil L.R. No. 37-2, U.S. Fire submits the following statement of discovery

2    requests and responses in dispute in support of its motion to compel further responses to its first

3    set of document requests to Copart.

## DOCUMENTS REQUESTS

**DOCUMENT REQUEST NO. 7**:

6    7.    All schedules of locations, statements of values, or similar documents prepared

7    by you since July 1, 2003 for your insurance purposes.

### RESPONSE TO DOCUMENT REQUEST NO. 7:

9    Copart objects to this request in that it is vague, ambiguous, overbroad, unduly

10   burdensome and seeks documents neither relevant to this action nor reasonably calculated to

11   lead to the discovery of admissible evidence.  Without waiving and subject to this objection,

12   Copart will produce documents related to its property policies issued by USFIC.

### BASIS FOR COMPELLING FURTHER RESPONSE TO REQUEST NO. 7:

14   Copart's objections lack merit.  As evidenced by its willingness to produce "documents

15   related to its property policies issued by USFIC," Copart understands the terms "schedule of

16   locations" and "statements of values," which describe documents that Copart frequently

17   submitted to its insurers.  Copart offers no explanation as to why the request is "unduly

18   burdensome."  Without such justification, the objection is without merit.  Obiajulu v. City of

19   Rochester, 166 F.R.D. 293, 295 (W.D. N.Y. 1996).

20   Copart's relevancy objection also lacks merit.  Information relevant to a party's claims

21   or defenses is discoverable.  Fed. R. Civ. P. 26(b)(1); Sanyo Laser Products, Inc. v. Arista

22   Records, Inc., 214 F.R.D. 496 (S.D. Ind. 2003).  Even if not directly relevant to U.S. Fire's

23   claims and defenses, such information is relevant to the subject matter of this lawsuit and is

24   therefore discoverable on a showing of good cause. Fed. R. Civ. P. 26 (b)(1); Sanyo Laser

25   Products, Inc. v. Arista Records, Inc., 214 F.R.D. 496 (S.D. Ind. 2003).  Moreover, the

26   information is discoverable if it appears reasonably calculated to lead to the discovery of

27   admissible evidence. Fed. R. Civ. P. 26(b)(1); Vardon Golf Co., Inc. v. BBMG Golf Ltd., 156

28   F.R.D. 641 (N.D. Ill. 1994).

Request No. 7 is relevant—and not only with respect to documents submitted to U.S. Fire. Schedules of locations, statements of values, and similar documents prepared by Copart for other insurers could be relevant or lead to the discovery of admissible evidence, as they might show that the information provided to U.S. Fire was inaccurate. That fact would support U.S. Fire's claim for negligent misrepresentation. Documents prepared for other insurers might also show that the damages Copart is claiming in this lawsuit are inconsistent with the values Copart reported to other parties, prior to this litigation, in the ordinary course of business.[2]

**DOCUMENT REQUEST NO. 8:**

8.    All schedules of locations, statements of values, or similar documents prepared by Marsh since July 1, 2003 for your insurance purposes.

**RESPONSE TO DOCUMENT REQUEST NO. 8:**

Copart objects to this request in that it is vague, ambiguous, overbroad, unduly burdensome and seeks documents neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving and subject to this objection, Copart will produce documents related to it property policies issued by USFIC.

**BASIS FOR COMPELLING FURTHER RESPONSE TO REQUEST NO. 8:**

Copart's objections lack merit. As evidenced by its willingness to produce "documents related to its property policies issued by USFIC," Copart understands the terms "schedule of locations" and "statements of values," which describe documents that Copart frequently submitted to its insurers. Copart offers no explanation as to why the request is "unduly burdensome." Without such justification, the objection is without merit. Obiajulu v. City of Rochester, 166 F.R.D. 293, 295 (W.D. N.Y. 1996).

