1  Philip L. Pillsbury, Jr. (SBN 72261)
   Vedica Puri (SBN 176252)
2  Eric K. Larson (SBN 142791)
   PILLSBURY & LEVINSON, LLP
3  The Transamerica Pyramid
   600 Montgomery Street, 31st Floor
4  San Francisco, CA 94111
   Telephone:  (415) 433-8000
5  Facsimile:   (415) 433-4816
   ppillsbury@pillsburylevinson.com
6  vpuri@pillsburylevinson.com
   rlarson@pillsburylevinson.com
7
8
   Attorneys for Plaintiff
9  COPART INC.

10                  UNITED STATES DISTRICT COURT
11                 NORTHERN DISTRICT OF CALIFORNIA
12                         OAKLAND DIVISION

13  COPART INC.,                        ) Case No.  C 07 2684 CW-EDL
                                        )
14                Plaintiff,            ) **E-FILING**
                                        )
15       vs.                            ) **PLAINTIFF COPART, INC.'S**
                                        ) **OPPOSITION TO MOTION TO**
16  CRUM & FORSTER INDEMNITY            ) **COMPEL FURTHER RESPONSES TO**
17  COMPANY, UNITED STATES FIRE         ) **DOCUMENT REQUESTS**
    INSURANCE COMPANY, and DOES 1-10,   )
18  Inclusive,                          )
                                        ) Date:   January 15, 2008
19                Defendants.           ) Time:   2:00 p.m.
                                        ) Place:  Courtroom E
20  ─────────────────────────────       ) Hon. Elizabeth D. Laporte
    AND RELATED CROSS-ACTION            )
21                                      )
                                        ) Action Filed:  March 20, 2007
22                                      ) Trial Date:    November 10, 2008

OPPOSITION TO MOTION TO COMPEL FURTHER RESPONSE TO PRODUCTION OF DOCUMENTS
Case No. C 07 2684 CW-EDL

Plaintiff Copart, Inc. ("Copart") submits the following opposition to defendant United States Fire Insurance Company's ("USFIC") Motion to Compel Further Responses.

## I. This Motion Was Premature And Is Now Moot.

USFIC filed this motion in the middle of meet and confer efforts. Copart counsel sent a letter on November 15, 2007 that addressed USFIC's questions regarding the document responses. Declaration of Eric K. Larson ("Larson Decl.") ¶ 2, Ex. A. Without responding to that letter in writing or with a phone call, USFIC instead filed this motion, which did *not* include this critical November 15, 2007 letter and is, thus, intentionally misleading. When asked why USFIC had filed a motion that lacked candor in describing meet and confer efforts (Larson Decl. Ex. B), USFIC's stated justification for this intentional omission was less than persuasive. (Larson Decl. Ex. C).

Notwithstanding USFIC's gamesmanship, Copart continued to meet its discovery obligations in good faith (having already produced nearly 1,800 pages of documents) and amended its responses to reflect the information imparted in the letter which USFIC chose not to submit to the Court. Larson Decl. ¶ 6, Ex. D.

This was motion practice for its own sake to begin with -- an unnecessary waste of the Court's and the parties' time. It is now moot as well. To make matters worse, Copart's reasonable request that the motion be taken off calendar or, alternatively, be briefly continued to sort out and possibly resolve whatever issues may remain, (Larson Decl., Ex. E) was rejected. Larson Decl., Ex. F. That latest letter from USFIC, which lacks clarity, seems to re-open issues which had already been resolved in prior meet and confer efforts, and demands production of documents which Copart has confirmed do not exist or are completely without connection to the issues in this litigation; it stands as an example of the USFIC's stubborn refusal to intelligently discuss these matters.

## II. A Brief Factual Summary, Status of Document Production and An Explanation of Copart's Amendments To Its Responses.

This is a coverage and bad faith action arising out of USFIC's refusal to indemnify Copart for losses suffered due to Hurricane Wilma in October 2005. Copart is headquartered

in Fairfield, California and provides vehicle suppliers with a full range of online services to process and sell salvaged vehicles. As part of its nationwide operations, Copart owns and operates over 100 automobile yards across the country, most with one, two or even several buildings located on the property. This action involves losses suffered at a single yard -- Yard 105 in Miami, Florida -- primarily the destruction of a large building that was irreparably damaged and demolished pursuant to the order of local government.

Copart has insured its properties with USFIC since 2003. Copart periodically submitted to USFIC Statement of Values Forms ("SOV"), which set forth the Yard number, the address or physical description, and estimated values for the buildings, contents, computers, etc. thereon. The SOV was a fluid document and under periodic revision.

