# EXHIBIT A

**PILLSBURY & LEVINSON, LLP**

ATTORNEYS AT LAW

ERIC K. LARSON

November 15, 2007

*Via Fax & U.S. Mail*

Samuel H. Ruby
Bullivant Houser Bailey
601 California St Ste 1800
San Francisco, CA 94108-2823

    Re:    *Copart, Inc. v. United States Fire Insurance Company,*
            United States District Court, Northern District, Case No. 07 02684 CW

Dear Sam:

    This letter is in response to your email of October 18, 2007, and our conversation of October 17, on the issue of Copart's responses to USFIC's document requests.

    With regard to Document Requests number 7 and number 8, neither Copart nor Marsh prepared schedules of locations, statements of values, or similar documents for any insurance purposes other than its property insurance policies with USFIC. Copart has produced those documents.

    With regard to Document Request number 18, the request is overbroad to the extent it seeks information regarding assets other than those at Yard 105. Further, while Copart does create schedules of fixed assets, including real property assets, for depreciation purposes, this schedule does not reflect or have any relationship to the replacement value of the assets. It is based on the historical cost of the assets, as GAAP requires. Document Request No. 18, therefore, seeks documents irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.

    With regard to Document Requests Nos. 19-23, in our phone conversation I reiterated our objection that the requests are extremely overbroad and Copart thus limited its response to agree to produce documents related to its property insurance issued by USFIC. For example, Request No. 19 asks for all documents "reflecting the replacement cost values of building owned by" Copart. This request is so broad as to cover every purchase agreement, invoice, etc. related to every building in Copart's nationwide operations. Further, only the building at Yard 105 is at issue here; for that reason, I expressed doubt that documents reflecting the replacement cost of any building other than Yard 105 were relevant or reasonably calculated to lead to the discovery of admissible evidence.

THE TRANSAMERICA PYRAMID • 600 MONTGOMERY STREET • THIRTY-FIRST FLOOR • SAN FRANCISCO, CA 94111
(415) 433-8000 • FACSIMILE (415) 433-4816

Samuel H. Ruby
November 15, 2007
Page 2

You indicated to me that it was not your intention to seek such a broad group of documents. I understood from our conversation that you are seeking documents that reflected replacement cost values in summary form, like a Statement of Values, or, in the example you gave on the phone, an appraisal for a specific property.

Copart's relevance objection remains valid even if these requests are limited by this understanding. Nevertheless, we made inquiry and can tell you that, Copart does not have documents of the sort you seek. The SOVs it submitted to USFIC are the only documents that fit this description. Further, Copart does not generally perform appraisals on its properties. Accordingly, Copart has made a full and complete production of all relevant documents requested.

With regard to your inquiry regarding certain of the documents in our privilege log, Vedica prepared that log and is on vacation until November 26, 2007. We will get back to you on your inquiries that week and anticipate we will be able to answer most, if not all, of your questions and concerns.

Very truly yours,

Eric K. Larson

EKL:sb