# EXHIBIT B

**PILLSBURY & LEVINSON, LLP**
ATTORNEYS AT LAW

ERIC K. LARSON

November 30, 2007

*Via Fax*

Samuel H. Ruby
Bullivant Houser Bailey
601 California Street, Ste. 1800
San Francisco, CA 94108-2823

    Re:    *Copart, Inc. v. United States Fire Insurance Company,*
               United States District Court, Northern District, Case No. 07 02684 CW

Dear Sam:

     We are in receipt of USFIC's motion to compel. I was surprised to see that your declaration did not include my letter of November 15, 2007 addressing the issues raised in your motion. Did you not receive a copy of that letter or did you intend that your motion paint an incomplete picture of our meet and confer efforts?

     I'm assuming you received it, because the motion alludes to it, vaguely, at footnote 3 of the separate statement. I received no communication from your office after that letter requesting amended responses in light of the information contained therein. Just as I did not "offer" to amend my responses (and you did not ask me to), you did not offer to rewrite the requests that had an obvious and, as you acknowledged, unintended overbreadth. For example, Request Number 19, asking for "all documents indicating or reflecting the replacement cost values of buildings" literally asks for every invoice for every improvement made to any of Copart's buildings across the country. You said you were actually looking for documents that state replacement values in summary form, like in the Statements of Values. (To be clear, we contend that the Statements of Values do not set forth agreed replacement values for coverage purposes.)

     As I told you in the November 15 letter, Copart doesn't have such documents. We have already produced all Statements of Values and, for that matter, all of Copart's files relating to its property coverage with USFIC. It is unclear what USFIC is moving to compel. I thought we were in the middle of a reasonable discussion on these issues that elevated in importance the determination of the existence of and exchange of discoverable documents over technical objections, but apparently you have decided to halt those discussions and go to the Court. USFIC can certainly do that, no matter how misguided it may be, but I wish you hadn't been intentionally obtuse in describing our meet and confer efforts to the Court.

Samuel H. Ruby
November 30, 2007
Page 2

    Also, in accordance with my November 15 letter, now that Vedica is back from vacation, we are looking at your questions regarding the privilege log. Notwithstanding your inexplicable filing of a motion including these issues, when you knew that Vedica was on vacation and when I said in the November 15 letter that we would be addressing those issues with you when she got back, we will still endeavor to do so.

    The filing of a discovery motion that is both misleading and premature hardly engenders a spirit of cooperation in discovery. It is a waste of the resources of the parties and the Court, and is disappointing to say the least.

                                      Very truly yours,

                                      Eric K. Larson

EKL:sb