# EXHIBIT D

# PILLSBURY & LEVINSON, LLP
ATTORNEYS AT LAW

ERIC K. LARSON

December 19, 2007

**VIA HAND DELIVERY**

Judith A. Whitehouse
Bullivant, Houser & Bailey PC
601 California Street, Suite 1800
San Francisco, CA 94108

Re:   *Copart, Inc.* v. *United States Fire Insurance Company,*
United States District Court, Northern District, Case No. 07 02684 CW

Dear Ms. Whitehouse:

I am in receipt of your letter of December 5, 2007. Your justification for not including my November 15, 2007 letter as part of USFIC's motion is, to put it mildly, not compelling. I also still do not understand why your firm did not simply ask for amended responses in accordance with the information in that letter before filing a motion that pretended that correspondence did not exist.

In any event, enclosed are amended responses to USFIC's document requests. These should moot your motion. With regard to documents related to construction at Yard 105, we should have these documents, to the extent they still exist, to you by January 15, 2008.

With regard to USFIC's questions regarding documents on the privilege log, I remind you that you filed your motion before we had a chance to respond in the time frame we indicated. Filing motions in the middle of meet and confer efforts tends to derail, at least temporarily, those efforts. Nevertheless, we answer your questions, in the order presented by Mr. Ruby's October 18, 2007 e-mail as follows:

1. The date of this email is actually November 29, 2006. We withdraw our claim of privilege and produce this document now Bates stamped CPT 001787-1788.

2. The correct date on this email (on the privilege log as 7/24/05) is July 24, 2007.

3. This email was prepared at the direction of counsel and is privileged.

4. We withdraw our claim of privilege and produce this document now Bates stamped CPT 001789-1790.

Judith A. Whitehouse
December 19, 2007
Page 2

    5.    We withdraw our claim of privilege and produce this document now Bates stamped CPT 001783.

    6.    We withdraw our claim of privilege and produce this document now Bates stamped CPT 001784-1786.

A revised privilege log is enclosed.

Our opposition to USFIC's motion to compel is due on December 21, 2007. Please confirm that you will take that motion off calendar.

                Very truly yours,

                Eric K. Larson

EKL:sb
Enclosures

```
Philip L. Pillsbury, Jr. (SBN 72261)
Vedica Puri (SBN 176252)
Eric K. Larson (SBN 142791)
PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor
San Francisco, CA 94111
Telephone: (415) 433-8000
Facsimile: (415) 433-4816
ppillsbury@pillsburylevinson.com
vpuri@pillsburylevinson.com

Attorneys for Plaintiff
COPART INC.
```

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| COPART INC., <br><br> Plaintiff, <br><br> vs. <br><br> CRUM & FORSTER INDEMNITY COMPANY, UNITED STATES FIRE INSURANCE COMPANY, and DOES 1-10, Inclusive, <br><br> Defendants. <br><br> UNITED STATES FIRE INSURANCE COMPANY, <br><br> Counterclaimant, <br><br> vs. <br><br> COPART, INC., <br><br> Counterdefendant. | Case No. C 07 2684 CW <br><br> **COPART'S AMENDED RESPONSE TO U.S. FIRE'S FIRST SET OF DOCUMENT REQUESTS** |

-1-
COPART'S AMENDED RESPONSE TO U.S. FIRE'S DOCUMENT REQUESTS (1ST Set)
Case No. C 07 2684 CW

## Preliminary Statement and Objections

Other than Copart's copies of the policies themselves, some application materials, and correspondence between counsel, most of the relevant documents in Copart's possession, custody or control are comprised of emails between Copart and Marsh, and attachments thereto. Copart has diligently been accumulating all emails by and among (a) its personnel who were involved in obtaining insurance coverage, (b) Marsh, and (c) Crum & Forster. However, Copart's emails prior to July 1, 2005 are inaccessible on main corporate servers and not on back up tapes. On July 4, 2005 Copart changed its corporate email server. Most users started fresh on the new system without data migration. The old server only hosted email temporarily until it was retrieved. Sent email was not copied or backed up. Therefore, emails prior to July 2005 would exist only on a Copart employee's local PC. There are three key Copart personnel who were involved in obtaining property insurance -- Simon Rote, William Franklin and Michael Carson. Therefore, Copart has searched the local PCs of these three individuals and has secured relevant emails, including those pre-July, 2005.

