# EXHIBIT F



Attorneys at Law

JUDITH A. WHITEHOUSE
Direct Dial: (415) 352-2724
E-mail: judith.whitehouse@bullivant.com

December 20, 2007

**Via Facsimile**

Eric K. Larson
Pillsbury & Levinson, LLP
The Transamerica Pyramid
600 Montgomery St., 31st Fl.
San Francisco, CA 94111

    Re:   *Copart Inc. v. Crum & Forster Indem. Co., et al.*
           N.D. Cal. No. C07-02684 EMC
           Our File No. 10450/69

Dear Mr. Larson:

    I write in response to your letter dated December 19, 2007 regarding USFIC's motion to compel further discovery responses and documents.

    We appreciate the delivery of amended responses to USFIC's requests for production of documents and for the amended privilege log. However, the amended responses do not entirely resolve the issues raised by USFIC's motion, and until those issues are resolved, the motion will remain on calendar.

    Specifically with respect to the Request for Production, USFIC will pursue it motion to compel the following:

- Document Request No. 15 – Delivery of the documents "reflecting or relating to the construction of any buildings at Yard 105 after you [Copart] acquired the yard is long overdue. Your offer to produce the documents by January 15, 2008 is unacceptable at this point.

- Document Request No. 18 – Your amended response that "Copart has no other schedules of real property assets that reflect replacement values" is not responsive to the request. As noted in the motion to compel, USFIC is not required to accept Copart's word that what it does have will not answer the request for "all schedules of real property assets prepared or maintained by

Eric K. Larson
December 20, 2007
Page 2

you (or on your behalf) for accounting or tax purposes since July 1, 2003." Please produce the documents that do exist so a determination can be made if in fact they are responsive, or probative, or not.

- Document Request Nos. 19, 20, 21 – Your amended responses indicate that Copart "has no other documents reflecting replacement cost values in summary form." If there is nothing in summary form, then USFIC needs whatever else Copart has that is responsive to these requests. So long as Copart is disputing the misrepresentation claim, USFIC is entitled to discovery of the true values.

USFIC accepts the amended responses to Request for Document Nos. 22 and 23 based on its understanding that no written analysis of potential lost business income or potential extra expenses were prepared. However, USFIC reserves the right to propound additional document requests to determine these values. The amended responses to Request For Document Nos. 7 and 8 are also acceptable. Document Request Nos. 7, 8, 19, 20, and 21, need not be addressed in any opposition to the motion.

With respect to the revised privilege log, we note your comment that the email dated July 31, 2007 from Mike Carson to Will Franklin and Simon Rote is withheld because it was "prepared at the direction of counsel and is privileged." We cannot determine on the basis of the information provided how the attorney client privilege or attorney work product doctrine attaches to this communication. Mike Carson is not identified as an attorney. Nor are we aware of any authority for the premise that communications sent "at the direction of counsel" fall under either attorney-client or work product protection. Until Copart provides sufficient information to sustain the claim of privilege, or produces the document, USFIC will pursue it motion to compel on this issue.

Very truly yours,

Judith A. Whitehouse

JAW:jaw
cc:   Samuel H. Ruby

