Philip L. Pillsbury, Jr. (SBN 72261)
Vedica Puri (SBN 176252)
Eric K. Larson (SBN 142791)
PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor
San Francisco, CA 94111
Telephone: (415) 433-8000
Facsimile:  (415) 433-4816
E-mail:  ppillsbury@pillsburylevinson.com
         vpuri@pillsburylevinson.com
         rlarson@pillsburylevinson.com

Attorneys for Plaintiff and Counterdefendant
COPART INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| COPART INC., <br><br> Plaintiff, <br><br> vs. <br><br> CRUM & FORSTER INDEMNITY COMPANY, UNITED STATES FIRE INSURANCE COMPANY, and DOES 1-10, Inclusive, <br><br> Defendants. | Case No.  C 07 2684 CW <br><br> **E-FILING** <br><br> **PLAINTIFF COPART INC.'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; (Declaration of Eric K. Larson filed separately)** <br><br> Date: June 10, 2008 <br> Time: 9:00 a.m. <br> Place: Courtroom E, 15th Floor |
| AND RELATED COUNTERCLAIM | Action Filed: March 20, 2007 <br> Trial Date:   November 10, 2008 |

TO DEFENDANT UNITED STATES FIRE INSURANCE COMPANY ("USFIC") AND ITS ATTORNEYS OF RECORD:

### NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on June 10, 2008 at 9:00 a.m. or as soon thereafter as the matter may be heard in Courtroom E of the United States District Court, Northern District of

California, 450 Golden Gate Avenue, 15th Floor, San Francisco, California, plaintiff Copart, Inc. ("Copart") will and hereby does move for a protective order that "site inspections" requested by USFIC under Federal Rules of Civil Procedure, Rule 34 not be allowed. This motion is made under FRCP, Rule 26(c) and is based upon this notice of motion and motion, the memorandum of points and authorities, and the Declaration of Eric K. Larson ("Larson Decl.") submitted herewith.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Relief Requested

This case is a dispute regarding insurance coverage for one -- and only one -- of Copart's properties. Copart seeks a protective order against allowing USFIC to make requested "site inspections" of eighteen of Copart's other locations across the country by unnamed consultants to perform unspecified tasks. The requested inspections seek no relevant information, or information reasonably calculated to lead to the discovery of admissible evidence, would be unduly burdensome and expensive for Copart, and would add nothing to the extensive discovery in which Copart has already indulged USFIC on its counterclaim, a counterclaim that is meritless as a matter of law.

### II. Brief Summary of Facts and Discovery Conducted

#### A. This Action Involves Copart's Property Coverage With Respect To A Single Location In Florida.

This is a coverage and bad faith action arising out of USFIC's refusal to indemnify Copart for losses suffered at a single location in Florida due to Hurricane Wilma in October 2005. Copart is headquartered in Fairfield, California and provides vehicle suppliers with a full range of services to process and sell salvaged vehicles. As part of its nationwide operations, Copart owns and operates over 130 automobile yards across the country, most with one, two or even several buildings located on the property. This action involves losses suffered at only one yard -- Yard 105 in Miami, Florida -- primarily the destruction of a large building that was irreparably damaged and demolished pursuant to the order of local government.

Copart has insured its properties with USFIC since 2003. Copart periodically submitted to USFIC Statement of Values Forms ("SOV"), which set forth the Yard number, the address or physical description, and, usually, estimated values for the buildings, contents, computers, etc. thereon. Copart was growing considerably as a business over this time and the number of yards increased from about 75 in 2003 to over 130 today.

The subject October 2005-2006 policy provides coverage to any property in the SOV designated as a location. There is nothing in the Policy that conditions coverage for a location, or the buildings located there, on the presence of a values estimate for a particular building. Yard 105 was indeed "described" in the current SOV at the time of renewal of the insurance policy in October 2005. Also, the SOV was a fluid document under periodic revision throughout the Policy period, with properties being added and with values adjusted.

