# EXHIBIT A

**BHB Bullivant | Houser | Bailey** PC

Attorneys at Law

SAMUEL H. RUBY
Direct Dial: (415) 352-2723
E-mail: samuel.ruby@bullivant.com

March 26, 2008

*Via Hand Delivery*

Vedica S. Puri
Pillsbury & Levinson, LLP
The Transamerica Pyramid
600 Montgomery St., 31st Fl.
San Francisco, CA 94111

Re:    <u>Copart Inc. v. Crum & Forster Indem. Co., et al.</u>
       N.D. Cal. No. C07-02684 CW - EDL
       Our File No. 10450/69

Dear Ms. Puri:

We enclose requests for inspections of certain properties owned or operated by Copart. The inspections would be made by one or more consultants, for purposes of evaluating the replacement cost value of the properties. There would be no testing of any kind, and no one from my firm would attend.

We had planned to evaluate whether any inspections will be necessary (and if so, how many inspections, and where) after receiving responses to the document requests served in February. Due to the extension we granted Copart, we have had to change plans. To reserve our rights, we are serving the enclosed inspection demands now, without the benefit of the document review.

Out of the more than one hundred properties that Copart owns or operates, we have already narrowed the possible number of inspections down to ten. Once we have the documents, we expect to be able to reduce the number further. We will aim to narrow the field and update you at least two weeks before the first scheduled inspection.

Vedica S. Puri
March 26, 2008
Page 2

   As with the depositions we have noticed, we would be willing to postpone any necessary inspections into May if you so request, subject to court approval and a corresponding extension of the expert disclosure deadline and MSJ deadline.

                                        Very truly yours,

                                        Samuel H. Ruby

SHR:wlw
Enclosures
10478583.1

1  Jess B. Millikan (CSB#095540)
   Samuel H. Ruby (CSB#191091)
2  Judith A. Whitehouse (CSB#198176)
   BULLIVANT HOUSER BAILEY PC
3  601 California Street, Suite 1800
   San Francisco, California 94108
4  Telephone: 415.352.2700
   Facsimile: 415.352.2701
5  jess.millikan@bullivant.com
   samuel.ruby@bullivant.com
6  judith.whitehouse@bullivant.com

7  Attorneys for Defendant
   United States Fire Insurance Company

8

9              UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA

11                  OAKLAND DIVISION

12  COPART INC.,                          Case No.: C 07 02684 CW - EDL

13              Plaintiff,                 **US FIRE'S FIRST SET OF ENTRY (SITE**
                                           **INSPECTION) REQUESTS**
14      vs.

15  CRUM & FORSTER INDEMNITY
    COMPANY,[1] UNITED STATES FIRE
16  INSURANCE COMPANY, and DOES 1-10,

17              Defendants.

18  AND RELATED COUNTERCLAIMS.

19

20

21

22

23

24

25

26

27

28

---

[1] Dismissed by Order Upon Stipulation (6/15/07).

1    Pursuant to FRCP 34, United States Fire Insurance Company ("USFIC") requests that

2    Copart, Inc. ("Copart" or "you") permit entry by consultants retained by USFIC onto the

3    following designated land or other property possessed or controlled by Copart so that the

4    consultants may inspect, measure, survey, or photograph the buildings or structures located

5    there. The consultants will perform no testing, destructive or otherwise. The identities of the

6    consultants will be provided at least 7 days prior to the inspections.

7    April 25, 2008

8    1.    Yard #59, 7847 Airway Road, San Diego, CA 92154, 8:30am.

9    2.    Yard #118, 7277 Otay Mesa Road, San Diego, CA 92154, 1:30pm.

10    3.    Yard #34, 12020 US Highway 301 S., Riverview, FL 33569, 8:30am.

11    April 28, 2008

12    4.    Yard #1, 282 Fifth Street, Vallejo, CA 94590, 8:30am.

13    5.    Yard #78, 2701 Waterfront Road, Martinez, CA 94553, 1:30pm.

14    6.    Yard #86, 2601 Center Road, Fort Pierce, FL 34946, 8:30am.

15    April 29, 2008

16    7.    Yard #2, 8600 Morrison Creek Drive, Sacramento, CA 95528, 8:30am.

