# EXHIBIT E

P&L

P I L L S B U R Y & L E V I N S O N LLP

ERIC K. LARSON

April 18, 2008

*Via Fax & U.S. Mail*

Samuel H. Ruby
Judith A. Whitehouse
Bullivant, Houser & Bailey PC
601 California Street, Suite 1800
San Francisco, CA 94108

Re:   *Copart, Inc.* v. *United States Fire Insurance Company,*
U.S. District Court, Northern District, Case No. 07 02684 CW

Dear Counsel:

Consistent with what has been your practice in this case, your April 15, 2008 letter does not constitute a reasonable effort to meet and confer but only consists of mischaracterizations of what we and the Court have said. The fact that you would threaten to seek issue sanctions when the last discovery ruling from the Court was largely in Copart's favor is, unfortunately, illustrative of the reaction we get from USFIC when we try to meet and confer on discovery.

Your statement that Copart has taken the position that USFIC is not entitled to any discovery regarding any location other than Yard 105 is simply false; my April 11 says the opposite. It attempted to open a discussion regarding "how we can get you a reasonable production of documents that meets your needs on USFIC's counterclaims." Instead of taking the invitation and reasonably meeting and conferring, you choose to cast untrue aspersions. Let me try again.

**Documents and Site Inspections.**

You have avoided one of the central questions of my letter, asking you to articulate your theory of negligent misrepresentation and in particular an explanation of how USFIC could possibly have been damaged even assuming that Copart "negligently misrepresented" property values. You resolutely refuse to do so. I ask again: Is there any authority for the proposition that USFIC suffered detriment proximately caused by the alleged misrepresentations with respect to a particular property when Copart never

THE TRANSAMERICA PYRAMID
600 MONTGOMERY STREET
THIRTY-FIRST FLOOR
SAN FRANCISCO, CA 94111

TEL: (415) 433-8000
FAX: (415) 433-4816

WWW.PILLSBURYLEVINSON.COM

Samuel H. Ruby
Judith A. Whitehouse
April 18, 2008
Page 2

made a claim with respect to that property, and USFIC never made a payment? Is the theory that USFIC could have made more money on the relationship with Copart than it already did? If so, please cite me some authority supporting such a "damages" theory.

I remind you that USFIC required us to explain the relevance of something as basic as loss reserve information before it would respond (and still hasn't responded). I am asking for some citation of case authority supporting your damages claim that would make your wide-ranging discovery requests relevant.

Notwithstanding the fact that our attempts to meet and confer with you are akin to shouting into a stiff wind, we propose to produce to you a lengthy document called Construction in Process Completed Projects that will show, for each yard, from January 1, 2000 to January 31, 2007 the date, vendor name, explanation, and amount for each invoice paid that relates to construction and renovation. We are also looking into whether there is a similar summary document reflecting acquisitions and purchase prices. If there is, we will produce it. Your proposed stipulation is rejected.

With regard to computer and personal property invoices related to the 5 specific yards, as a general practice Copart does not maintain, on a per yard basis, records of computers or personal property purchased. Computers and other items (copiers, postage machines, furniture and the like) are purchased centrally and distributed to the particular yards nationwide. We are looking into what sort of summary document may exist that would give you a general idea of computers and personal property purchased for those particular yards and the cost thereof.

We are willing, in the spirit of cooperation, to make the documents described above available, but are unwilling to allow the intrusive procedure of property inspections by unnamed "consultants", especially without any effort on your part to articulate a theory of relevance or discoverability. Further, these "inspections" would be duplicative of, or likely less useful than, the documents we have agreed to produce. Please let us know if you insist on pursuing the inspections, and we can discuss the scheduling of our motion for a protective order.

Samuel H. Ruby
Judith A. Whitehouse
April 18, 2008
Page 3

With regard to documents reflecting the renovation of the shed, and the current rebuild of the Truck Depot, we are preparing those for production. However, the documents related to the Truck Depot include numerous oversize drawings that will be more costly than usual to copy. We have an estimate of $651 to make those copies and we will need your confirmation that we may have the copy service bill your office on behalf of USFIC directly before we proceed to make those copies.

Further, we have agreed to produce Fixed Asset Master lists for 2003 and 2004 under an interpretation of Judge LaPorte's comments that is very generous to USFIC, and will do so. The Court very clearly chose the date of the hurricane as the "time cut-off" and stated that "I don't think present values are relevant," a comment, incidentally, that also casts doubt on the propriety of site inspections. Please explain how Fixed Asset Master lists after 2005 are discoverable in light of the Court's comments.

**Depositions.**

We are in the process of scheduling these depositions with you and there are no disputed issues at the moment.

