Philip L. Pillsbury, Jr. (SBN 72261)
Vedica Puri (SBN 176252)
Eric K. Larson (SBN 142791)
PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor
San Francisco, CA 94111
Telephone:  (415) 433-8000
Facsimile:   (415) 433-4816
E-mail:  ppillsbury@pillsburylevinson.com
            vpuri@pillsburylevinson.com
            rlarson@pillsburylevinson.com

Attorneys for Plaintiff and Counterdefendant
COPART INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| COPART INC., <br><br> Plaintiff, <br><br> vs. <br><br> CRUM & FORSTER INDEMNITY COMPANY, UNITED STATES FIRE INSURANCE COMPANY, and DOES 1-10, Inclusive, <br><br> Defendants. | Case No.  C 07 2684 CW <br><br> **E-FILING** <br><br> **CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |
| AND RELATED CROSS-ACTION | Action Filed:  March 20, 2007 <br> Trial Date:      November 10, 2008 |

**CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

This Confidentiality Agreement and Proposed Protective Order (the "Agreement") is entered into by and between the parties to this action, namely, plaintiff Copart, Inc. ("Copart") and defendant Unites States Fire Insurance Company ("USFIC") by their respective attorneys, for the purpose of facilitating mutual discovery, and it is without prejudice to or waiver of any rights any party may have to obtain information, in addition to that information to be supplied pursuant hereto, with respect to documentary material or any other right of any party.

1    Whereas the Parties will and have exchanged certain documents and also intend to have
2 served notices of depositions, and similar discovery requests, the responses to which the
3 respective attorneys reasonably contend will include the disclosures of trade secrets,
4 proprietary financial information and other data, and/or confidential business information; and

5    Whereas the Parties, by and through their respective counsel, have agreed to produce
6 such information for inspection, copying and use in the present action, subject to the terms of
7 and provisions of this Agreement.

8    NOW THEREFORE, IT IS HEREBY AGREED THAT:

9    1.    The inspection, copying and use of the documents or portions thereof which are
10 produced by any of the Parties, the answers to interrogatories which are made by any of the
11 Parties, and any deposition testimony taken herein which any party designates as containing
12 confidential information shall be subject to the provisions of the following paragraphs hereof
13 and shall be limited to:

14    (a)    The attorneys for the Parties herein, including in-house counsel, and such other
15          attorneys who shall enter an appearance in this action;
16    (b)    Such other personnel employed by said attorneys for the purposes of the
17          prosecution, defense, or settlement of this litigation;
18    (c)    Any current officer or employee of a party or its insurance carriers to the extent
19          deemed necessary by counsel for the prosecution, defense or settlement of this
20          litigation;
21    (d)     Witnesses, including former employees, and consultants to the extent deemed
22          necessary by counsel for the prosecution, defense or settlement of this litigation;
23    (e)    Court reporters, their transcribers and assistants; and
24    (f)    The judiciary, its employees, and its agents.

25    2.    As to all information obtained during discovery, including but not limited to
26 documents, deposition testimony, interrogatory answers, and responses to requests for
27 admission, any party hereto claiming that such information is confidential shall be required to
28 designate those materials which are considered to be confidential and are covered by this

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor · San Francisco, CA 94111

1  Agreement in writing or on the stenographic record to the other party and its attorney at or
2  prior to the disclosure of any such materials.  Any documents, response, pleading or
3  interrogatory answer to be covered by this Agreement which is delivered to any opposing party
4  shall be stamped "CONFIDENTIAL" by the originating party on or before the time of said
5  delivery. As to deposition testimony, such designation shall be made on the record no later
6  than the conclusion, termination, or suspension of said deposition, whichever shall occur first,
7  or in writing and delivered to all Parties, as well as the court reporter, within seven days from
8  the conclusion of that deposition. Notwithstanding the foregoing, where a Party contends that
9  confidential information or documents have been inadvertently disclosed, that Party shall
10 promptly provide written notice to the other signatories identifying the documents or other
11 information which that party contends should have been made subject to this agreement.  Upon
12 receipt of such notice, the other Parties shall treat the documents or information at issue as
13 though they were identified as confidential at the time of disclosure. However, any Party who
14 contends that it has or will suffer any prejudice as a result of the late designation may make
15 application to the Court for an order rescinding the designation as untimely and prejudicial.
16 The Court, for good cause shown, may rescind the designation on that basis.

17       3.      As to any information that has already been produced by any of the Parties over
18 the course of this litigation prior to entry of this Agreement, that party that produced said
19 documents, interrogatory answers, deposition testimony, or responses to requests for admission
20 may now retroactively designate those materials as confidential and covered by this Agreement
21 by sending each of the other Parties a letter indicating which documents (by Bates Number
22 ranges), interrogatory answers, deposition testimony, or responses to requests for admission
23 are confidential and subject to this Agreement within 20 days of the execution of this
24 Agreement.

25       4.      Each of the persons identified as within the categories expressed in Paragraph 1
26 shall be prohibited from disclosing the contents of any documents, transcripts, exhibits,
27 pleadings, or interrogatory answers which are designated as confidential except as provided
28 / / /

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor · San Francisco, CA 94111

herein, or except as otherwise agreed upon by the party producing the document or providing the answer, or except as permitted by order of the Court.