---

[2] While U.S. Fire has been preparing this motion, Copart's counsel has asserted that Copart did not prepare any other schedules of locations or statements of values. However, counsel did not offer to amend Copart's responses to confirm this assertion, and U.S. Fire has not received amended responses. As of this writing, Copart's formal response to the document request continues to consist of objections.

STATEMENT OF DISCOVERY REQUESTS AND RESPONSES

1    Copart's relevancy objection also lacks merit.  Information relevant to a party's claims

2  or defenses is discoverable.  Fed. R. Civ. P. 26(b)(1); Sanyo Laser Products, Inc. v. Arista

3  Records, Inc., 214 F.R.D. 496 (S.D. Ind. 2003).  Even if not directly relevant to U.S. Fire's

4  claims and defenses, such information is relevant to the subject matter of this lawsuit and is

5  therefore discoverable on a showing of good cause.  Fed. R. Civ. P. 26 (b)(1); Sanyo Laser

6  Products, Inc. v. Arista Records, Inc., 214 F.R.D. 496 (S.D. Ind. 2003).  Moreover, the

7  information is discoverable if it appears reasonably calculated to lead to the discovery of

8  admissible evidence. Fed. R. Civ. P. 26(b)(1); Vardon Golf Co., Inc. v. BBMG Golf Ltd., 156

9  F.R.D. 641 (N.D. Ill. 1994).

10    Request No. 8 is relevant—and not only with respect to documents submitted to U.S.

11  Fire.  Schedules of locations, statements of values, and similar documents prepared by Marsh

12  for other insurers could be relevant or lead to the discovery of admissible evidence, as they

13  might show that the information provided to U.S. Fire was inaccurate.  That fact would support

14  U.S. Fire's claim for negligent misrepresentation.  Documents prepared for other insurers might

15  also show that the damages Copart is claiming in this lawsuit are inconsistent with the values

16  Marsh (on behalf of Copart) reported to other parties, prior to this litigation, in the ordinary

17  course of business.[3]

18    **DOCUMENT REQUEST NO. 15**:

19    15.    All documents reflecting or relating to the construction of any buildings at Yard

20  105 after you acquired the yard.

21    **RESPONSE TO DOCUMENT REQUEST NO. 15:**

22    Copart objects that this request is vague, ambiguous, overbroad and unduly burdensome.

23  Without waiving and subject to this objection, Copart states that it is currently searching for

24

25

26  [3] While U.S. Fire has been preparing this motion, Copart's counsel has asserted that Marsh did
27  not prepare any other schedules of locations or statements of values.  However, counsel did not
    offer to amend Copart's responses to confirm this assertion, and U.S. Fire has not received
28  amended responses.  As of this writing, Copart's formal response to the document request
    continues to consist of objections.

1  documents evidencing its construction of building of Yard 105 and will produce those

2  documents if they still exist in Copart's possession, custody or control.

3  **BASIS FOR COMPELLING FURTHER RESPONSE TO REQUEST NO. 15:**

4  Copart offers no explanation as to why the request is "unduly burdensome." Without

5  such justification, the objection is without merit. Obiajulu v. City of Rochester, 166 F.R.D. 293,

6  295 (W.D. N.Y. 1996).

7  Copart agreed to produce documents responsive to this request in responses dated

8  September 14, 2007.[4] Over two months later, no documents have been produced. If no such

9  documents exist, U.S. Fire is entitled to know that. Copart should either produce the

10  documents, or if no documents exist, amend its response accordingly.

11  **DOCUMENT REQUEST NO. 18**:

12  18.    All lists o[r] schedules of real property assets prepared or maintained by you (or

13  on your behalf) for accounting or tax purposes since July 1, 2003.

14  **RESPONSE TO DOCUMENT REQUEST NO. 18:**

15  Copart objects to this request in that it is vague, ambiguous, overbroad, unduly

16  burdensome and seeks documents neither relevant to the issues in this action nor reasonably

17  calculated to lead to the discovery of admissible evidence. Without waiving and subject to these

18  objections, Copart will produce Statement of Values forms ("SOVs") prepared for its USFIC

19  property insurance purposes since July 1, 2003.