The subject October 2005-2006 policy provides coverage to any property "described" in the SOV. Yard 105 was indeed described in the current SOV at the time of renewal of the insurance policy in October 2005. USFIC issued the 2005-2006 policy, covering Yard 105, and Copart paid a healthy premium for that policy. Nevertheless, USFIC has refused to indemnify Copart for the losses suffered. USFIC contends that Yard 105 was not a covered location because values had not yet been stated for each item on the SOV at the time of renewal and Copart did not pay premiums with respect to Yard 105. Yard 105 was, in fact, a designated location. Further, there is nothing in the policy that conditions coverage on values being stated, and the substantial premium Copart paid was not broken down by location. But, those are issues for another day.

For present purposes, it is important to put USFIC's motion in the context of the document discovery that has been accomplished; the notion USFIC advances that it is being denied the means to defend itself is nonsense. In response to USFIC's document request, Copart has produced every document in its possession, custody or control related to Yard 105 specifically, and Copart's property policies with USFIC -- nearly 1800 pages of documents.[1]

---

[1] All that remains to be produced are documents relating to renovation and construction of buildings at Yard 105 in the first half of 2005 -- Copart is attempting to locate and produce

-3-

USFIC in its motion, tries to discount this production by stating -- falsely -- that Copart only produced "documents that U.S. Fire already has." USFIC Memo., p. 3:22. In fact, at great expense of time and effort, Copart searched for and produced voluminous emails by and between key executives that in any way related to its property insurance coverage. Additionally, Marsh Risk and Insurance Services, the broker and agent, has produced, without objection by Copart, nearly 3,500 pages of documents comprising its files on these policies. Larson Decl. ¶9. Thus, when USFIC states, in italics no less, that "Copart has no justification for producing no documents at all," (USFIC Memo., p. 7:17), it is grounding its motion on a premise that is, and USFIC knows to be, completely false.

### III. Copart Has Stated Proper Objections and Full and Complete Responses.

Having revealed the disingenuousness of its motion in misleadingly describing the status of meet and confer efforts it unilaterally terminated, and falsely characterizing Copart's production, it is not surprising that when we get to the meat of the motion, USFIC is unable to articulate what more exactly it is looking for. USFIC wishes there was a smoking gun to excuse its failure to indemnify an established insured who has paid substantial premiums for, it turns out, illusory coverage. But, there simply isn't. Copart only generated SOVs for its property insurance purposes, which is not surprising. It has no other documents that attempt to state present values for its properties. It confirmed this in the November 15, 2007 letter and again in its Amended Responses. There is nothing more Copart can do and there is nothing to compel.

USFIC grouses about "boilerplate objection," and restates this phrase throughout as a mantra standing in for actual argument. Copart did not make boilerplate objections. It did not object to requests numbers 1 through 7 at all. It produced over 1800 pages of documents. Copart's objections to certain requests on the grounds of vagueness, ambiguity, overbreadth and irrelevance were well-considered. Let's take Request No. 19 as an example, because the remaining requests at issue (20 and 21) are similar in format. This request asks for all

those documents (if they exist) before the hearing on this motion, and told USFIC this. (Larson Decl., Ex. D).

-4-

documents "indicating or reflecting the replacement cost value of buildings owned by you at any time since July 1, 2003." It is not limited to buildings at Yard 105 and is overbroad, not stated with reasonable particularity, and seeks irrelevant documents for that reason alone. Further, it is not limited to pre-October 2005 communications and is thus not directed to USFIC's negligent misrepresentation theory. Further, the request is vague and ambiguous, and compounds its overbreadth, in its use of the word "reflecting", which is so indeterminate that it possibly encompasses every document related to any of the hundreds of building in Copart's nationwide operations.

A hypothetical illustration: if, in June of 2006, Copart replaced the windows on its building at its yard in Des Moines, Iowa, the invoice for these windows would, "reflect," at least partly, the replacement value of that building. How is that even remotely relevant to issues arising out of a hurricane loss to a single yard in Florida in October of 2005?

USFIC states in its motion that "Copart has offered no specific explanation as to what the nature of the burden might be in responding to such requests." USFIC Memo., p. 7:14-16. This is -- again – false, and an issue which Copart thought had been resolved. While stating and preserving objections to the literal language of badly drafted requests numbers 19-21, Copart at the same time attempted to cut to the chase and determine the existence of potentially relevant documents. Copart explained the overbreadth of the requests in the November 15 letter which USFIC inexplicably did not include with their motion. This letter followed a conversation between counsel, and confirmed that conversation, in which USFIC counsel admitted the requests had an unintended overbreadth and that USFIC was asking for documents reflecting replacement values in summary form. Larson Decl. ¶ 2, Ex. A. As stated in the November 15 letter, (and now confirmed in Copart's Amended Responses) there are no such documents. Without responding to that letter, USFIC filed this motion seeking to compel documents that don't exist. Then, USFIC sent its December 20, 2007 letter which, consistent with its failure to acknowledge the November 15 letter, pretends these meet and confer efforts never happened: "If there is nothing in summary form, then USFIC needs

-5-
OPPOSITION TO MOTION TO COMPEL FURTHER RESPONSE TO PRODUCTION OF DOCUMENTS
Case No. C 07 2684 CW-EDL

1  whatever else Copart has that is responsive to these requests." Larson Decl., Ex. F, p. 2. So
2  much for focused discovery and reasonable and progressive meet and confer efforts.