Also, Copart believes that any relevant emails that may have been lost in its server conversion will likely exist in the possession of either Marsh or Crum & Forster.

Copart objects to the production of any documents protected by the attorney-client privilege or attorney work-product doctrine.

## DOCUMENTS TO BE PRODUCED

**DOCUMENT REQUEST NO. 1:**

All documents identified in your initial disclosures.

**RESPONSE TO DOCUMENT REQUEST NO. 1:**

Copart has produced documents responsive to this request.

**DOCUMENT REQUEST NO. 2:**

All documents which you contend constitute U.S. Fire Policy No. 2441854323 (if you deny that the documents produced to you as POL 1-88 constitute a true and correct copy of the policy).

1  **RESPONSE TO DOCUMENT REQUEST NO. 2:**

2      Copart has produced documents responsive to this request.

3  **DOCUMENT REQUEST NO. 3:**

4      All documents which you contend constitute U.S. Fire Policy No. 2441873745 (if you
5  deny that the documents produced to you as POL 89-217 constitute a true and correct copy of
6  the policy).

7  **RESPONSE TO DOCUMENT REQUEST NO. 3:**

8      Copart has produced documents responsive to this request.

9  **DOCUMENT REQUEST NO. 4:**

10     All documents which you contend constitute U.S. Fire Policy No. 2441086561 (if you
11 deny that the documents produced to you as POL 218-299 constitute a true and correct copy of
12 the policy).

13 **RESPONSE TO DOCUMENT REQUEST NO. 4:**

14     Copart has produced documents responsive to this request.

15 **DOCUMENT REQUEST NO. 5:**

16     All documents which you contend constitute U.S. Fire Policy No. 2441895921 (if you
17 deny that the documents produced to you as POL 300-391 constitutes a true and correct copy
18 of the policy).

19 **RESPONSE TO DOCUMENT REQUEST NO. 5:**

20     Copart has produced documents responsive to this request.

21 **DOCUMENT REQUEST NO. 6:**

22     All documents constituting, memorializing, or referring to communications between you
23 and Marsh concerning the solicitation, negotiation, issuance, amendment, or renewal of any of
24 the policies issued to you by USFIC.

25 **RESPONSE TO DOCUMENT REQUEST NO. 6:**

26     Copart has produced documents responsive to this request.

27 / / /

28 / / /

-3-
COPART'S AMENDED RESPONSE TO U.S. FIRE'S DOCUMENT REQUESTS (1ST Set)
Case No. C 07 2684 CW

**DOCUMENT REQUEST NO. 7:**

All schedules of locations, statements of values, or similar documents prepared by you since July 1, 2003 for your insurance purposes.

**RESPONSE TO DOCUMENT REQUEST NO. 7:**

Copart objects to this request in that it is vague, ambiguous, overbroad, unduly burdensome and seeks documents neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving and subject to this objection, Copart states that it has produced documents related to its property policies issued by USFIC, including statements of values. It did not prepare schedules of locations, statements of values or similar documents for other insurance purposes.

**DOCUMENT REQUEST NO. 8:**

All schedules of locations, statements of values, or similar documents prepared by Marsh since July 1, 2003 for your insurance purposes.

**RESPONSE TO DOCUMENT REQUEST NO. 8:**

Copart objects to this request in that it is vague, ambiguous, overbroad, unduly burdensome and seeks documents neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving and subject to this objection, Copart has produced documents related to its property policies issued by USFIC, including statements of values. Marsh did not prepare schedules of locations, statements of values or similar documents for other insurance purposes.