USFIC issued the 2005-2006 policy, covering Yard 105, and Copart paid a healthy premium, over $300,000, for that policy. Nevertheless, USFIC has refused to indemnify Copart for the losses suffered. USFIC contends that Yard 105 was not a covered location because values had not yet been stated for each item, including "buildings," on the SOV at the time of renewal and Copart did not pay premiums with respect to Yard 105.

### B. USFIC's Meritless Counterclaim.

Not only has USFIC wrongfully and, in bad faith, denied coverage, but as part of what USFIC repeatedly, and with misplaced pride, touts as its "aggressive" defense, it has counterclaimed against Copart as well. USFIC claims that Copart negligently misrepresented the values of *all* of its buildings and other insured components (contents, computers, etc.). USFIC claims that it should have charged Copart more premiums than it actually did over the course of four policy years and seeks to make more money off the relationship with Copart than it already has. USFIC's theory is that had it known the "true" higher values of the properties, it would have charged higher premiums. As detailed below, USFIC has used this counterclaim as a vehicle to open up discovery in this matter to a far greater expanse than that warranted by Copart's complaint, which only seeks recovery for loss at Yard 105. Copart has

-3-

NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER;
MEMORANDUM OF POINTS AND AUTHORITY IN SUPPORT THEREOF

Case No. C 07 2684 CW

cooperated in that discovery, despite USFIC's refusal to articulate a viable theory of recovery on its counterclaim.

There is no viable theory to articulate or damages to identify. Over the course of four years, Copart paid USFIC about $1.2 million in premiums. USFIC has paid out to Copart a grand total of about $121,000 over that same time (for hurricane related damage to two other yards). Given its refusal to pay for the Yard 105 losses, USFIC is flush with about $1 million of Copart's money and the interest it has earned thereon. Thus, we have a completely uninjured insurer – indeed, one enriched by Copart -- seeking damages that go beyond the speculative.

Further, the values stated in the SOVs are no more than reasonable estimates of what it might cost to replace Copart's buildings, and do not purport to be anything else. They are not signed under penalty of perjury, or signed at all. There is no clause in the policy warranting them to be true or even requiring them. They represent Copart's best estimate of the values at the time of the estimate. Copart's reasonable estimation of the replacement cost of a property, in the event that it was destroyed, is an opinion as to a future event, and cannot be an actionable misrepresentation, even if such opinions were, not surprisingly, occasionally inexact. It is axiomatic under California law that "[v]alue is quintessentially a matter of opinion, not a statement of fact." *New-Visions Sports, Inc. v. Soren/McAdam/Bartells* (2000) 86 Cal.App.4th 303, 310. *See also, Padgett v. Phariss* (1997) 54 Cal.App.4th 1270, 1284 ( Summary judgment proper on fraud claim where alleged misrepresentation was made as to the fair market value of property.)

USFIC never questioned the values, tested them, insisted on a particular methodology, or refused to issue a policy because of incomplete information in an SOV. But, now, by making a claim, Copart has provoked this "aggressive" response (as part of an impermissible post claims underwriting exercise). The counterclaim is without merit and will be the subject of a motion for summary judgment.

///

-4-

NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER;     Case No. C 07 2684 CW
MEMORANDUM OF POINTS AND AUTHORITY IN SUPPORT THEREOF

### C. **Copart Indulges USFIC In Discovery.**

Understanding, however, that these ultimate issues should not and cannot be resolved in the discovery dispute arena, and recognizing that discoverability and admissibility do not necessarily equate, and to avoid needless motions, Copart has given USFIC large amounts of information on its discovery requests that USFIC claims are relevant to its baseless counterclaim, including the following:

- Copart's Fixed Asset Master Lists for 2003, 2004, 2005 and 2006. These accounting documents show the book value and depreciation of all of Copart's assets, including buildings. Larson Decl., ¶ 13, Exh. L.
- Copart's Construction in Progress reports that show every expenditure for acquisition, new construction and renovation at every yard from January 1, 2000 to July 31, 2007. Larson Decl., ¶ 6, Exh. E.
- Copart's Statement of Values dated 6/28/07 that shows the type and number of buildings, age, square footage, and acreage (a document that USFIC already had in its possession). Larson Decl., ¶ 12, Exh. K.