17    8.    Yard #119, 870 Fruitridge Road, Sacramento, CA 95826, 1:30pm.

18    9.    Yard #70, 7876 W. Belvedere, West Palm Beach, FL 33411, 8:30am.

19    10.    Yard #33, 12850 NW 27th Avenue, Opa-Locka, FL 33054, 1:30pm.

20

21    DATED: March 26, 2008

22                                        BULLIVANT HOUSER BAILEY PC

23

24    By  _Julia A. Whitehouse_

25        Jess B. Millikan
        Samuel H. Ruby
26        Judith A. Whitehouse

27    Attorneys for Defendant
     United States Fire Insurance Company

28

# EXHIBIT B



P I L L S B U R Y & L E V I N S O N LLP

ERIC K. LARSON

April 11, 2008

Judith A. Whitehouse
Bullivant, Houser & Bailey PC
601 California Street, Suite 1800
San Francisco, CA 94108

      Re:    *Copart, Inc.* v. *United States Fire Insurance Company,*
              U.S. District Court, Northern District, Case No. 07 02684 CW

Dear Judith:

    We write regarding outstanding discovery and scheduling issues and to initiate the meet and confer process on a couple of those issues.

**Depositions.**

    *Copart witnesses.* The witnesses to testify on most, and perhaps all, of the topics listed in USFIC's 30(b)(6) notice will be Simon Rote and Mike Carson. We can make Simon Rote available the first week of May. We are checking with Mike Carson regarding his availability in May. His deposition will likely need to be taken outside of California, possibly in Texas where he resides.

    *USFIC witnesses.* We intend to take the depositions of the following individuals:

        Carlton Clarke
        Monica Streacker
        Marni Hansen
        Orvin Wills
        Dennis McCarthy
        John Petrillo
        Ron Keleman

    We will also be serving a Rule 30(b)(6) notice; however, the above witnesses may cover all of the designated topics.

THE TRANSAMERICA PYRAMID
600 MONTGOMERY STREET
THIRTY-FIRST FLOOR
SAN FRANCISCO, CA 94111

TEL: (415) 433-8000
FAX: (415) 433-4816

WWW.PILLSBURYLEVINSON.COM

Judith A. Whitehouse
April 11, 2008
Page 2

Please let us know available dates and locations for these depositions.

*Marsh witnesses.* The depositions of Mike Finigan and Patrice McIntyre currently set for April 25 and April 28 are off calendar and will be rescheduled to a date in May that is mutually convenient for counsel and these witnesses.

## Document Requests.

*Copart's Responses.* With regard to USFIC's Second Set of Request for Production of Documents, we enclose written responses and apologize for the delay.

The Second Set of Requests, using different words, restate essentially the same requests from the first set that the court found "disproportionate" and improper at the hearing on January 15, and seeks documents completely outside the issues of this lawsuit. I suggest that we cut to the chase and discuss how we can get you a reasonable production of documents that meets your needs on USFIC's counterclaim.

I hope that we can come to a middle ground resolution that will obviate the need for us to go to the Court in light of the overbroad requests that seem to ignore the Court's rulings made on January 15, 2008. Can you narrow these requests to pertain to a handful of specific yards? If it is even feasible to make the broad production you request (and we are currently investigating this), Copart would make originals available where they are kept. Do you really want to review all of these contracts and invoices at various sites across the country?

Please let us know if there is room for compromise on this.

*USFIC Responses.* You have asked for an extension of time to respond to Copart's outstanding discovery requests. You have granted us extensions and we certainly would like to reciprocate. We will, however, need those responses before commencing depositions of USFIC witnesses. May we agree that USFIC will serve those responses on May 12, or one week before the deposition of the first USFIC witness, whichever date is earlier?

With regard to your request that we tell you why loss reserve information is relevant, courts have held that the setting of reserves is information that "might well lead to the discovery of admissible information" in bad faith cases and may assist "in *evaluating* [the] bad faith case and in *preparing* it for trial." *Lipton v. Superior Court* (1996) 48 Cal.App.4th 1599, 1616. USFIC's setting of loss reserves, any adjustments thereto and the identity of who made the

Judith A. Whitehouse
April 11, 2008
Page 3

recommendations for the setting of reserves or adjustments thereof is all discoverable information.