**USFIC Responses.**

You still owe us the unredacted documents showing loss reserve information. We asked for those documents by letter of March 31, 2008, you responded by asking us to explain the relevance by letter of April 7, and we did so by letter of April 11.

**Amendments to Answer.**

Your letter of April 15, 2008 contains the first articulation of a theory of "misrepresentation" that is apparently based on an alleged discrepancy between the July 2007 Statement of Values and the October 2, 2003 SOV, three years earlier. This now raises a statute of limitations issue and we will seek to amend our answer to add an affirmative defense that the counterclaim is barred by the statute of limitations. Because leave to amend is freely granted, even up to the date of trial, and such an amendment will not change in any way the discovery that has been or will be conducted, we ask that you

Samuel H. Ruby
Judith A. Whitehouse
April 18, 2008
Page 4

agree to stipulate to such an amendment.  Please let us know immediately or we will bring a motion to the court.

I'm happy to discuss all of these issues with you.  To the extent there remain issues that require court resolution, I suggest that we discuss and identify these and, if necessary, jointly choose a hearing date so that we may bring all issues to the court in a cohesive manner.

Very truly yours,

Eric K. Larson

EKL:sb

PILLSBURY & LEVINSON LLP

1/18/1999    TRAVIS JOHNS

mnts/thr denver we

Dollar amount redacted.

Report: 2060.rrdb/Reclass Detail

Page 233

25-Apr-08 12:54 PM

YARD: 70    West Palm Beach    Yard 68 Total

Dollar amount redacted.

| Date | Vendor Name/VE Description | Explanation | Amount | Rcls Accnt | Rcls Date |
|---|---|---|---|---|---|
| 6/8/2000 | ANTHONY ZAJLA | renovation to build | | 2040 | 2/28/2001 |
| 2/16/2000 | CAMARDA BUILDERS INC | AS BUILT DRAWING FOR | | 2040 | 2/28/2001 |
| 12/31/2000 | CAMARDA BUILDERS INC | build permt ptmb pmt | | 2040 | 2/28/2001 |
| 11/1/2000 | CAMARDA BUILDERS INC | Water line to replace well w/city water | | 2040 | 2/28/2001 |
| 2/4/2000 | CAMARDA BUILDERS INC | renovation 2 buildings | | 2040 | 2/28/2001 |
| 3/7/2000 | CAMARDA BUILDERS INC | building renovations | | 2040 | 2/28/2001 |
| 5/1/2000 | CAMARDA BUILDERS INC | BLDG RENOVATION/INSTL | | 2040 | 2/28/2001 |
| 4/3/2000 | CAMARDA BUILDERS INC | Bldg renovations | | 2040 | 2/28/2001 |
| 1/20/2000 | CAMARDA BUILDERS INC | office trailer | | 2040 | 2/28/2001 |
| 5/11/2000 | J.M. RUSSELL ELECTRI | ELECTRIC FOR BUILDIN | | 2040 | 2/28/2001 |
| 9/14/2000 | J.M. RUSSELL ELECTRI | rewiring | | 2040 | 2/28/2001 |
| 5/30/2000 | J.M. RUSSELL ELECTRI | electrical repair | | 2040 | 2/28/2001 |
| 5/1/2000 | J.M. RUSSELL ELECTRI | retainer/consulting | | 2040 | 2/28/2001 |
| 9/30/2000 | LARRY STRIPLING | Misc. Supplies | | 2030 | 2/28/2001 |
| 4/27/2000 | LARRY STRIPLING | HOME DEPOT & OTHER S | | 2040 | 2/28/2001 |
| 8/14/2000 | LARRY STRIPLING | HOME DEPOT SUPPLIES | | 2040 | 2/28/2001 |
| 3/29/2000 | LARRY STRIPLING | Supplies, day labor, fire inspection | | 2040 | 2/28/2001 |
| 11/8/2000 | LARRY STRIPLING | HOME DEPOT SUPPLIES | | 2040 | 2/28/2001 |
| 5/26/2000 | LARRY STRIPLING | Misc. supplies | | 2040 | 2/28/2001 |
| 7/17/2000 | LARRY STRIPLING | SUPPLIES W/PLAM BEAC | | 2040 | 2/28/2001 |
| 4/24/2000 | PALM BEACH COUNTY WAT | WATER CONNECTION | | 2040 | 2/28/2001 |
| 5/18/2000 | PM SURVEYING INC | UPDATE SURVEY FOR COU | | 2040 | 2/28/2001 |
| 4/27/2000 | PM SURVEYING INC | SURVEYING FOR NEW BLDG | | 2040 | 2/28/2001 |
| 5/21/2000 | R.E. WILLIAMS CONSTR | CONSULT SRV FOR BUILDING | | 2040 | 2/28/2001 |
| 2/1/2000 | SANTOM TRANSPORT INC | 2 loads septic sand | | 2040 | 2/28/2001 |
| 1/17/2000 | TOWN & COUNTRY SEPTIC | septic reapo-west palm beach | | 2040 | 2/28/2001 |

Building renovations    Dollar amount redacted.