5. Any person to whom the designated documents or answers are disclosed pursuant to Paragraph 1 subsection d or in accordance with the exceptions provided in Paragraph 4 shall be provided a copy of this Agreement and shall acknowledge his other agreement to be bound by its terms by executing a document in the form attached hereto as Addendum A. The original of the fully executed version of Addendum A signed by each person who has been shown designated documents or other designated material shall be maintained by counsel for the party who disclosed the designated documents or material and a copy shall be served on counsel for the party who designated the documents or material confidential pursuant to this Agreement.

6. All documents, information, pleadings, exhibits, testimony, and other material which is designated "CONFIDENTIAL" pursuant to this Agreement as well as all duplicates, notes, memoranda, and other documents referring in whole or in part to the confidential material or information shall be maintained in strictest confidence between these Parties and their respective counsel, shall not be disclosed to, or discussed with, any other person, and shall be maintained in a safe and secure area which is not accessible to persons other than those designated herein.

7. If the parties wish to file documents or other information (or portions thereof) designated "CONFIDENTIAL" or pleadings referring to such information, with the Court under seal, they shall follow the procedures set forth in Northern District Local Rule 79-5. Prior to following those procedures, the parties shall meet and confer regarding whether seeking a seal order is necessary.

8. The use of the documents and answers designated as confidential pursuant to Paragraph 1, and the contents thereof, for any purpose other than the preparation, trial and appeal of this case is prohibited, except as modified by subsequent order of the Court or written agreement of the Parties.

9. The restrictions set forth in any of the preceding paragraphs shall not apply to information that is acquired from a third party lawfully possessing such information and/or having no obligation to the designating party.

10. The Agreement shall be without prejudice to any of the Parties to bring before the Court at any time the question of whether any particular information is or is not confidential.

11. In any separate action based upon a claimed improper use of "CONFIDENTIAL" information, any party claiming possession of such information prior to disclosure thereof shall have the burden of establishing such prior possession as an affirmative defense in such an action.

12. Nothing in this Agreement shall be deemed to be a waiver of any party's right to oppose production of any information or documents lack of timeliness or relevance or materiality, or as a privileged communication, or as work product of counsel, or as not calculated to lead to the discovery of admissible evidence. Nothing in this Agreement shall be deemed a waiver of any party's right to oppose the introduction into evidence at trial or in connection with any motion of documents or information, whether subject to this Agreement or not, on any appropriate grounds.

13. Any party receiving a subpoena or other request under legal compulsion for production of documents or information falling within the protection of this Agreement shall: (a) immediately notify all Parties; (b) advise the party serving the subpoena or request that the documents or information sought are subject to this Agreement; and (c) in the event that one or more interested Parties takes prompt and reasonable steps after receipt of written notification to protect the confidentiality of the documents or information at issue from disclosure, shall not produce any documents or information subject to the protection of this Agreement unless ordered to do so by final order of a court of competent jurisdiction.

14. Upon final termination of this action, the Parties, or other person(s) subject to the terms hereof shall be under an obligation to assemble and return to the originating source all materials and documents marked "CONFIDENTIAL" and all copies, summaries and

abstracts thereof to the extent they disclose such confidential information, and to return or destroy all other material, memoranda or documents embodying such confidential information within 45 days from the final termination of this action with written confirmation of the return and/or destruction provided to the producing party.

15. It is contemplated by this Agreement that the materials or information covered by this Agreement shall remain confidential and shall be treated as confidential even after the termination of this action. It is further contemplated by the Parties that this Agreement will not be modified or amended after the termination of this action.

IT IS HEREBY AGREED TO BY COUNSEL FOR ALL PARTIES:

Dated: May 19, 2008   PILLSBURY & LEVINSON, LLP

By:  /s/ Eric K. Larson
Vedica Puri
Eric K. Larson

Attorneys for Plaintiff and Counterdefendant
COPART INC.

Dated: May 19, 2008   BULLIVANT HOUSER BAILEY PC

By:  /s/ Judith A. Whitehouse
Samuel H. Ruby
Judith A. Whitehouse

Attorneys for Defendant and Counterclaimant
UNITED STATES FIRE INSURANCE COMPANY

**ORDER**

This Court, having found that good cause exists to enter a Protective Order according to the terms of the parties' Confidentiality Agreement, it is so ordered.

DATED:___6/11/08_____   BY:_____
                                    United States District Judge

**ADDENDUM A**

**AGREEMENT TO BE BOUND BY
STIPULATED CONFIDENTIALITY AGREEMENT**

I, the undersigned, hereby acknowledge that I have received a copy of the Confidentiality Agreement entered into by the Parties in the action entitled *Copart, Inc. v. USFIC*, U.S.D.C., Northern District of California Case No. C 07 2684 CW and that I have read and understand the terms thereof. I agree to be bound by, and to comply with, all of the provisions of this Agreement. I will hold in confidence any information designated as "Confidential," and will not disclose such information to anyone other than those persons specifically authorized by the Agreement to receive such information. I will not copy or use such information except for purposes of the above-entitled action. By signing, I agree to submit to the jurisdiction of the San Francisco County Superior Court in the State of California, for the sole purpose of enforcing this Agreement.

Signature: _____

Print Name: _____

Company: _____

Date: _____