20  **BASIS FOR COMPELLING FURTHER RESPONSE TO REQUEST NO. 18:**

21  Copart's objections lack merit. As evidenced by its willingness to produce "Statement

22  of Values forms ("SOVs") prepared for its USFIC property insurance purposes," Copart

23  understands the term "schedules of real property assets," which describes information that

24  Copart frequently submitted to its insurers. Copart offers no explanation as to why the request

25  is "unduly burdensome." Without such justification, the objection is without merit. Obiajulu v.

26  City of Rochester, 166 F.R.D. 293, 295 (W.D. N.Y. 1996).

27

28

[4] Attached as Exhibit B to the Declaration of Samuel H. Ruby filed herewith.

1    Copart's relevancy objection also lacks merit.  Information relevant to a party's claims
2    or defenses is discoverable. Fed. R. Civ. P. 26(b)(1); <u>Sanyo Laser Products, Inc. v. Arista</u>
3    <u>Records, Inc.</u>, 214 F.R.D. 496 (S.D. Ind. 2003).  Even if not directly relevant to U.S. Fire's
4    claims and defenses, such information is relevant to the subject matter of this lawsuit and is
5    therefore discoverable on a showing of good cause.  Fed. R. Civ. P. 26 (b)(1); <u>Sanyo Laser</u>
6    <u>Products, Inc. v. Arista Records, Inc.</u>, 214 F.R.D. 496 (S.D. Ind. 2003).  Moreover, the
7    information is discoverable if it appears reasonably calculated to lead to the discovery of
8    admissible evidence. Fed. R. Civ. P. 26(b)(1); <u>Vardon Golf Co., Inc. v. BBMG Golf Ltd.</u>, 156
9    F.R.D. 641 (N.D. Ill. 1994).

10    In preparing to defend its denial of coverage and as support for its counterclaims, U.S.
11    Fire seeks relevant information regarding lists or schedules of real property assets prepared or
12    maintained by Copart (or on Copart's behalf) for accounting or tax purposes since July 1, 2003.
13    Off the record, Copart has admitted that it creates schedules of real property assets, but it has
14    declined to produce them, arguing that the information in the schedules will not impeach the
15    information provided to U.S. Fire.  However, U.S. Fire is not obligated to take Copart's word on
16    this.  U.S. Fire is entitled to see the documents.  <u>Any</u> information concerning the values Copart
17    attributes to its real property assets is relevant and/or could lead to the discovery of admissible
18    evidence regarding the damages Copart seeks to recover.  Furthermore, such information could
19    prove that Copart underreported and thus misrepresented values.  Although asset schedules
20    might only reveal historical costs, even historical costs could be probative.

21    **DOCUMENT REQUEST NO. 19**:

22    19.    All documents indicating or reflecting the replacement cost values of buildings
23    owned by you at any time since July 1, 2003.

24    **RESPONSE TO DOCUMENT REQUEST NO. 19:**

25    Copart objects to this request in that it is vague, ambiguous, overbroad, unduly
26    burdensome and seeks documents neither relevant to the issues in this action nor reasonably
27    calculated to lead to the discovery of admissible evidence.  Without waiving and subject to these
28    objections, Copart will produce documents related to it property policies issued by USFIC.

**BASIS FOR COMPELLING FURTHER RESPONSE TO REQUEST NO. 19:**

Copart's objections lack merit. As evidenced by its willingness to produce "documents related to its property policies issued by USFIC," Copart understands the term "replacement cost values," which describes information that Copart frequently submitted to its insurers. Copart offers no explanation as to why the request is "unduly burdensome." Without such justification, the objection is without merit. Obiajulu v. City of Rochester, 166 F.R.D. 293, 295 (W.D. N.Y. 1996).