3  Nowhere in USFIC's motion is there any coherent discussion or articulation of what
4  existing documents USFIC is looking for. Is USFIC, indeed, looking for those window
5  replacement invoices from Des Moines in 2006? It is unclear at this point and Copart and the
6  Court should not have to divine the moving party's mysterious intentions on a motion to
7  compel. USFIC has certainly made no attempt to explain the relevance of such far afield
8  documents and the motion to compel must be denied. "While the standard of relevancy [in
9  discovery] is a liberal one, it is not so liberal as to allow a party 'to roam in shadow zones of
10 relevancy and to explore matter which does not presently appear germane on the theory that it
11 might conceivably become so.'" *Food Lion, Incorporated v. United Food and Commercial
12 Workers International Union, et al.,* 103 F.3d 1007, 1012-1013. USFIC has not even firmly
13 put itself in the "shadow zones."

14 USFIC's meager discussion of the asserted relevance of the documents it seeks is
15 justification only for documents relating to values at Yard 105. ("[USFIC] must now
16 investigate values for the very items for which Copart seeks reimbursement [*i.e.* items at Yard
17 105." USFIC Memo., p. 6:14-15.) Copart does not dispute that and has produced, including as
18 part of its initial disclosures, the vast majority of such documents.[2] The only other document
19 that lists real property assets does so to state values for depreciation purposes, not replacement
20 values, two entirely different concepts. Copart explained this in the November 15 letter,
21 conspicuously absent from this motion. Despite this explanation, USFIC has not even
22 attempted to make any showing of the relevance of this particular document in its motion to
23 compel a further response to Request Number 18. In its December 20, 2007 correspondence,
24 USFIC, instead, makes the remarkable assertion that it is entitled to look at all of Copart's

---

[2] Copart is still searching for documents related to its renovation/construction of buildings at Yard 105 and has committed to produce those if they exist.

-6-
OPPOSITION TO MOTION TO COMPEL FURTHER RESPONSE TO PRODUCTION OF DOCUMENTS
Case No. C 07 2684 CW-EDL

1  documents to determine if "they are responsive, or probative, or not." That is not how
2  discovery works.
3  USFIC goes on to argue that Copart "negligently misrepresented" the values of
4  buildings and other components at Yard 105, and that therefore "if Copart's internal
5  documents or documents prepared for other insurers show values" those would be relevant.
6  But, Copart has confirmed that it did not prepare such documents for other insurers or for its
7  own use. There is nothing to compel. This is not surprising -- the Statements of Values,
8  several versions of which have been produced, was the document that fulfilled this purpose.
9  Were USFIC being reasonable, it would recognize that the lack of redundant documents is to
10 be expected, or, if that is asking too much, that at least a motion would not be filed to compel
11 documents that do not exist, even if USFIC wished they did.

## IV. The Single Remaining Privileged Document At Issue Is Indeed Privileged.

USFIC seeks to compel production of report from Mike Carson, Copart's Senior Property Manager to Copart's Simon Rote, Copart's Vice-President of Finance who supervised Copart's insurance placement, and William Franklin, its CFO.[3] This memo discusses an investigation of Yard 105 losses by Mr. Carson and was prepared at the direction of Copart's in-house counsel. The privilege attaches to communications between high-ranking executives who speak for the corporation on the subject matter at hand and in-house counsel. *See, Alpha Beta Co. v. Superior Court* (1984) 157 Cal.App.3d 818. The fact that it was initially addressed in the first instance to Mr. Rote and Mr. Franklin, Copart executives but not lawyers, does not destroy the privileged nature of the document. Mr. Carson, Mr. Rote, and Mr. Franklin, along with in-house counsel, comprise the team of high ranking executives charged with mounting Copart's efforts to collect on its claim under the Policy with USFIC. The "dominant purpose" of Mr. Carson's report was eventual transmission to in-house counsel (and ultimately outside

/ / /
/ / /

---

[3] On the privilege log, this communication is dated July 31, 2007, the date of an email forwarding it. The report was originally transmitted on August 28, 2006.

counsel) and is thus privileged. *See e.g., Scripps Health v. Superior Court* (2003) 109 Cal.App. 4th 529, 534.

Dated: December 21, 2007

PILLSBURY & LEVINSON, LLP

By: _____
Vedica Puri
Eric K. Larson
Attorneys for Plaintiff
COPART INC.

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor · San Francisco, CA 94111