**DOCUMENT REQUEST NO. 9:**

All documents reflecting or relating to decisions to list or not to list any locations in any schedule of locations, statement of values or similar documents prepared by you or Marsh for your insurance purposes.

**RESPONSE TO DOCUMENT REQUEST NO. 9:**

Copart objects to this request in that it is vague, ambiguous, overbroad, unduly burdensome and seeks documents neither relevant to this action nor reasonably calculated to

-4-
COPART'S AMENDED RESPONSE TO U.S. FIRE'S DOCUMENT REQUESTS (1ST Set)
Case No. C 07 2684 CW

1  lead to the discovery of admissible evidence. Without waiving and subject to this objection,
2  Copart has produced documents related to its property policies issued by USFIC.

3  **DOCUMENT REQUEST NO. 10:**

4  All documents reflecting or relating to decisions as to what values should or would be
5  stated in any schedule of locations, statement of values or similar documents prepared by you or
6  Marsh for your insurance purposes.

7  **RESPONSE TO DOCUMENT REQUEST NO. 10:**

8  Copart objects to this request in that it is vague, ambiguous, overbroad, unduly
9  burdensome and seeks documents neither relevant to this action nor reasonably calculated to
10 lead to the discovery of admissible evidence. Without waiving and subject to this objection,
11 Copart has produced documents related to its property policies issued by USFIC.

12 **DOCUMENT REQUEST NO. 11:**

13 All documents reflecting or relating to any decisions by you to request or not request that
14 USFIC add coverage under any policy for a location not previously reported.

15 **RESPONSE TO DOCUMENT REQUEST NO. 11:**

16 Copart objects to this request in that it is vague, ambiguous, argumentative and
17 assumes facts not in evidence in its use of the phrase "add coverage" and cannot respond to
18 this request as written. Without waiving and subject to these objections, Copart has produced
19 documents related to its property policies issued by USFIC.

20 **DOCUMENT REQUEST NO. 12:**

21 All documents reflecting or relating to any decisions by you to request or not request that
22 USFIC delete coverage under any policy for any location.

23 **RESPONSE TO DOCUMENT REQUEST NO. 12:**

24 Copart objects to this request in that it is so vague, ambiguous and argumentative.
25 Without waiving and subject to this objection, Copart has produced documents related to its
26 decision to delete inventory coverage in 2006.

27 / / /
28 / / /

**DOCUMENT REQUEST NO. 13:**

All documents reflecting or relating to any decisions by you to report or not report a change in values from the values previously reported for a location.

**RESPONSE TO DOCUMENT REQUEST NO. 13:**

Copart objects to this request in that it is vague, ambiguous, overbroad, unduly burdensome and seeks documents neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. The request is not limited to information given to USFIC or even to insurance generally. Without waiving and subject to these objections, Copart has produced documents related to its property policies issued by USFIC.

**DOCUMENT REQUEST NO. 14:**

All documents reflecting or relating to your acquisition of Yard 105.

**RESPONSE TO DOCUMENT REQUEST NO. 14:**

Copart objects that this request is vague, ambiguous, overbroad and unduly burdensome. Without waiving and subject to this objection, Copart has produced documents responsive to this request.

**DOCUMENT REQUEST NO. 15:**

All documents reflecting or relating to the construction of any buildings at Yard 105 after you acquired the yard.

**RESPONSE TO DOCUMENT REQUEST NO. 15:**

Copart objects that this request is vague, ambiguous, overbroad and unduly burdensome. Without waiving and subject to this objection, Copart states that it is currently searching for documents evidencing its construction of buildings of Yard 105 and will produce those documents if they still exist in Copart's possession, custody or control.

**DOCUMENT REQUEST NO. 16:**

All internal or external communications with anyone (other than attorney-client communications) concerning the damage or other losses at Yard 105 that are the subject of this litigation.