Taken together, these documents provide all the information USFIC could reasonably want or expect on its counterclaim, and comprises the information [1] that Copart had at its disposal in making the estimate of values.

### D. **USFIC Requests Duplicative "Site Inspections" As Well.**

However, USFIC has also requested "site inspections" of eighteen different Copart yards (Larson Decl. Exs. A and F) -- none of which are the subject of Copart's claim -- across the states of California and Florida.

It is here that Copart must ask the Court to draw the line.

Copart has attempted to meet and confer on this issue, requested some basis for the inspections, produced documents that give USFIC *better* information, and identified the others already produced that gave specifications as to all of Copart's Yards. See Larson Decl., Exhs.

---

[1] As well as knowledge of current construction costs and variables like the peculiarities of local government building departments. These variables would not be revealed through a present day "site inspection."

-5-

B, E and G. USFIC has steadfastly refused to articulate how it was damaged or cite any authority to support a theory of relevance for these inspection requests or articulate how it is they are not duplicative of the documents that Copart produced. See Larson Decl., Exhs. D, F. Instead, USFIC responded to this effort at compromise by serving *another* site inspection request, despite the fact that the Court had already ordered, on the stipulation of the parties, that no more requests for production/inspection be served after the original April 30, 2008 discovery cut-off date (Larson Decl. Exs. C and F).

### III. A Protective Order Is Necessary and Warranted to Prohibit This Irrelevant, Duplicative and Expensive Discovery.

There is no justification for this intrusive and duplicative discovery, especially in light of the information already provided. USFIC asks Copart to open the doors of eighteen of its location work sites to unnamed "consultants" of unspecified expertise for a visit of unknown duration to do "cost appraisals," when Copart has provided document after document that reflects the specifications of its properties, what was built and when, what renovations were completed and when, and how it accounted for the cost.

Under Rule 26, "the court may limit the use of any discovery method if it determines that:

- the discovery is *unreasonably cumulative* or duplicative;
- the discovery *can be obtained from some other source* that it is more convenient, less burdensome or less expensive;
- the party *has had ample opportunity* to obtain the information by discovery; or
- the burden or expense of the discovery *outweighs* its likely benefit.

Schwarzer, Tashima & Wagstaffe, CAL PRAC. GUIDE: FED CIV. PRO. BEFORE TRIAL (The Rutter Group 2008), ¶11.515.

Each of these factors favors the entry of a protective order here. Given the extensive discovery that Copart has given USFIC on its counterclaim, the site inspections are unreasonably cumulative, the discovery can and has already been obtained from a different source, and the requested inspections would be very expensive for Copart to monitor.

NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER;
MEMORANDUM OF POINTS AND AUTHORITY IN SUPPORT THEREOF

Case No. C 07 2684 CW

### A. The Site Inspection Requests Seek Irrelevant and Duplicative Information.

The Court has touched on this issue of USFIC's indiscriminate discovery requests before. USFIC brought a motion to compel production of documents in response to requests that asked for every document related to the replacement cost of property at every single yard. At the January 15, 2008 hearing, the Court found that those requests "were disproportionate and of tangential relevance at most" Transcript, p. 7:23-24. Larson Decl., Exh. J. The Court required Copart to produce its Fixed Asset Master List "as of that date [the date of the hurricane] or before." *Id.* at 6:18. As detailed above, Copart has done that and more, providing not just its Fixed Asset List for 2005, but the similar list for 2003 and 2004, as well as its Construction In Progress report – nearly 350 pages detailing all the work done on each specific yard.

The Court also commented that "I don't think present values are relevant." Transcript, 6:10-11. The Court was right. An inspection of the property today has no bearing on whether Copart overstated values as many as five years ago. To the extent USFIC wants to concoct expert opinion as to the "true" value of the properties in 2003, 2004 and 2005, it has all the information it needs to do so.