**Site Inspections**.

Your request for site inspections of the yards that have no connection to Copart's claim, and for which it has never made a claim, is objectionable. It is burdensome and intrusive and of no discernible relevance. Even looking at your theory in the best light -- that Copart allegedly undervalued certain properties in statements of values which constituted negligent misrepresentations that USFIC relied on -- we still fail to see how USFIC could have suffered any damages that are not speculative, contingent or, really, imaginary since USFIC has never come out of pocket any money to Copart. We need to discuss whether there is a compromise solution. If not, we will bring a motion for a protective order and we can discuss a mutually agreeable schedule for briefing and hearing.

Perhaps we can talk next week to discuss these issues.

Very truly yours,

Eric K. Larson

EKL:sb

PILLSBURY&LEVINSON LLP

1  Philip L. Pillsbury, Jr. (SBN 72261)
   Vedica Puri (SBN 176252)
2  Eric K. Larson (SBN 142791)
3  PILLSBURY & LEVINSON, LLP
   The Transamerica Pyramid
4  600 Montgomery Street, 31st Floor
   San Francisco, CA 94111
5  Telephone: (415) 433-8000
   Facsimile: (415) 433-4816
6  Email: ppillsbury@pillsburylevinson.com
7          vpuri@pillsburylevinson.com
           rlarson@pillsburylevinson.com
8
   Attorneys for Plaintiff and Counterdefendant
9  COPART, INC.

10                UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12                    OAKLAND DIVISION

13 COPART INC.,                    )  Case No. C 07 2684 CW
                                   )
14         Plaintiff,              )
                                   )
15    vs.                          )  **COPART'S RESPONSE TO U.S.**
                                   )  **FIRE'S SECOND SET OF DOCUMENT**
16                                 )  **REQUESTS**
   CRUM & FORSTER INDEMNITY        )
17 COMPANY, UNITED STATES FIRE     )
   INSURANCE COMPANY, and DOES 1-10,)
18 Inclusive,                      )
                                   )
19         Defendants.             )
                                   )
20 _____)
   UNITED STATES FIRE INSURANCE    )
21 COMPANY,                        )
                                   )
22         Counterclaimant,        )
                                   )
23    vs.                          )
                                   )
24                                 )
                                   )
25 COPART, INC.,                   )
                                   )
26         Counterdefendant.       )
                                   )
27                                 )
28                                 )

-1-
COPART'S RESPONSE TO DOCUMENT REQUESTS (2nd Set)
Case No. C 07 2684 CW

*PILLSBURY & LEVINSON, LLP*
*The Transamerica Pyramid*
*600 Montgomery Street, 31st Floor · San Francisco, CA 94111*

1 | **Preliminary Statement and Objections**

2        Other than Copart's copies of the policies themselves, some application

3 materials, and correspondence between counsel, most of the relevant documents in Copart's

4 possession, custody or control are comprised of emails between Copart and Marsh, and

5 attachments thereto. Copart has diligently been accumulating all emails by and among (a) its

6 personnel who were involved in obtaining insurance coverage, (b) Marsh, and (c) Crum &

7 Forster. However, Copart's emails prior to July 1, 2005 are inaccessible on main corporate

8 servers and not on back up tapes. On July 4, 2005 Copart changed its corporate email server.

9 Most users started fresh on the new system without data migration. The old server only

10 hosted email temporarily until it was retrieved. Sent email was not copied or backed up.

11 Therefore, emails prior to July 2005 would exist only on a Copart employee's local PC.

12 There are three key Copart personnel who were involved in obtaining property insurance --

13 Simon Rote, William Franklin and Michael Carson. Therefore, Copart has searched the local

14 PCs of these three individuals and has secured relevant emails, including those pre-July,

15 2005.

16        Also, Copart believes that any relevant emails that may have been lost in its server

17 conversion will likely exist in the possession of either Marsh or Crum & Forster.

18        Copart objects to the production of any documents protected by the attorney-client

19 privilege or attorney work-product doctrine.

20 | **DOCUMENTS TO BE PRODUCED**

21 | **DOCUMENT REQUEST NO. 24:**

22        All documents constituting or reflecting appraisals, since January 1, 2000, of any of

23 your real property; including (but not limited to) the appraisal referenced in pages CPT 1283-

24 84 of your production of documents.