Report: 2060.rrdb/Reclass Detail    Page 233

| Date | Vendor Name/VE Description | Explanation | Amount | Rcls Accnt | Rcls Date |
|---|---|---|---|---|---|
| 3/14/2000 | KANTORS DISCOUNT OF | down pymt workstation | | 2050 | 2/28/2001 |
| 4/19/2000 | KANTORS DISCOUNT OF | FINAL PYMNT WRK STAT | | 2050 | 2/28/2001 |

Cubicles    Dollar amount redacted.

| 3/29/2000 | BALL PRODUCTS INC | FENCE SCREENING | | 2030 | 2/28/2001 |
| 2/11/2000 | FABRICATION SPECIALT | 3 sets gate rollers | | 2030 | 2/28/2001 |
| 5/18/2000 | FENCE BUILDER | FENCE | | 2030 | 2/28/2001 |
| 6/21/2000 | FENCE BUILDER | FENCE REPAIR | | 2030 | 2/28/2001 |
| 6/21/2000 | FENCE BUILDER | GATE REPAIR | | 2030 | 2/28/2001 |
| 5/18/2000 | FENCE BUILDER | FENCE | | 2030 | 2/28/2001 |
| 3/2/2000 | FENCE BUILDER | fence material | | 2030 | 2/28/2001 |
| 5/26/2000 | FENCE BUILDER | cantilever gate oper | | 2030 | 2/28/2001 |
| 4/17/2000 | FENCE BUILDER | 2nd paymt/fence cont | | 2030 | 2/28/2001 |
| 7/20/2000 | MICHAEL RISPOLI | 2 sensors | | 2030 | 2/28/2001 |
| 6/5/2000 | MICHAEL RISPOLI SERV | inst elctrc gate op | | 2030 | 2/28/2001 |