Copart's relevancy objection also lacks merit. Information relevant to a party's claims or defenses is discoverable. Fed. R. Civ. P. 26(b)(1); Sanyo Laser Products, Inc. v. Arista Records, Inc., 214 F.R.D. 496 (S.D. Ind. 2003). Even if not directly relevant to U.S. Fire's claims and defenses, such information is relevant to the subject matter of this lawsuit and is therefore discoverable on a showing of good cause. Fed. R. Civ. P. 26 (b)(1); Sanyo Laser Products, Inc. v. Arista Records, Inc., 214 F.R.D. 496 (S.D. Ind. 2003). Moreover, the information is discoverable if it appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1); Vardon Golf Co., Inc. v. BBMG Golf Ltd., 156 F.R.D. 641 (N.D. Ill. 1994).

Documents indicating or reflecting the replacement cost values of Copart's buildings would be relevant on two fronts. First, with respect to Yard 105, documents showing the true replacement cost might impeach the damages Copart is seeking to recover in this litigation. Furthermore, with respect to Yard 105 and all other yards, documents showing the true replacement costs might prove that the values Copart reported to U.S. Fire for purposes of premium calculations were misrepresented.

**DOCUMENT REQUEST NO. 20:**

20. All documents indicating or reflecting the replacement cost values of personal property (excluding computer equipment) at buildings owned by you at any time since July 1, 2003.

**RESPONSE TO DOCUMENT REQUEST NO. 20:**

Copart objects to this request in that it is vague, ambiguous, overbroad, unduly

1  burdensome and seeks documents neither relevant to the issues in this action nor reasonably

2  calculated to lead to the discovery of admissible evidence. Without waiving and subject to these

3  objections, Copart will produce documents related to it property policies issued by USFIC.

4  **BASIS FOR COMPELLING FURTHER RESPONSE TO REQUEST NO. 20:**

5  Copart's objections lack merit. As evidenced by its willingness to produce "documents

6  related to its property policies issued by USFIC," Copart understands the term "replacement

7  cost values" which describes information that Copart frequently submitted to its insurers.

8  Copart offers no explanation as to why the request is "unduly burdensome." Without such

9  justification, the objection is without merit. Obiajulu v. City of Rochester, 166 F.R.D. 293, 295

10 (W.D. N.Y. 1996).

11 Copart's relevancy objection also lacks merit. Information relevant to a party's claims

12 or defenses is discoverable. Fed. R. Civ. P. 26(b)(1); Sanyo Laser Products, Inc. v. Arista

13 Records, Inc., 214 F.R.D. 496 (S.D. Ind. 2003). Even if not directly relevant to U.S. Fire's

14 claims and defenses, such information is relevant to the subject matter of this lawsuit and is

15 therefore discoverable on a showing of good cause. Fed. R. Civ. P. 26 (b)(1); Sanyo Laser

16 Products, Inc. v. Arista Records, Inc., 214 F.R.D. 496 (S.D. Ind. 2003). Moreover, the

17 information is discoverable if it appears reasonably calculated to lead to the discovery of

18 admissible evidence. Fed. R. Civ. P. 26(b)(1); Vardon Golf Co., Inc. v. BBMG Golf Ltd., 156

19 F.R.D. 641 (N.D. Ill. 1994).

20 Documents indicating or reflecting the replacement cost values of Copart's personal

21 property would be relevant on two fronts. First, with respect to Yard 105, documents showing

22 the true replacement cost might impeach the damages Copart is seeking to recover in this

23 litigation. Furthermore, with respect to Yard 105 and all other yards, documents showing the

24 true replacement costs might prove that the values Copart reported to U.S. Fire for purposes of

25 premium calculations were misrepresented.

26 **DOCUMENT REQUEST NO. 21**:

27 21. All documents indicating or reflecting the replacement cost values of computer

28 equipment at buildings owned by you at any time since July 1, 2003.