///

**RESPONSE TO DOCUMENT REQUEST NO. 16:**

Copart has produced documents responsive to this request.

**DOCUMENT REQUEST NO. 17:**

All internal or external communications with anyone (other than attorney-client communications) concerning your insurance claim for damage or other losses at Yard 105.

**RESPONSE TO DOCUMENT REQUEST NO. 17:**

Copart has produced documents responsive to this request.

**DOCUMENT REQUEST NO. 18:**

All lists of schedules of real property assets prepared or maintained by you (or on your behalf) for accounting or tax purposes since July 1, 2003.

**RESPONSE TO DOCUMENT REQUEST NO. 18:**

Copart objects to this request in that it is vague, ambiguous, overbroad, unduly burdensome and seeks documents neither relevant to the issues in this action nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving and subject to these objections, Copart has produced Statement of Values forms ("SOVs") prepared for its USFIC property insurance purposes since July 1, 2003. Copart has no other schedules of real property assets that reflect replacement values.

**DOCUMENT REQUEST NO. 19:**

All documents indicating or reflecting the replacement cost values of buildings owned by you at any time since July 1, 2003.

**RESPONSE TO DOCUMENT REQUEST NO. 19:**

Copart objects to this request in that it is vague, ambiguous, overbroad, unduly burdensome and seeks documents neither relevant to the issues in this action nor reasonably calculated to lead to the discovery of admissible evidence. It seeks every purchase agreement, invoice, etc. related to every building in Copart's nationwide operations, notwithstanding the fact that only Yard 105 is at issue here. Without waiving and subject to these objections, Copart has produced documents related to its property policies issued by USFIC, including SOVs. It has no other documents reflecting replacement cost values in summary form.

-7-
COPART'S AMENDED RESPONSE TO U.S. FIRE'S DOCUMENT REQUESTS (1ST Set)
Case No. C 07 2684 CW

**DOCUMENT REQUEST NO. 20:**

All documents indicating or reflecting the replacement cost values of personal property (excluding computer equipment) at buildings owned by you at any time since July 1, 2003.

**RESPONSE TO DOCUMENT REQUEST NO. 20:**

Copart objects to this request in that it is vague, ambiguous, overbroad, unduly burdensome and seeks documents neither relevant to the issues in this action nor reasonably calculated to lead to the discovery of admissible evidence. It seeks every purchase agreement, invoice, etc. related to every item of personal property in Copart's nationwide operations, notwithstanding the fact that only Yard 105 is at issue here. Without waiving and subject to these objections, Copart has produced documents related to its property policies issued by USFIC, including SOVs. It has no other documents reflecting replacement cost values in summary form.

**DOCUMENT REQUEST NO. 21:**

All documents indicating or reflecting the replacement cost values of computer equipment at buildings owned by you at any time since July 1, 2003.

**RESPONSE TO DOCUMENT REQUEST NO. 21:**

Copart objects to this request in that it is vague, ambiguous, overbroad, unduly burdensome and seeks documents neither relevant to the issues in this action nor reasonably calculated to lead to the discovery of admissible evidence. It seeks every purchase agreement, invoice, etc. related to every item of computer equipment in Copart's nationwide operations, notwithstanding the fact that only Yard 105 is at issue here. Without waiving and subject to these objections, Copart has produced documents related to its property policies issued by USFIC, including SOVs. It has no other documents reflecting replacement cost values in summary form.

**DOCUMENT REQUEST NO. 22:**

For each building owned by you at any time since July 1, 2003, all documents indicating or reflecting what would be your loss of business income in the event of damage to the

1  building.