Thus, the inspections are irrelevant as well as duplicative. "While the standard of relevancy [in discovery] is a liberal one, it is not so liberal as to allow a party to roam in the shadow zone of relevancy and to explore matter, which does not presently appear germane on the theory that it might conceivably become so." *Food Lion, Inc. v. United Food and Commercial Workers Intern. Union* (1997) 103 F.3d 1007, 1012-1013. Copart has been allowing USFIC to roam in these shadow zones of relevancy, but enough is enough. That ground is well trod now and these additional requests for inspections simply pile irrelevance upon irrelevance. USFIC has all the documents it could possibly need to attempt to establish some discrepancy between Copart's SOVs and the "actual" replacement value of the properties. These inspections are just a means for USFIC to "aggressively" harass its insured and punish it for having the temerity to make a claim under the policy.

### B. The Site Inspections Would Be Unduly Burdensome and Expensive.

The requested inspections would also be unduly burdensome and expensive for Copart. Copart's counsel would have to attend these eighteen inspections, including at sites in Florida and Southern California. The site inspection notices state that USFIC's attorneys will not attend, but that could not be the case for Copart's attorneys, who cannot be expected to absent themselves from discovery procedures attended by representatives of USFIC, whether they be attorneys or "consultants." The expense in attorneys fees alone would be, conservatively estimated, $63,700, all for unnecessary inspections on a wild goose chase of a counterclaim. Larson Decl., ¶ 14.

### C. The Discovery Is Not Supported By A Viable Theory of Recovery.

In light of the above factors, the requested protective order would be warranted even if USFIC's counterclaim had any merit. But, the Court should keep in mind the extreme tenuousness of USFIC's counterclaim and its counsel's resolute refusal to articulate, beyond the bare bones of its pleadings, a viable theory of recovery, or explain of how USFIC possibly could have been damaged when it has already made money on this relationship. USFIC is seeking damages when it has made well over $1 million on the relationship with Copart. It is out-of-pocket no money. USFIC has resolutely refused to explain to Copart, or cite any authority regarding how its claims for "lost premiums" is not entirely speculative and, indeed, imaginary.

Further, the statements of value in the SOV are, as a matter of law, opinions. "Value is quintessentially a matter of opinion, not a statement of fact." *New-Visions Sports, Inc. v. Soren/McAdam/Bartells* (2000) 86 Cal.App.4th 303, 310. They cannot be representations of fact to support a negligent misrepresentation claim. Finally, the question arises: If the exact values of these properties were so important why was USFIC not requesting these spot appraisals before issuing the property policies? These issues will be the subject of Copart's motion for summary judgment, but the extreme dubiousness of USFIC's claim makes the instrusive, duplicative discovery at issue especially insupportable. Copart respectfully requests that its motion for protective order be granted.

### D. The Second Set Of Inspection Requests Are Prohibited By the Court's Order Of April 15, 2008.

The parties mutually extended the fact discovery cut-off in this case to allow for the taking of depositions. At USFIC's insistence, this stipulated extension prohibited further written discovery including, under Rule 34, -- "requests for production/inspections." Larson Decl., Exh. 4. Nevertheless, USFIC, instead of substantively meeting and conferring with Copart on the issue of site inspections, truculently served a second set, this time after the deadline. When asked to withdraw them (Larson Decl., Exh. G), USFIC argued that the stipulation does not really mean what it says and only bars requests for production of documents. Larson Decl. Exh. H. This is nonsense. Copart specifically added "inspection" to USFIC's requested stipulation language for this very reason. Larson Decl. ¶ 9. The language of the order is unambiguous. The second set of inspection requests should be barred for the additional reason that they flagrantly violate the clear terms of the parties' stipulation and the Court's order thereon.

Dated: May 13, 2008

PILLSBURY & LEVINSON, LLP

By: /s/ Eric K. Larson
Vedica Puri
Eric K. Larson

Attorneys for Plaintiff and Counterdefendant
COPART INC.

NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER;
MEMORANDUM OF POINTS AND AUTHORITY IN SUPPORT THEREOF

Case No. C 07 2684 CW