25 | **RESPONSE TO DOCUMENT REQUEST NO. 24:**

26        Copart objects that this request is overbroad, including as to time, unduly burdensome,

27 and seeks irrelevant documents that are not reasonably calculated to lead to the discovery of

28 admissible evidence. The Court has already ruled that substantially similar requests were

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor · San Francisco, CA 94111

COPART'S RESPONSE TO DOCUMENT REQUESTS (2nd Set)
Case No. C 07 2684 CW

1   overbroad. Without waiving and subject to these objections, Copart states that it will produce

2   the appraisals referenced in document CPT 1283-84 if such an appraisal exists.

3   **DOCUMENT REQUEST NO. 25:**

4        All purchase agreements or purchase contracts for real property purchased by you since

5   January 1, 2000.

6   **RESPONSE TO DOCUMENT REQUEST NO. 25:**

7        Copart objects that this request is overbroad, including as to time, unduly burdensome,

8   and seeks irrelevant documents that are not reasonably calculated to lead to the discovery of

9   admissible evidence. The Court has already ruled that substantially similar requests were

10  overbroad. Without waiving and subject to these objections, Copart states that it has already

11  produced real property purchase contracts regarding Yard 105. Copart is ready to meet and

12  confer regarding a narrowing of this extremely broad request and discuss the feasibility of a

13  more targeted production of documents, perhaps related to a sampling of specific yards.

14  **DOCUMENT REQUEST NO. 26:**

15       All construction contracts since January 1, 2000 for buildings constructed, expanded,

16  remodeled or renovated for you.

17  **RESPONSE TO DOCUMENT REQUEST NO. 26:**

18       Copart objects that this request is overbroad, including as to time, unduly burdensome,

19  and seeks irrelevant documents that are not reasonably calculated to lead to the discovery of

20  admissible evidence. The court has already ruled that substantially similar requests were

21  overbroad. Without waiving and subject to these objections, Copart states that it has and will

22  produce construction contracts related to Yard 105. Copart is ready to meet and confer

23  regarding a narrowing of this extremely broad request and discuss the feasibility of a more

24  targeted production of documents, perhaps related to a sampling of specific yards.

25  **DOCUMENT REQUEST NO. 27:**

26       All invoices since January 1, 2000 for costs to construct, expand, remodel or renovate

27  your buildings.

28  / / /

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor · San Francisco, CA 94111

-3-

1  **RESPONSE TO DOCUMENT REQUEST NO. 27:**

2      Copart objects that this request is overbroad, including as to time, unduly burdensome,

3  and seeks irrelevant documents that are not reasonably calculated to lead to the discovery of

4  admissible evidence.  The court has already ruled that substantially similar requests were

5  overbroad.  Without waiving and subject to these objections, Copart states that it has and will

6  produce invoices related to Yard 105.  Copart is ready to meet and confer regarding a

7  narrowing of this extremely broad request and discuss the feasibility of a more targeted

8  production of documents, perhaps related to a sampling of specific yards.

9  **DOCUMENT REQUEST NO. 28:**

10      All invoices for personal property (excluding computers) purchased at any time for the

11  following yards:  42, 43, 59, 70, 78, 86.

12  **RESPONSE TO DOCUMENT REQUEST NO. 28:**

13      Copart objects that this request is overbroad, including as to time, unduly burdensome,

14  and seeks irrelevant documents that are not reasonably calculated to lead to the discovery of

15  admissible evidence.  Without waiving and subject to these objections, Copart states that it will

16  produce invoices to the extent such invoices exist and are relevant or likely to lead to the

17  discovery of admissible evidence.

18  **DOCUMENT REQUEST NO. 29:**

19      All invoices for computer equipment purchased at any time for the following yards: 42,

20  43, 59, 70, 78, 86.

21  **RESPONSE TO DOCUMENT REQUEST NO. 29:**

22      Copart objects that this request is overbroad, including as to time, unduly burdensome,

23  and seeks irrelevant documents that are not reasonably calculated to lead to the discovery of

24  admissible evidence.  Without waiving and subject to these objections, Copart states that it will

25  / / /

26  / / /

27  / / /

28  / / /

-4-

COPART'S RESPONSE TO DOCUMENT REQUESTS (2nd Set)
Case No.  C 07 2684 CW

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor · San Francisco, CA 94111

1    produce invoices to the extent such invoices exist and are relevant or likely to lead to the

2    discovery of admissible evidence.