CONFIDENTIAL
CPT003457

Report: 2080.mdx/Reckless Detail     Page 224     25-Apr-08 12:54 PM

| Date | Vendor Name/J/E Description | Explanation | Amount | Rcds Acnt | Rcds Date |
|---|---|---|---|---|---|
| 5/1/2000 | VICTOR MACGYON | DAY LABOR 4/28/00 | Fence Dollar amount redacted. | 2030 | 2/28/2001 |
| 3/28/2000 | CONTAINMENT SOLUTION | 650 GAL DSL STORAGE | | 2050 | 2/28/2001 |
| 6/7/2000 | CONTAINMENT SOLUTION | fuel pump | | 2050 | 2/28/2001 |
| 7/17/2000 | CONTAINMENT SOLUTION | 12 VOLT FUEL PUMP | Fuel Tank & Pump Dollar amount redacted. | 2050 | 2/28/2001 |
| 8/9/2003 | RAY TRAISTER | INSTALL GATE OPENER | Gate operator Dollar amount redacted. | 2030 | 10/1/2003 |
| 3/29/2000 | BI SQUARE INC | DUMPSTERS 2 30 YRD & | | 2030 | 2/28/2001 |
| 4/19/2000 | CORAL STEEL & SUPPLY | dumpster loads,lift | | 2030 | 2/28/2001 |
| 2/1/2000 | CORAL STEEL & SUPPLY | coral,stl dmpstr,dum | | 2030 | 2/28/2001 |
| 5/15/2000 | CUNNINGHAM & DURRANC | crushed asphalt | | 2030 | 2/28/2001 |
| 7/1/2000 | CUNNINGHAM & DURRANC | MEETING W/PALM BEACH | | 2030 | 2/28/2001 |
| 5/26/2000 | CUNNINGHAM & DURRANC | PARCELS A&B ASSIST W | | 2030 | 2/28/2001 |
| 8/24/2000 | CUNNINGHAM & DURRANC | SITE PLANS REVISION | | 2030 | 2/28/2001 |
| 4/6/2000 | DS EAKINS | store | | 2030 | 2/28/2001 |
| 4/6/2000 | DS EAKINS | crushed asphalt,yard | | 2030 | 2/28/2001 |
| 2/1/2000 | DS EAKINS | 123 loads crushed as | | 2030 | 2/28/2001 |
| 3/7/2000 | DS EAKINS | crushed asphalt | | 2030 | 2/28/2001 |
| 4/14/2000 | DS EAKINS | crushed asphalt | | 2030 | 2/28/2001 |
| 3/1/2000 | FRANK SMITH | yard grading | | 2030 | 2/28/2001 |
| 4/14/2000 | FRANK SMITH | grading work | | 2030 | 2/28/2001 |
| 3/14/2000 | FRANK SMITH | grading | | 2030 | 2/28/2001 |
| 2/28/2000 | G.T. CHARLES | LABOR FOR YRD 70 | | 2030 | 2/28/2001 |
| 2/14/2000 | G.T. CHARLES | lot work | | 2030 | 2/28/2001 |
| 3/1/2000 | G.T. CHARLES | | | 2030 | 2/28/2001 |
| 4/27/2000 | LARRY STRIPLING | HOME DEPOT & OTHER S | | 2030 | 2/28/2001 |
| 3/29/2000 | LARRY STRIPLING | Loader repair & diesel fuel | | 2030 | 2/28/2001 |
| 9/5/2000 | LARRY STRIPLING | Drain pipe | Dollar amount redacted. | 2030 | 2/28/2001 |
| 8/31/2000 | LARRY STRIPLING | Pipe for ditch | | 2030 | 2/28/2001 |
| 5/26/2000 | LARRY STRIPLING | Cars stops | | 2030 | 2/28/2001 |
| 3/13/2000 | NELSON LAND CLEARING | dump fees | | 2030 | 2/28/2001 |
| 3/24/2000 | NELSON LAND CLEARING | land work, back hoe | | 2030 | 2/28/2001 |
| 2/23/2000 | NELSON LAND CLEARING | land clearing | | 2030 | 2/28/2001 |
| 2/16/2000 | NELSON LAND CLEARING | land clearing | | 2030 | 2/28/2001 |
| 4/6/2000 | RED & WHITE TRUCKING | trucking/crushed asp | | 2030 | 2/28/2001 |
| 3/1/2000 | RED & WHITE TRUCKING | trucking of stone | | 2030 | 2/28/2001 |
| 3/10/2000 | RED & WHITE TRUCKING | trucking stone | | 2030 | 2/28/2001 |
| 9/21/2000 | RENTAL SERVICE CORPO | EXCAVATOR RENTAL | | 2030 | 2/28/2001 |
| 3/27/2000 | RENTAL SERVICE CORPO | HYD BREAKER | | 2030 | 2/28/2001 |
| 3/27/2000 | RENTAL SERVICE CORPO | SKIDSTER LOADER HYD | | 2030 | 2/28/2001 |
| 4/12/2000 | RENTAL SERVICE CORPO | TRENCHER RENTAL | | 2030 | 2/28/2001 |
| 3/27/2000 | RENTAL SERVICE CORPO | LOADER RENTAL | | 2030 | 2/28/2001 |
| 4/6/2000 | RENTAL SERVICE CORPO | rental of tractor lo | | 2030 | 2/28/2001 |
| 4/12/2000 | RENTAL SERVICE CORPO | CONCRETE BREAKER | | 2030 | 2/28/2001 |
| 3/9/2000 | RENTAL SERVICE CORPO | art wheel 2/4-3/2/00 | | 2030 | 2/28/2001 |
| 6/22/2000 | RENTAL SERVICE CORPO | equipment rental | | 2030 | 2/28/2001 |

CONFIDENTIAL
CPT003458

Report: 2080.mdbRadless Detail

Page 225

25-Apr-08 12:54 PM

| Date | Vendor Name/UE Description | Explanation | Amount | Rcls Accnt | Rcls Date |
|---|---|---|---|---|---|
| 3/27/2000 | RENTAL SERVICE CORPO | DSL FOR LOADER 21 GA | | 2030 | 2/28/201 |
| 8/31/2000 | RENTAL SERVICE CORPO | TRENCHER RENTAL | | 2030 | 2/28/201 |
| 3/27/2000 | RENTAL SERVICE CORPO | TRACTOR LOADER & DSL | | 2030 | 2/28/201 |
| 5/16/2000 | RENTAL SERVICE CORPO | EXCAVATOR RENTAL | | 2030 | 2/28/201 |
| 2/17/2000 | RENTAL SERVICE CORPO | DITCH TRENCHER RENTA | | 2030 | 2/28/201 |
| 4/19/2000 | RENTAL SERVICE CORPO | MINI EXCAVATOR RENTA | | 2030 | 2/28/201 |
| 4/19/2000 | SANTOM TRANSPORT INC | CLEANING DITCH TRUCK | | 2030 | 2/28/201 |
| 10/24/2000 | SANTOM TRANSPORT INC | CRUSHED ASPHALT | | 2030 | 2/28/201 |
| 4/6/2000 | STEVE GRANATO TRUCKI | trucking from ditch | | 2030 | 2/28/201 |
| 3/28/2000 | SANTOM TRANSPORT INC | DUMP FEES JUNK BLDG | | 2030 | 2/28/201 |
| 5/15/2000 | SUNBURST SANITATION | DUMP FEE | | 2030 | 2/28/201 |
| 7/6/2000 | SUNBURST SANITATION | dump fee | | 2030 | 2/28/201 |
| 9/30/2000 | VICTOR MAGYON | labor | | 2030 | 2/28/201 |
| 8/25/2000 | VICTOR MAGYON | labor | | 2030 | 2/28/201 |
| 4/3/2000 | VICTOR MAGYON | day labor | | 2030 | 2/28/201 |