1    **RESPONSE TO DOCUMENT REQUEST NO. 21:**

2    Copart objects to this request in that it is vague, ambiguous, overbroad, unduly

3    burdensome and seeks documents neither relevant to the issues in this action nor reasonably

4    calculated to lead to the discovery of admissible evidence. Without waiving and subject to these

5    objections, Copart will produce documents related to it property policies issued by USFIC.

6    **BASIS FOR COMPELLING FURTHER RESPONSE TO REQUEST NO. 21:**

7    Copart's objections lack merit. As evidenced by its willingness to produce "documents

8    related to its property policies issued by USFIC," Copart understands the term "replacement

9    cost values," which describes information that Copart frequently submitted to its insurers.

10   Copart offers no explanation as to why the request is "unduly burdensome." Without such

11   justification, the objection is without merit. <u>Obiajulu v. City of Rochester</u>, 166 F.R.D. 293, 295

12   (W.D. N.Y. 1996).

13   Copart's relevancy objection also lacks merit. Information relevant to a party's claims

14   or defenses is discoverable. Fed. R. Civ. P. 26(b)(1); <u>Sanyo Laser Products, Inc. v. Arista</u>

15   <u>Records, Inc.</u>, 214 F.R.D. 496 (S.D. Ind. 2003). Even if not directly relevant to U.S. Fire's

16   claims and defenses, such information is relevant to the subject matter of this lawsuit and is

17   therefore discoverable on a showing of good cause. Fed. R. Civ. P. 26 (b)(1); <u>Sanyo Laser</u>

18   <u>Products, Inc. v. Arista Records, Inc.</u>, 214 F.R.D. 496 (S.D. Ind. 2003). Moreover, the

19   information is discoverable if it appears reasonably calculated to lead to the discovery of

20   admissible evidence. Fed. R. Civ. P. 26(b)(1); <u>Vardon Golf Co., Inc. v. BBMG Golf Ltd.</u>, 156

21   F.R.D. 641 (N.D. Ill. 1994).

22   Documents indicating or reflecting the replacement cost values of Copart's computer

23   equipment would be relevant on two fronts. First, with respect to Yard 105, documents showing

24   the true replacement cost might impeach the damages Copart is seeking to recover in this

25   litigation. Furthermore, with respect to Yard 105 and all other yards, documents showing the

26   true replacement costs might prove that the values Copart reported to U.S. Fire for purposes of

27   premium calculations were misrepresented.

28   ///

1    **DOCUMENT REQUEST NO. 22**:

2        22.      For each building owned by you at any time since July 1, 2003, all documents

3    indicating or reflecting what would be your loss of business income in the event of damage to

4    the building.

5    **RESPONSE TO DOCUMENT REQUEST NO. 22**:

6        Copart objects to this request in that it is vague, ambiguous, overbroad, unduly

7    burdensome and seeks documents neither relevant to the issues in this action nor reasonably

8    calculated to lead to the discovery of admissible evidence. Without waiving and subject to these

9    objections, Copart will produce documents related to it property policies issued by USFIC.

10    **BASIS FOR COMPELLING FURTHER RESPONSE TO REQUEST NO. 22**:

11        Copart's objections lack merit. As evidenced by its willingness to produce "documents

12    related to its property policies issued by USFIC," Copart understands the concept of projected

13    business income losses, information that Copart frequently submitted to its insurers. Copart

14    offers no explanation as to why the request is "unduly burdensome." Without such justification,

15    the objection is without merit. Obiajulu v. City of Rochester, 166 F.R.D. 293, 295 (W.D. N.Y.

16    1996).