2  **RESPONSE TO DOCUMENT REQUEST NO. 22:**

3  Copart objects to this request in that it is vague, ambiguous, overbroad, unduly
4  burdensome and seeks documents neither relevant to the issues in this action nor reasonably
5  calculated to lead to the discovery of admissible evidence. It seeks every document that bears
6  on income generated by Copart's nationwide operations, notwithstanding the fact that only
7  Yard 105 is at issue here. Without waiving and subject to these objections, Copart has
8  produced documents related to its property policies issued by USFIC, including SOVs. It has
9  no other documents reflecting potential lost business income.

10 **DOCUMENT REQUEST NO. 23:**

11 For each building owned by you at any time since July 1, 2003, all documents indicating
12 or reflecting what would be your extra expenses in the event of damage to the building.

13 **RESPONSE TO DOCUMENT REQUEST NO. 23:**

14 Copart objects to this request in that it is vague, ambiguous, overbroad, unduly
15 burdensome and seeks documents neither relevant to the issues in this action nor reasonably
16 calculated to lead to the discovery of admissible evidence. It seeks every purchase agreement,
17 invoice, etc. related to every building in Copart's nationwide operations, notwithstanding the
18 fact that only Yard 105 is at issue here. Without waiving and subject to these objections,
19 Copart has produced documents related to its property policies issued by USFIC, including
20 SOVs. It has no other documents reflecting potential extra expenses.

21

22 Dated: December 19, 2007          PILLSBURY & LEVINSON, LLP

23

24                                 By: /s/ Vedica Puri
25                                     Eric K. Larson
                                       Attorneys for Plaintiff and Counterdefendant
26                                     COPART INC.

27

28

-9-
COPART'S AMENDED RESPONSE TO U.S. FIRE'S DOCUMENT REQUESTS (1ST Set)
Case No. C 07 2684 CW

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor · San Francisco, CA 94111

## VERIFICATION

I, William Franklin, am the Chief Financial Officer of Copart, Inc. and am authorized to make this verification on its behalf. I have read the foregoing Copart's Amended Response To U.S. Fire's First Set Of Document Requests and know its contents. I am informed and believe that the matters stated therein are true and on that ground declare under the laws of the United States of America that they are true and correct.

Executed this 19th day of December, 2007 at Fairfield, California.

_____
William Franklin

# PROOF OF SERVICE

I, the undersigned, declare that I am a citizen of the United States; my business address is The Transamerica Pyramid, 600 Montgomery Street, 31st Floor, San Francisco, California 94111; I am employed in the City and County of San Francisco; I am over the age of eighteen (18) years and not a party to the within action.

On December 19, 2007, I served the foregoing document(s) described as

(1) COPART'S AMENDED RESPONSE TO U.S. FIRE'S FIRST SET OF DOCUMENT REQUESTS

on the interested party(ies) in this action by placing ☐ the original ☒ a true copy thereof enclosed in a sealed envelope addressed as follows:

Jess B. Milikan
Samuel H. Ruby
Judith A. Whitehouse
BULLLIVANT HOUSER BAILEY PC
601 California Street, Suite 1800
San Francisco, CA 94108
Tel. 415-352-2700
Fax 415-352-2701

☐ **BY MAIL:** I caused such envelope(s), fully prepaid, to be placed in the United States mail at San Francisco, California. I am "readily familiar" with this firm's practice for collection and processing of correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service the same day, with postage thereon fully prepaid, at San Francisco, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date on postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY FACSIMILE:** In addition to service by mail, on this date I transmitted a copy of the foregoing document(s) to the facsimile number(s) shown above.

☐ **BY OVERNIGHT COURIER:** I caused such envelope(s) to be placed for collection and delivery on this date with standard FEDERAL EXPRESS delivery procedures.

☒ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by WESTERN MESSENGER, a local San Francisco messenger service, by hand on the same day, addressed to the interested party(ies) at the address(es) set forth above.

☒ **STATE:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 19, 2007 at San Francisco, California.

*Sandra Bush*
Sandra Bush

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor · San Francisco, CA 94111

PROOF OF SERVICE