3

4    Dated: April 11, 2008                          PILLSBURY & LEVINSON, LLP

5

6    By:

7                                                    Vedica Puri
                                                     Eric K. Larson
8                                                    Attorneys for Plaintiff and Counterdefendant
                                                     COPART INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COPART'S RESPONSE TO DOCUMENT REQUESTS (2nd Set)
Case No.  C 07 2684 CW

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor · San Francisco, CA 94111

1

**PROOF OF SERVICE**

2  I, the undersigned, declare that I am a citizen of the United States; my business address is
The Transamerica Pyramid, 600 Montgomery Street, 31st Floor, San Francisco,
3  California 94111; I am employed in the City and County of San Francisco; I am over the
age of eighteen (18) years and not a party to the within action.
4

5  On April 11, 2008, I served the foregoing document(s) described as

6  (1)    **COPART'S RESPONSE TO U.S. FIRE'S SECOND SET OF DOCUMENT
REQUESTS**
7

8  on the interested party(ies) in this action by placing ☐ the original ☒ a true copy
thereof enclosed in a sealed envelope addressed as follows:
9

Jess B. Milikan
10  Samuel H. Ruby
Judith A. Whitehouse
11  BULLLIVANT HOUSER BAILEY PC
601 California Street, Suite 1800
12  San Francisco, CA 94108
Tel. 415-352-2700
13  Fax 415-352-2701
14

15  ☒       BY MAIL:  I caused such envelope(s), fully prepaid, to be placed in the United
States mail at San Francisco, California.  I am "readily familiar" with this firm's
16          practice for collection and processing of correspondence for mailing.  Under
that practice, it would be deposited with the United States Postal Service the
17          same day, with postage thereon fully prepaid, at San Francisco, California, in
the ordinary course of business.  I am aware that on motion of the party served,
18          service is presumed invalid if the postal cancellation date on postage meter date
is more than one day after date of deposit for mailing in affidavit.
19
20  ☐       BY FACSIMILE:  In addition to service by mail, on this date I transmitted a
copy of the foregoing document(s) to the facsimile number(s) shown above.
21
22  ☒       STATE:  I declare under penalty of perjury under the laws of the State of
California that the foregoing is true and correct.
23  Executed on April 11, 2008 at San Francisco, California.

24

25  _Sandra Bush_
Sandra Bush

26

27

28

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor · San Francisco, CA 94111

# EXHIBIT C

1   Philip L. Pillsbury, Jr. (SBN 72261)
    Vedica Puri (SBN 176252)
2   Eric K. Larson (SBN 142791)
3   PILLSBURY & LEVINSON, LLP
    The Transamerica Pyramid
4   600 Montgomery Street, 31st Floor
    San Francisco, CA 94111
5   Telephone:  (415) 433-8000
6   Facsimile:  (415) 433-4816
    E-mail:  ppillsbury@pillsburylevinson.com
7            vpuri@pillsburylevinson.com
             rlarson@pillsburylevinson.com
8

9   Attorneys for Plaintiff and Counterdefendant
    COPART INC.

10

11                    UNITED STATES DISTRICT COURT

12                  NORTHERN DISTRICT OF CALIFORNIA

13                          OAKLAND DIVISION

14  COPART INC.,                      )  Case No.  C 07 2684 CW
                                      )
15              Plaintiff,            )  **E-FILING**
                                      )
16      vs.                           )  **STIPULATION AND ORDER RE**
                                      )  **EXTENSON OF DISCOVERY AND**
17  CRUM & FORSTER INDEMNITY          )  **DISPOSITIVE MOTION DEADLINES**
    COMPANY, UNITED STATES FIRE       )
18  INSURANCE COMPANY, and DOES 1-10, )  **(TRIAL DATE UNAFFECTED)**
    Inclusive,                        )
19                                    )
20              Defendants.           )
                                      )
21  AND RELATED CROSS-ACTION          )  Action Filed:  March 20, 2007
                                      )  Trial Date:     November 10, 2008
22

23          Plaintiff Copart, Inc. and Defendant United States Fire Insurance Company, by and

24  through their respective counsel herein, stipulate to the following extension of certain

25  deadlines (all approximately 30 days in length) necessitated by scheduling conflicts of counsel

26  and witnesses.  This extension will *not* affect the trial date.