Grading/Paving    Dollar amount redacted.

| 5/6/2003 | WOODCO CONTRACTING | RENOVATIONS | | 2030 | 10/1/2003 |
| 5/23/2003 | WOODCO CONTRACTING | FINAL/ROOF REPAIR ONLY | | 2030 | 10/1/2003 |

Insurance office Renov    Dollar amount redacted.

| 7/8/2003 | WOODCO CONTRACTING | new office bid out outside | | 2030 | 10/1/2003 |
| 6/12/2003 | WOODCO CONTRACTING | office renovation | | 2030 | 10/1/2003 |
| 5/31/2003 | WOODCO CONTRACTING | LABOR | | 2030 | 10/1/2003 |
| 5/20/2003 | WOODCO CONTRACTING | RENOVATION ALL STATE OFFICE | | 2010 | 10/1/2003 |

Dollar amount redacted.

| 5/2/2000 | LARRY STRIPLING | Pipe for sprinkler system | | 2030 | 2/28/201 |
| 4/27/2000 | LARRY STRIPLING | HOME DEPOT & OTHER S | | 2030 | 2/28/201 |
| 8/31/2000 | LARRY STRIPLING | Supplies | | 2030 | 2/28/201 |
| 6/22/2000 | NELSON LAND CLEARING | landscape mulch | | 2030 | 2/28/201 |
| 8/21/2000 | RAY TRAISTER | instl prt scrnn fnc & landscape wrk | | 2030 | 2/28/201 |
| 6/6/2000 | RAY TRAISTER | landscape | | 2030 | 2/28/201 |
| 5/16/2000 | RAY TRAISTER | landscape | | 2030 | 2/28/201 |
| 4/17/2000 | RAY TRAISTER | landscape deposit | | 2030 | 2/28/201 |

Landscape    Dollar amount redacted.

| 3/31/2000 | OFFICE DEPOT | credenza, computer | | 2050 | 2/28/201 |
| 3/28/2000 | OFFICE DEPOT | office furniture for new yard | | 2050 | 2/28/201 |

Office furniture    Dollar amount redacted.

| 12/28/1999 | BRICKLEMYER SMOLKER | ACQUISITION LND PALM | | 2010 | 2/28/2001 |
| 4/30/2000 | BRICKLEMYER SMOLKER | ACQUIS PARCEL LAND I | | 2010 | 2/28/2001 |
| 12/31/1999 | BRICKLEMYER SMOLKER | ACQ LAND PARCELS PAL | | 2010 | 2/28/2001 |
| 3/20/2000 | BRICKLEMYER SMOLKER | ACQ W/ PALM BEACH | | 2010 | 2/28/2001 |
| 10/27/2000 | BRICKLEMYER SMOLKER | credit check deposited 10/27/00 | | 2010 | 2/28/2001 |
| 3/20/2000 | BRICKLEMYER SMOLKER | services/W/Palm Beac | | 2010 | 2/28/2001 |
| 3/29/2000 | BRICKLEMYER SMOLKER | PHASE I ENVR/MNTL SIT | | 2010 | 2/28/2001 |
| 12/30/1999 | SMITH TECHNICAL SERV | PHASE I ENVR/MNTL S | | 2010 | 2/28/2001 |
| 12/30/1999 | SMITH TECHNICAL SERV | PHASE II ENVR/MNTL.S | | 2010 | 2/28/2001 |

Property Purchase - 71984

Yard 70 Total    Dollar amount redacted.