17        Copart's relevancy objection also lacks merit. Information relevant to a party's claims

18    or defenses is discoverable. Fed. R. Civ. P. 26(b)(1); Sanyo Laser Products, Inc. v. Arista

19    Records, Inc., 214 F.R.D. 496 (S.D. Ind. 2003). Even if not directly relevant to U.S. Fire's

20    claims and defenses, such information is relevant to the subject matter of this lawsuit and is

21    therefore discoverable on a showing of good cause. Fed. R. Civ. P. 26 (b)(1); Sanyo Laser

22    Products, Inc. v. Arista Records, Inc., 214 F.R.D. 496 (S.D. Ind. 2003). Moreover, the

23    information is discoverable if it appears reasonably calculated to lead to the discovery of

24    admissible evidence. Fed. R. Civ. P. 26(b)(1); Vardon Golf Co., Inc. v. BBMG Golf Ltd., 156

25    F.R.D. 641 (N.D. Ill. 1994).

26        Documents indicating or reflecting the Copart's potential loss of income in the event of

27    damage to the yards would be relevant on two fronts. First, with respect to Yard 105,

28    documents showing the true potential loss might impeach the damages Copart is seeking to

1   recover in this litigation. Furthermore, with respect to Yard 105 and all other yards, documents

2   showing the true potential loss might prove that the values Copart reported to U.S. Fire for

3   purposes of premium calculations were misrepresented.

4   **DOCUMENT REQUEST NO. 23**:

5   23.    For each building owned by you at any time since July 1, 2003, all documents

6   indicating or reflecting what would be your extra expenses in the event of damage to the

7   building.

8   **RESPONSE TO DOCUMENT REQUEST NO. 23**:

9   Copart objects to this request in that it is vague, ambiguous, overbroad, unduly

10  burdensome and seeks documents neither relevant to the issues in this action nor reasonably

11  calculated to lead to the discovery of admissible evidence. Without waiving and subject to these

12  objections, Copart will produce documents related to it property policies issued by USFIC.

13  **BASIS FOR COMPELLING FURTHER RESPONSE TO REQUEST NO. 23**:

14  Copart's objections lack merit. As evidenced by its willingness to produce "documents

15  related to its property policies issued by USFIC," Copart understands the concept of projected

16  extra expense, information that Copart frequently submitted to its insurers. Copart offers no

17  explanation as to why the request is "unduly burdensome." Without such justification, the

18  objection is without merit. Obiajulu v. City of Rochester, 166 F.R.D. 293, 295 (W.D. N.Y.

19  1996).

20  Copart's relevancy objection also lacks merit. Information relevant to a party's claims

21  or defenses is discoverable. Fed. R. Civ. P. 26(b)(1); Sanyo Laser Products, Inc. v. Arista

22  Records, Inc., 214 F.R.D. 496 (S.D. Ind. 2003). Even if not directly relevant to U.S. Fire's

23  claims and defenses, such information is relevant to the subject matter of this lawsuit and is

24  therefore discoverable on a showing of good cause. Fed. R. Civ. P. 26 (b)(1); Sanyo Laser

25  Products, Inc. v. Arista Records, Inc., 214 F.R.D. 496 (S.D. Ind. 2003). Moreover, the

26  information is discoverable if it appears reasonably calculated to lead to the discovery of

27  admissible evidence. Fed. R. Civ. P. 26(b)(1); Vardon Golf Co., Inc. v. BBMG Golf Ltd., 156

28  F.R.D. 641 (N.D. Ill. 1994).

1    Documents indicating or reflecting the Copart's potential extra expenses in the event of

2  damage to the yards would be relevant on two fronts.  First, with respect to Yard 105,

3  documents showing the true potential loss might impeach the damages Copart is seeking to

4  recover in this litigation.  Furthermore, with respect to Yard 105 and all other yards, documents

5  showing the true potential loss might prove that the values Copart reported to U.S. Fire for

6  purposes of premium calculations were misrepresented.