27          The parties agree to the following deadlines:

28  / / /

                                         -1-

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor · San Francisco, CA 94111

1    Completion of fact discovery:  May 30, 2008, provided that no further interrogatories,

2    requests for production/inspection, or requests for admissions shall be served.

3    Disclosure of identities and reports of expert witnesses:  June 30, 2008

4    Rebuttal:  July 31, 2008

5    Completion of Expert Discovery:  August 29, 2008

6    All case dispositive motions to be heard at 2:00 p.m. on or before:  August 21, 2008.

7    The dates for the pretrial conference (October 26, 2008) and trial (November 10, 2008)

8    will remain the same.

9

10   Dated: April 9, 2007                          PILLSBURY & LEVINSON, LLP

11

12                                         By:  /s/  Vedica Puri

13                                              _____
                                                Vedica Puri
14                                              Attorneys for Plaintiff and Counterdefendant
                                                COPART INC.
15

16   Dated: April 9, 2007                          BULLIVANT HOUSER BAILEY PC

17

18                                         By:  /s/ Samuel H. Ruby
                                                _____
19                                              Samuel H. Ruby
                                                Attorneys for Defendant and Counterclaimant
20                                              UNITED STATES FIRE INSURANCE
                                                COMPANY
21

22   IT IS SO ORDERED.  **The FCMC is also continued to 8/21/08.**

23

24   Dated:  __4/14/08_____

25                                              CLAUDIA WILKEN
26                                              UNITED STATES DISTRICT JUDGE

27

28

-2-

STIPULATION AND PROPOSED ORDER RE EXTENSON                    Case No.  C 07 2684 CW
OF DISCOVERY AND DISPOSITIVE MOTION DEADLINES

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor · San Francisco, CA 94111

# EXHIBIT D

**⚏ Bullivant |Houser |Bailey** ₚₒ

Attorneys at Law

JUDITH A. WHITEHOUSE
Direct Dial: (415) 352-2724
E-mail: judith.whitehouse@bullivant.com

SAMUEL H. RUBY
Direct Dial: (415) 352-2723
E-mail: samuel.ruby@bullivant.com

April 15, 2008

*Via Facsimile*

Vedica S. Puri
Eric K. Larson
Pillsbury & Levinson, LLP
The Transamerica Pyramid
600 Montgomery St., 31st Fl.
San Francisco, CA  94111

    Re: *Copart Inc. v. Crum & Forster Indemnity Company, et al.*
      U.S. District Court for the Northern District Of California
      Case No. C 07 2684 CW EDL
      Our File No. 10450.69

Dear Counsel:

    We write in reply to your letter dated April 11, 2008 on the related issues of US Fire's second set of document requests and its site inspection notices.

**Relevancy**

    You object to the document requests and site inspection notices on the grounds that they are irrelevant. You assert that they are irrelevant because they have "no connection to Copart's claim." However, you know full well that the requested documents and inspections are related to *US Fire's counterclaim* for negligent misrepresentation.

    Your continuing position that US Fire is not entitled to any discovery concerning any location other than Yard 105 is in bad faith. Judge Laporte has already overruled you on that issue:

Vedica S. Puri
Eric K. Larson
April 15, 2008
Page 2

> **Defendant seems to be correct there is a counterclaim for**
> **negligent representation that would encompass a broader**
> **range than the initial complaint.** I would agree with them
> they don't have to just accept plaintiff's representation that the
> document is irrelevant…. I'd be inclined to have you produce
> that.
>
> (Transcript of Hearing before the Honorable Elizabeth D.
> Laporte on January 15, 2008, 4:16-25 to 5:1.)

If we have to file a motion to compel, we will seek at least monetary sanctions. Additionally, or alternatively, we will seek an issue sanction that Copart be precluded from presenting a defense to the negligent misrepresentation claim.

## Scope Of The Document Requests

You characterize US Fire's Second Set of Document Requests as essentially a restatement of the same requests from the first set that the court found "disproportionate" at the hearing on January 15. That is incorrect.