CONFIDENTIAL
CPT003459

# EXHIBIT F

# ⒽⒷⒷ Bullivant|Houser|Bailey PC

Attorneys at Law

SAMUEL H. RUBY
Direct Dial: (415) 352-2723
E-mail: samuel.ruby@bullivant.com

April 28, 2008

***Via Hand Delivery***

Eric K. Larson
Pillsbury & Levinson, LLP
The Transamerica Pyramid
600 Montgomery St., 31st Fl.
San Francisco, CA  94111

      Re:    <u>Copart Inc. v. Crum & Forster Indem. Co., et al.</u>
               N.D. Cal. No. C07-02684 CW - EDL
               Our File No. 10450/69

Dear Counsel:

      In March, US Fire served Requests for Entry Upon Land (site inspections).  The inspections were noticed for dates in late April, within (what was then) the discovery cut-off. At your office's request, we agreed to reschedule the inspections for May, and we agreed to stipulate to an extension of the discovery cut-off to allow for that.  The extension was granted, and we waited for you to propose new dates for the inspections.

      In your letter of April 18, 2008, you advised that you "are unwilling to allow the intrusive procedure of property inspections."  You asserted that inspections "would be duplicative of, or likely less useful than, the documents" you purportedly "have agreed to produce."  You informed us that if US Fire "insist[s] on pursuing the inspections," then you will file a motion for a protective order.

      US Fire will not withdraw its requests for site inspections.  On the contrary, given that Copart has not actually produced even a single document in response to US Fire's second and third set of document requests, US Fire has been planning to notice *additional* site inspections.  Additional site inspection requests (still limited to California and Florida) are enclosed.  Because you have advised that Copart will not voluntarily allow *any* inspections and will be moving for a protective order, we have left the dates of the additional inspections

Eric K. Larson
April 28, 2008
Page 2

to be determined. Similarly, pending the outcome of the motion, we will not insist you to provide new dates for the inspections that were previously noticed.

We will submit a detailed response to Copart's objections and anticipated motion when US Fire's opposition is due. But briefly:

Relevance. The requests are relevant. Site inspections would allow US Fire to confirm the construction type, square footage, and other features of the properties. That information, coupled with information about prevailing construction costs in 2003-2006, would enable US Fire to determine what it would have cost to replace the properties during that time frame. Discrepancies between those true replacement cost values and the values that Copart *reported* to US Fire in 2003-2006 will support US Fire's counterclaim for negligent misrepresentation.

Ambiguity. The requests are not ambiguous. As required by FRCP 34, the requests state that the purpose of entry would be to "inspect, measure, survey, [and/or] photograph] the buildings or structures." Surely you know what those words mean. Also, the requests clearly state that there will be "no testing, destructive or otherwise," so if you are implying that you have some concern that Copart's properties will be damaged or disturbed in any way, that concern is unfounded.

Vagueness. With respect to the identities of the replacement cost consultant(s) who will be conducting the inspections, we did not have that information at the time. We are still in the process of retaining replacement cost consultants in California and Florida, and we cannot imagine that it makes any real difference to you who the cost estimator or similar consultant will be. However, we recognize that Copart needs to know *whom to let in*, and for that reason we stated in the requests that the information would be provided at least seven days before any inspection. We stand by that promise and will even try to provide the information by the time of the hearing on your motion.

Undue burden. There would be nothing unduly burdensome about having to allow a cost estimator or similar expert access to a facility for a replacement cost appraisal. Nor has Copart ever "offered to make available" documents showing "purchase price, construction expenditures and renovation expenditures for every yard." Copart objected to Document Requests Nos. 18-19, forced a motion to compel with respect to those requests, and never produced anything in response to them except the Fixed Master Asset List for a single date. Copart has objected to US Fire's second and third sets of document requests, has not produced a single document in response to them, and we will now have to file a motion to compel compliance with those requests.

Eric K. Larson
April 28, 2008
Page 3

Furthermore, please recall that US Fire suggested a stipulation (to be based on Copart's own 2007 statement of values) regarding the true replacement cost values of Copart's properties at the relevant times. Copart refused that stipulation and has not proposed any other stipulation. Having refused to stipulate to the true values and having refused to produce documents from which US Fire could derive them, Copart has forced US Fire to conduct site inspections. It is Copart, not US Fire, that is making the issue unnecessarily complex and expensive to resolve.

We agree that the parties should attempt to coordinate hearing dates for their respective motions (US Fire's motion concerning the document requests, Copart's motion concerning the site inspection requests). When US Fire's motion is nearly ready for filing, and when we have a hearing date in mind, we will contact you. In the meantime, we trust you will be preparing Copart's motion.