7                              **PRIVILEGE LOG**

8        **9/14/05 email from Patrice McIntyre (Marsh) to Heather Luck (Copart)**

9    Parties withholding otherwise discoverable documents as privileged should identify and

10  describe the documents in sufficient detail to enable the demanding party to "assess the

11  applicability of the privilege or protection."  Fed. R. Civ. P. 26(b)(5).  Copart failed to provide

12  sufficient information to justify its claim of privilege for this communication.  The log does not

13  identify Patrice McIntyre or Heather Luck as an attorney.  So far as U.S. Fire can independently

14  determine, neither is an attorney—McIntyre is an account representative at Marsh, and Luck is

15  apparently a non-attorney employee of Copart.

16    Moreover, this particular communication occurred a month before Hurricane Wilma—

17  i.e., long before any legal dispute between Copart and U.S. Fire arose.

18        **7/24/05 email involving Greg Adler**

19    Parties withholding otherwise discoverable documents as privileged should identify and

20  describe the documents in sufficient detail to enable the demanding party to "assess the

21  applicability of the privilege or protection."  Fed. R. Civ. P. 26(b)(5).  Copart failed to provide

22  sufficient information to justify its claim of privilege for this communication.  U.S. Fire

23  understands that Greg Adler may be an attorney, but the date of the communication precedes

24  this claim, suggesting that the email may not  involve legal advice.

25        **7/31/07 email from Mike Carson to Will Franklin/Simon Rote**

26    Parties withholding otherwise discoverable documents as privileged should identify and

27  describe the documents in sufficient detail to enable the demanding party to "assess the

28  applicability of the privilege or protection."  Fed. R. Civ. P. 26(b)(5).  Copart failed to provide

1  sufficient information to justify its claim of privilege for this communication. The log does not

2  identify Mike Carson, Will Franklin, or Simon Rote as an attorney. So far as U.S. Fire can

3  independently determine, they are all non-attorney employees of Copart.

4      Moreover, this particular communication occurred a month before Hurricane Wilma—

5  i.e., long before any legal dispute between Copart and U.S. Fire arose.

6      **1/22/07 email from Simon Rote to Will Franklin and Jim Meeks**

7      Parties withholding otherwise discoverable documents as privileged should identify and

8  describe the documents in sufficient detail to enable the demanding party to "assess the

9  applicability of the privilege or protection." Fed. R. Civ. P. 26(b)(5). Copart failed to provide

10 sufficient information to justify its claim of privilege for this communication. The log does not

11 identify Jim Meeks, Will Franklin, or Simon Rote as an attorney.

12     **12/27/05 email from Jay Adair to Will Franklin, et al.**

13     Parties withholding otherwise discoverable documents as privileged should identify and

14 describe the documents in sufficient detail to enable the demanding party to "assess the

15 applicability of the privilege or protection." Fed. R. Civ. P. 26(b)(5). Copart failed to provide

16 sufficient information to justify its claim of privilege for this communication. The log does not

17 identify Jay Adair or Will Franklin as an attorney.

18     **11/28/06 email from Heather Luck (Copart) to Patrice McIntyre (Marsh)**

19     Parties withholding otherwise discoverable documents as privileged should identify and

20 describe the documents in sufficient detail to enable the demanding party to "assess the

21 applicability of the privilege or protection." Fed. R. Civ. P. 26(b)(5). Copart failed to provide

22 sufficient information to justify its claim of privilege for this communication. The log does not

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

6089425.1

STATEMENT OF DISCOVERY REQUESTS AND RESPONSES

1  identify Patrice McIntyre or Heather Luck as an attorney.  So far as U.S. Fire can independently

2  determine, neither is an attorney—McIntyre is an account representative at Marsh, and Luck is

3  apparently a non-attorney employee of Copart.

4  DATED:  November 28, 2007

5                                                  BULLIVANT HOUSER BAILEY PC

6

7                                         By _____/s/ Samuel H. Ruby_____.

8                                                  Samuel H. Ruby

9                                         Attorneys for Defendant
                                          United States Fire Insurance Company

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28