In discussing Document Requests 19, 20 and 21 (which requested replacement cost values for buildings, non-computer personal property and computers, respectively), the Judge stated "Well, I think your request is just—it's disproportionate and of tangential [sic] relevance at most. Unless you can narrow it some way that makes sense, I would deny it." (Transcript, 7:22-24). Because Copart had delivered over 300 pages of responsive documents just prior to the hearing, there was no way to tell if responsive documents had been produced. Accordingly, Judge Laporte denied the motion to compel further responses to Document Requests 19, 20 and 21, without prejudice and suggested "Look at what you've got. If you are still unsatisfied, have a real meet and confer, and at most, seek something far more narrow than you asked for, because it's broad." (Transcript, 8:2-5).

Rather than continue to battle over Requests 19-21, we served new requests. In keeping with Judge Laporte's comments, we replaced the former Request 19 with separate and narrower requests for more specific categories of documents. Also, we replaced the former Requests 20 and 21 with requests targeting a mere handful of Copart's more than one hundred locations. The current requests are unambiguous (you do not argue otherwise) and reasonable in scope.

Vedica S. Puri
Eric K. Larson
April 15, 2008
Page 3


## Stipulation?

On July 20, 2007, Copart's Heather Luck forwarded to Marsh's Patrice McIntyre a "revised property schedule." (CPT 1048 et seq.) That schedule, dated June 28, 2007, indicates that it was "updated by Mike Carson, Paul Styer, Simon Rote & Heather Luck on 1/19/07." An email dated January 4, 2007 indicates that Copart's "property managers" were charged with verifying and completing "their portion[s]" of the statement. (CPT 1025.)

From the aforementioned documents, we gather that after discovering that its prior statements were incomplete and inaccurate, Copart initiated an internal audit. The June 28, 2007 statement was the result of that audit. Anticipating that Copart may allege (a) that the reason why some of the locations listed in that statement were not disclosed to US Fire at earlier junctures is that they had not been acquired yet, or (b) that the reason why the values increased was because of new construction, not simply an error in the initial information, US Fire has propounded document requests and demanded site inspections.

Are we to understand from Copart's unwillingness to respond to such discovery that Copart concedes that the June 28, 2007 statement reflects the values that would have been reported to US Fire starting in 2003 if Copart had made an effort to provide complete and accurate information then? If Copart will stipulate that (1) all of the locations listed in the June 28, 2007 statement were owned or operated by Copart as of September 2003, and (2) that the values listed in the June 28, 2007 statement were the true values for those locations as of September 2003, then although US Fire suspects that even the June 28, 2007 statement may understate the values, US Fire may be willing to accept the stipulation and calculate its claim for addition premiums based on the differences between that statement and earlier statements. Please advise if Copart would so stipulate.

If Copart is going to argue that some of the locations listed in the June 28, 2007 statement were not owned or operated by Copart when values were previously reported to US Fire, Copart must produce the documents upon which it will rely at trial. If Copart is going to argue that any difference between the values in the June 28, 2007 statement and values previously reported to US Fire was due to new construction, Copart must produce the documents upon which it will rely at trial. Frankly, we would rather have an order precluding Copart from offering such evidence at trial than have to factor that evidence into our calculations. Thus, if Copart wants to withhold the evidence and thereby hamstring itself, so be it.

Vedica S. Puri
Eric K. Larson
April 15, 2008
Page 4

Copart's responses to the second set of document requests were due in mid-March.
At your request, we granted an extension to March 28. Then, without explanation, you did
not serve responses until April 11. The responses consist of objections, and no documents
have been produced. Given that we are now already a month beyond when the responses and
documents were originally due, and given the impending discovery deadline, these matters
must be resolved immediately.

Please confirm that Copart will produce, by the end of the week, all documents
responsive to the second set of document requests. Please also confirm that the site
inspections will be allowed on dates in May to be determined. Alternatively, please confirm
that Copart will stipulate that the June 28, 2007 statement reflects the locations it owned or
operated from September 2003 forward (and the values at those locations from that time
forward)—in which case, we will confer with US Fire as to whether it will accept the
stipulation and withdraw the pending discovery.

Very truly yours,

Samuel H. Ruby
Judith A. Whitehouse

10506170.1