Very truly yours,

Samuel H. Ruby

SHR:wlw
Enclosure
10541954.1

Jess B. Millikan (CSB#095540)
Samuel H. Ruby (CSB#191091)
Judith A. Whitehouse (CSB#198176)
BULLIVANT HOUSER BAILEY PC
601 California Street, Suite 1800
San Francisco, California 94108
Telephone: 415.352.2700
Facsimile: 415.352.2701
jess.millikan@bullivant.com
samuel.ruby@bullivant.com
judith.whitehouse@bullivant.com

Attorneys for Defendant
United States Fire Insurance Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| COPART INC., | Case No.: C 07 02684 CW - EDL |
| Plaintiff, | **US FIRE'S SECOND SET OF ENTRY (SITE INSPECTION) REQUESTS** |
| vs. | |
| CRUM & FORSTER INDEMNITY COMPANY,[1] UNITED STATES FIRE INSURANCE COMPANY, and DOES 1-10, | |
| Defendants. | |
| AND RELATED COUNTERCLAIMS. | |

---

[1] Dismissed by Order Upon Stipulation (6/15/07).

Pursuant to FRCP 34, United States Fire Insurance Company ("USFIC") requests that Copart, Inc. ("Copart" or "you") permit entry by consultants retained by USFIC onto the following designated land or other property possessed or controlled by Copart so that the consultants may inspect, measure, survey, or photograph the buildings or structures located there. The consultants will perform no testing, destructive or otherwise. The identities of the consultants will be provided at least 7 days prior to the inspections.

11.    Yard #4, 1255 East Central Ave., Fresno CA 93725

12.    Yard #5, 2216 Coy Avenue, Bakersfield CAS 93307

13.    Yard #6, 13895 Llagas Avenue, San Martin CA 95046

14.    Yard #7, 1203 S. Rancho Avenue, Colton CA 92324

15.    Yard #10, 8423 South Alameda, Los Angeles CA 90001

16.    Yard #43, 7519 Woodman Avenue #B, Van Nuys CA 91405

17.    Yard #42, 450 Hammond Blvd., Jacksonville FL 32220

18.    Yard #55, 8200 McCoy Road, Orlando FL 32822

Dates and times to be determined by the parties or the Court pending the outcome of Copart's motion for a protective order.

DATED:  April 28, 2008

BULLIVANT HOUSER BAILEY PC

By  _Samuel H. Ruby_
Jess B. Millikan
Samuel H. Ruby
Judith A. Whitehouse

Attorneys for Defendant
United States Fire Insurance Company

**PROOF OF SERVICE BY HAND**

I am employed in the City and County of San Francisco.  I am over the age of eighteen years and not a party to the within action; my business address is 1255 Post Street, Suite 500, San Francisco, CA  94109.

On April 28, 2008, I served the within

**U.S. FIRE'S SECOND SET OF ENTRY (SITE INSPECTION) REQUESTS**

in said action by personally delivering a true copy thereof to:

| | |
|---|---|
| Eric K. Larson<br>Pillsbury & Levinson, LLP<br>The Transamerica Pyramid<br>600 Montgomery St., 31st Fl.<br>San Francisco, CA  94111<br>Tel: (415) 433-8000<br>Fax: (415) 433-4816<br>Attorneys for Plaintiff<br>COPART INC. | |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 28, 2008, at San Francisco, California.

NATIONWIDE NETWORK

By:_____

_____
(print name)

6081398.1

– 1 –

# EXHIBIT G

P&L

P I L L S B U R Y & L E V I N S O N LLP

ERIC K. LARSON

April 29, 2008

*Via Fax & U.S. Mail*

Samuel H. Ruby
Bullivant, Houser & Bailey PC
601 California Street, Suite 1800
San Francisco, CA 94108

Re:    *Copart, Inc.* v. *United States Fire Insurance Company,*
        U.S. District Court, Northern District, Case No. 07 02684 CW

Dear Mr. Ruby:

We are in receipt of your letter of April 28, 2008.

With regard to Copart's production of documents, Copart produced documents today related to the renovation of the shed and rebuild of the Truck Depot as well as the Fixed Asset Lists for 2003 and 2004.

By the end of this week, we will produce the Construction in Progress report for every yard, from January 1, 2000-July 31, 2007, the document we previously described in our letter of April 18. This document contains the information sought by your document Requests Nos. 26 and 27. We are also still attempting to determine the existence of a document showing acquisition dates and purchase price for every yard which would be in Response to your Request No. 25. In order to produce that information, we will need to have entry of the confidentiality agreement and proposed order. We sent a draft to you last week.

We understand the difference between discoverability and admissibility. These documents, however, contain information that is completely irrelevant to this action, your counterclaim included, and not reasonably calculated to lead to the discovery of admissible evidence. Copart will produce these documents in the spirit of cooperation in discovery and despite your letters on behalf of USFIC that use a bellicose tone to attempt to distract from a lack of substance. You continue to state, in effect, that the discovery related to values of other yards is relevant to your counterclaim because you say so, and fail to articulate any damages USFIC could have possibly suffered or how a statement

THE TRANSAMERICA PYRAMID
600 MONTGOMERY STREET
THIRTY-FIRST FLOOR
SAN FRANCISCO, CA  94111

TEL: (415) 433-8000
FAX: (415) 433-4816

WWW.PILLSBURYLEVINSON.COM

Samuel H. Ruby
April 29, 2008
Page 2

regarding a potential replacement value can be an actionable misrepresentation. The counterclaim, and the attendant discovery, is simply a tactic intended to harass USFIC's insured.

Copart is a very busy company; we are not able to immediately conjure up the documents in response to USFIC's indiscriminate and far flung requests. Our efforts to engage in a reasonable conversation about discovery and an appropriate narrowing are rebuffed at every turn. Nevertheless, Copart has diligently accumulated and will produce this week the documents described above as we proposed to do in our letter of April 18. Our production of these documents, and the other over 3,000 pages of documents we have produced, demonstrates the upmost good faith in which Copart has been responding to discovery. Your statement in your April 28 letter, "Nor has Copart ever 'offered to make available' documents showing a 'purchase price, construction expenditures and renovation expenditures for every yard,'" is not true. My April 18 letter made exactly that offer. The stipulation you offered was not acceptable and you have not accurately described it in this most recent letter.

With regard to the site inspections, we will bring a motion for a protective order. You have repeatedly refused to, and presumably cannot, articulate how a "replacement cost appraisal" made in 2008 is relevant to your counterclaim. In any event, you already have building type and age, square footage, acreage, and other information from the June 28, 2007 Statement of Values, and will have all the construction information from the CIP Report.

Judge LaPorte hears discovery motions on Tuesdays. We will file our motion on May 6, set for hearing on June 10. After Copart's production of additional documents, I don't know what remaining issues, if any, you would have for a motion to compel, but let me know ahead of time, so we can work these remaining issues out, if possible, as Judge LaPorte has instructed us to do.

Samuel H. Ruby
April 29, 2008
Page 3

    With regard to the 2nd set of site inspection requests served yesterday, those requests are not allowed under the Court's order of April 14, 2008 and I trust you will withdraw those and not force a motion.

Very truly yours,

Eric K. Larson

EKL:sb

# EXHIBIT H

**⊞⊞⊞ Bullivant|Houser|Bailey** PC.

Attorneys at Law

JUDITH A. WHITEHOUSE
Direct Dial: (415) 352-2724
E-mail: judith.whitehouse@bullivant.com

May 1, 2008

*Via Facsimile*

Eric K. Larson
Pillsbury & Levinson, LLP
The Transamerica Pyramid
600 Montgomery St., 31st Fl.
San Francisco, CA 94111

      Re:   *Copart Inc. v. Crum & Forster Indem. Co., et al.*
              N.D. Cal. No. C07-02684 CW (EDL)
              Our File No. 10450/69

Dear Eric:

      This is in response to your letter of April 29, 2008, specifically with regard to the issue of additional site inspections. We note your contention that the Court's order of April 14, 2008 precludes our request for additional site inspections as served April 28.

      We do not believe that the Court's order precludes additional site inspections, but rather that the Court's order precludes either party from serving any additional requests for production or inspection of documents. That was our understanding in entering into the stipulation to extend discovery deadlines. If the stipulation is interpreted otherwise, there is no consideration for U.S. Fire's agreement to extend deadlines. As you know, U.S. Fire had noticed its depositions and propounded its written discovery, and in fact served its initial request for certain site inspections all within the original discovery deadlines. The only benefit to U.S. Fire in agreeing to extended discovery deadlines was the opportunity to request additional site inspections.

      However, we understand that you will shortly be filing a motion for a protective order with respect to the initial request for site inspections. We therefore propose to wait for a ruling on that motion before any further discussion of the parameters of the stipulation as it applies to the second request for site inspections. If the Court grants your motion for a protective order, there will be no need to bring a second motion. If, on the other hand, the

Eric K. Larson
May 1, 2008
Page 2

Court denies your motion, we will continue to meet and confer on the scope of the second request. If we cannot reach agreement on those additional site requests, we will request a ruling from the Court.

Very truly yours,

Judith A. Whitehouse

JAW:jaw
cc:    Samuel H. Ruby

 www.bullivant.com | Seattle  Vancouver  Portland  Sacramento  San Francisco  Las Vegas