# EXHIBIT H

Jess B. Millikan (CSB#095540)
Samuel H. Ruby (CSB#191091)
Judith A. Whitehouse (CSB#198176)
BULLIVANT HOUSER BAILEY PC
601 California Street, Suite 1800
San Francisco, California 94108
Telephone: 415.352.2700
Facsimile: 415.352.2701
jess.millikan@bullivant.com
samuel.ruby@bullivant.com
judith.whitehouse@bullivant.com

*Attorneys for Defendant*
United States Fire Insurance Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| COPART INC.,<br><br>Plaintiff,<br><br>vs.<br><br>CRUM & FORSTER INDEMNITY COMPANY,[1] UNITED STATES FIRE INSURANCE COMPANY, and DOES 1-10,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No.: C 07 02684 CW (EDL)<br><br>**DEFENDANT UNITED STATES FIRE INSURANCE COMPANY'S RESPONSES TO PLAINTIFF'S FIRST SET OF SPECIAL INTERROGATORIES** |

PROPOUNDING PARTY: Plaintiff COPART, INC.

RESPONDING PARTY: Defendant UNITED STATES FIRE INSURANCE COMPANY

SET NUMBER: ONE

Defendant United States Fire Insurance Company objects and/or responds to plaintiffs' interrogatories as follows.

## GENERAL OBJECTIONS

The responses herein are made solely for the purpose of this action. Each response is

---

[1] Dismissed by Order Upon Stipulation (6/15/07).

10503665.1

– 1 –

DEFENDANT'S RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES (C 07 02684 CW (EDL))

1  subject to all objections as to competence, relevancy, materiality, propriety, admissibility and all
2  other objections on the grounds which would require the exclusion from evidence of any
3  statement herein if any interrogatory were asked of, or any statements contained herein were
4  made by, the witness present and testifying in court, all of which objections and grounds are
5  expressly reserved and may be interposed at trial.

6  No incidental or implied admissions are intended by the responses herein. The fact that USFIC has responded or objected to any interrogatory or part thereof, should not be deemed an admission that USFIC accepts or denies the existence of any fact set forth by such interrogatory. The fact that USFIC answers part or all of any interrogatory shall not be construed as a waiver by USFIC of any objection or any part of any objection to any interrogatory, including the interrogatory so answered.

12  USFIC reserves the right to amend, correct, modify, supplement or change its responses to these interrogatories as facts are developed and disclosed during discovery which will take place, and further reserves its right to use or rely at trial on information or documents not set forth in these responses.

16  To the extent that any interrogatory or part thereof calls for information, legal analysis or reasoning, writings, communications or anything else protected from disclosure by the attorney-client privilege, the work product privilege or doctrine, or any privilege or doctrine protecting information and documents prepared for purposes of settlement negotiations, U.S. Fire objects to each and every interrogatory and part thereof and will not supply or render information or anything protected from discovery by virtue of such doctrines or privileges.

22  USFIC objects to the definition of "ADVICE OF COUNSEL" to the extent it purports to call for information protected by the attorney-client privilege, the work product privilege or doctrine, or any privilege or doctrine protecting information and documents prepared for purposes of settlement negotiations.

**SPECIAL INTERROGATORIES**

**SPECIAL INTERROGATORY NO. 1:**

28  Describe in detail each alleged misrepresentation USFIC alleges in Paragraph 67 of

10503665.1
-2-
DEFENDANT'S RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES (C 07 02684 CW (EDL))

1. USFIC's counterclaim that was made by Copart to USFIC, including the substance, the date made and the person making each of the alleged misrepresentations.

**RESPONSE TO NO. 1:**

USFIC incorporates all General Objections. Without waiving any of those objections, USFIC responds: Generally, USFIC contends that Copart misrepresented and concealed (a) the existence of some locations owned by Copart, and (b) the values of the exposures at said locations, and (c) the values of the exposures even at locations that were disclosed. The misrepresentations alleged by USFIC are set forth in further detail in its counterclaim in paragraphs 2 through 60, including the substance, the date made and the person or persons making such misrepresentations. Additional details, including the full extent of the misrepresentations, are the subject of ongoing discovery.

**SPECIAL INTERROGATORY NO. 2:**

Please identify the instances in which USFIC denied a claim for indemnification of a property loss under an all risk USFIC commercial property policy from January 1, 2000 through December 31, 2007 based, even partially, on the insured's failure to list a value for an item (*e.g.*, building, computer equipment etc.) on a Statement of Values or similar form, including the date the claim was made, the USFIC claims handler on that claim, the name of the independent adjuster hired by USFIC if any, and the date of the denial.

**RESPONSE TO NO. 2:**

USFIC incorporates all General Objections. USFIC also objects to this interrogatory on the grounds that the request is overbroad and to that extent irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. USFIC further objects that the request is unduly burdensome and oppressive, because USFIC has no practical way to identify such "instances" other than to review every claim made in the given time frame. USFIC further objects to this interrogatory on the grounds that it seeks information regarding other policy holders, invades the privacy interest of other policyholders and seeks information regarding policies not at issue in this suit.

///

**SPECIAL INTERROGATORY NO. 3:**

Please identify the Bates-stamp range of documents with USFIC's document productions in this case that constitutes USFIC's claims file regarding this claim.

**RESPONSE TO NO. 3:**

USFIC incorporates all General Objections. Without waiving any of those objections, USFIC responds: CLAIM 0001-CLAIM 0330.

**SPECIAL INTERROGATORY NO. 4:**

Identify (by name, address and phone number) any consultants, including lawyers or independent adjusters, hired by USFIC to provide advice regarding coverage for Copart's claim.

**RESPONSE TO NO. 4:**

USFIC incorporates all General Objections. USFIC further objects to this interrogatory to the extent it purports to call for information protected by the attorney-client privilege, the work product privilege or doctrine, or any privilege or doctrine protecting information and documents prepared for purposes of settlement negotiations. Without waiving any of those objections, USFIC responds: Butler Pappas, Weihmuller Katz Craig LLP, 777 South Harbour Island Blvd., Suite 500, Tampa Florida 33602; 813.281.1900.

**SPECIAL INTERROGATORY NO. 5:**

Did USFIC rely on the ADVICE OF COUNSEL in denying Copart's claim? (As used herein, the term "ADVICE OF COUNSEL" refers to any form of legal advice, provided by any in-house USFIC attorney or outside counsel, including without limitation, legal conclusions, legal recommendations, mental impressions, commentary or legal analysis received by USFIC in connection with Copart's claim, including any conclusions, recommendations, mental impressions, commentary or analysis from any attorney. ADVICE OF COUNSEL includes any information, which USFIC has not produced to Copart because of USFIC's assertion of any attorney-client privilege and/or work product doctrine.)

**RESPONSE TO NO. 5:**

USFIC incorporates all General Objections. USFIC further objects to this interrogatory on the grounds that it calls for information protected by the attorney-client privilege and the

work product privilege or doctrine. Without waiving any of those objections, USFIC responds: No.

**SPECIAL INTERROGATORY NO. 6:**

Is USFIC relying on the ADVICE OF COUNSEL DEFENSE in this case? (As used herein, the term "ADVICE OF COUNSEL DEFENSE" refers generally to the insurance coverage defense in bad faith actions whereby an insurer alleges that it acted in the good faith reliance on advice of counsel).

**RESPONSE TO NO. 6:**

USFIC incorporates all General Objections. USFIC further objects to this interrogatory on the grounds that it calls for information protected by the attorney-client privilege and the work product privilege or doctrine. Without waiving any of those objections, USFIC responds: No.

**SPECIAL INTERROGATORY NO. 7:**

Please explain the difference between "Agreed Value" and "Replacement Cost" under Item 4 and in the first "Other Provisions" section of the Supplemental Declarations page attached hereto as **Exhibit A.**

**RESPONSE TO NO. 7:**

USFIC incorporates all General Objections. Subject to said objections, USFIC responds: in the declarations, "Agreed Value" and "Replacement Cost" simply refer to the corresponding valuation clauses in the policy. Those clauses speak for themselves.

**SPECIAL INTERROGATORY NO. 8:**

Please explain the purpose of issuing the Commercial Property Coverage Part Supplement Declarations page attached hereto as **Exhibit A?**

**RESPONSE TO NO. 8:**

USFIC incorporates all General Objections. Without waiving any of those objections, USFIC responds: The purpose of issuing the Commercial Property Coverage Part Supplemental Declarations page was to supplement (with information for which space is provided in that page) the general and/or common policy declarations.

**SPECIAL INTERROGATORY NO. 9:**

State the number of property loss claims due to Hurricane Wilma tendered to USFIC from October, 2005 through October, 2007?

**RESPONSE TO NO. 9:**

USFIC incorporates all General Objections. USFIC further objects to this interrogatory on the grounds that it seeks information regarding other policy holders, invades the privacy interest of other policyholders and seeks information regarding policies not at issue in this suit. Without waiver of those objections, USFIC responds: 113.

**SPECIAL INTERROGATORY NO. 10:**

State all facts that support your contention that a building must be described, including precisely what the description must be, in the Statement of Values to qualify as covered property.

**RESPONSE TO NO. 10:**

USFIC incorporates all General Objections. USFIC further objects to the request as compound. Without waiver of those objections, USFIC responds: The "Building and Personal Property Coverage Form" states:

> A.  **Coverage**
>
> We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.
>
> 1.  **Covered Property**
>
> Covered Property, as used in this Coverage Part, means the type of property described in this Section . . . if a Limit of Insurance is shown in the Declarations for that type of property.
>
> > a.  Building, meaning the building or structure *described in the Declarations* . . . .
> >
> > b.  Your Business Personal Property located in or on the building described in the Declarations . . . . .

The "Supplemental Declarations" (form FM 600.0.960 04/94), under "Item 2" ("Premises Described"), states, "See Schedule of Locations." The "Schedule of Locations" form, (form FM

1  206.0.3 (04/94)), states, "As per schedule on file with company." The Statement of Values was the "schedule" filed with USFIC.

**SPECIAL INTERROGATORY NO. 11:**

Identify by Bates-number documents where USFIC explained to Marsh or Copart that a building must be described by stating its value in the Statement of Value form to qualify as covered property under USFIC's all risk commercial property policy.

**RESPONSE TO NO. 11:**

USFIC incorporates all General Objections. Without waving those objections, USFIC responds: The policies issued by USFIC required that a building be "described in the declarations" in order to qualify as Covered Property. As explained in USFIC's response to Interrogatory No. 10 above, the Statements of Values were incorporated into and made part of the declarations. The Statements of Values provided columns where buildings were to be described by replacement cost value, number of buildings, construction type, square footage, and whether the building(s) were sprinklered and/or alarmed. Marsh understood the necessity of the Statements of Values and proactively submitted them to USFIC in connection with its solicitation of premium quotations. Prior to submitting the statements to USFIC, Marsh repeatedly asked Copart to update and complete them. The Bates numbers of the policies, the Statements of Values, and the correspondence between Marsh and Copart are equally available to Copart.

**SPECIAL INTERROGATORY NO. 12:**

Why did USFIC stop using GAB-Robins as a vendor in 2007?

**RESPONSE TO NO. 12:**

USFIC incorporates all General Objections. USFIC also objects to this interrogatory on the grounds that the interrogatory is vague and ambiguous and seeks information which is irrelevant and unlikely to lead to the discovery of admissible evidence. Without waiving those objections, USFIC responds: The discontinuance of GAB-Robins' status as a vendor was not connected to Copart's claim.

///

**SPECIAL INTERROGATORY NO. 13:**

Identify the USFIC employees that participated in the decision to deny Copart's claim.

**RESPONSE TO NO. 13:**

USFIC incorporates all General Objections. USFIC further objects to this interrogatory to the extent it purports to call for information protected by the attorney-client privilege, the work product privilege or doctrine, or any privilege or doctrine protecting information and documents prepared for purposes of settlement negotiations. Without waiving any of those objections, USFIC responds: The claim was declined by Carlton Clarke. Mr. Clarke's decision was approved by Dennis McCarthy. Ron Keleman and James Kraus were informed of the decision before it was communicated to Copart.

**SPECIAL INTERROGATORY NO. 14:**

Describe in detail what "mistake" USFIC alleges in Paragraph 65 of USFIC's counterclaim, including the factual circumstances of the alleged "mistake."

**RESPONSE TO NO. 14:**

USFIC incorporates all General Objections. Without waiving any of those objections, USFIC responds: The "mistake" alleged by USFIC is set forth in paragraphs 62 through 65 of USFIC's counterclaim:

"62. At the time the parties formed the insurance contract that was reduced to writing in the form of the 2005-2006 Policy, it was the parties' mutual intent that the policy would cover only the buildings, personal property, and other exposures for which values were reported in the August 8, 2005 statement of values.

63. USFIC contends that the contract clearly and unambiguously express the mutual intent alleged above.

64. However, by way of its complaint in this action, Copart appears to contend that as written, the contract must be interpreted as covering all buildings, personal property, and other exposures at locations owned or operated by Copart, irrespective of whether the property was ever described to USFIC, whether values were ever reported to USFIC, and whether Copart ever paid a premium for the exposure.

10503665.1                                    – 8 –
DEFENDANT'S RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES (C 07 02684 CW (EDL))

65. USFIC contests Copart's interpretation of the contract, but if the Court finds that Copart's interpretation is correct, then as a result of a mutual mistake (or the mistake of USFIC, which Copart at the time knew or suspected), the contract will not have truly expressed the intention of the parties."

**SPECIAL INTERROGATORY NO. 15:**

Identify the agreement or other writing, antecedent to the Policy No. 2441886561, that USFIC contends embodies the true intent of the parties as opposed to that Policy itself.

**RESPONSE TO NO. 15:**

USFIC incorporates all General Objections. Without waiving any of those objections, USFIC responds: The true intent and agreement of the parties was that only buildings described to USFIC by way of the Statement of Values (particularly, the columns therein for replacement cost value, number of buildings, construction type, square footage, and whether the building(s) were sprinklered and/or alarmed) would qualify as Covered Property. USFIC contends, in the first instance, that the Policy embodies that agreement. However, if the Court holds otherwise, then USFIC will seek reformation of that writing.

**SPECIAL INTERROGATORY NO. 16:**

Describe in detail the instructions that USFIC gave to Marsh or Copart concerning the procedures to follow in reporting values of properties to Marsh, and how and when USFIC gave those instructions.

**RESPONSE TO NO. 16:**

Marsh anticipated USFIC's need for Statements of Values and proactively supplied them to USFIC when soliciting premium quotes and other offers of coverage terms. Because of Marsh's proactive submission of Statements of Values, USFIC did not have to request them. The form used by Marsh for the Statements of Values was acceptable to USFIC. It included columns where replacement cost values for buildings (if any) at the listed locations were to be provided. The form also included columns where the number of buildings (if any), construction type, square footage, and whether the building(s) were sprinklered and/or alarmed were to be stated. Because that form was developed by Marsh itself (Copart's broker), USFIC saw no need

to provide instructions to Marsh on how to complete it. As between Marsh and Copart, the instructions given are the subject of ongoing discovery, since USFIC was not privy to those instructions, but at least some of the instructions are reflected in writings that Copart and Marsh have produced. Those writings are equally available to Copart.

**SPECIAL INTERROGATORY NO. 17:**

Excluding Hurricane Wilma related claims, describe, including the date, amount, and property involved, every claim that Copart has ever made to USFIC under any of the property policies alleged in USFIC's counterclaim.

**RESPONSE TO NO. 17:**

USFIC incorporates all General Objections. Without waiving any of those objections, USFIC responds:

| Date of Loss | Amt. Paid | Location |
| --- | --- | --- |
| 8/29/05 | $0.00 | New Orleans, LA |
| 1/19/07 | $245,044.69 | Kansas City, KS |

**SPECIAL INTERROGATORY NO. 18:**

Itemize the damages that USFIC alleges it will have suffered as alleged in paragraph 72 of USFIC's counterclaim if USFIC's requested reformation is not granted.

**RESPONSE TO NO. 18:**

USFIC incorporates all General Objections. USFIC further objects to this interrogatory on the ground that it is premature and that USFIC and its counsel have not had an opportunity to complete discovery or investigation regarding the subject of this interrogatory. USFIC is continuing to request and analyze information regarding the true nature and values of the property and other exposures covered under the insurance policies issued by USFIC. Only after Copart has produced the requested information such that USFIC can complete its evaluation, will USFIC be able to calculate its damages.

USFIC further objects that this request is duplicative of Rule 26, and that USFIC has already responded to Rule 26 by way of its initial disclosures. USFIC will supplement those initial disclosures as soon as possible, but is not able to do so at this time, due to ongoing

1 discovery and consultation with experts which are currently privileged. Upon completion of
2 discovery and the expert disclosure deadline, USFIC will disclose an expert report detailing the
3 damages that USFIC will have ascertained.

4 DATED: May 12, 2008

BULLIVANT HOUSER BAILEY PC

By _____
Jess B. Millikan
Samuel H. Ruby
Judith A. Whitehouse

Attorneys for Defendant United States Fire
Insurance Company

**VERIFICATION
TO
FOLLOW**

## PROOF OF SERVICE

*Copart Inc. v. Crum & Forster Indemnity Company, et al.*
USDC, Northern District of California, Case No. C 07 2684 CW (EDL)

I am employed in the City and County of San Francisco by the law firm of Bullivant Houser Bailey ("the business"), 601 California Street, Suite 1800, San Francisco, CA 94108. I am over the age of 18 and not a party to this action. On May 12, 2008, I served the document(s) entitled:

**DEFENDANT UNITED STATES FIRE INSURANCE COMPANY'S RESPONSES TO PLAINTIFF'S FIRST SET OF SPECIAL INTERROGATORIES**

upon the following party(ies):

Philip L. Pillsbury
Vedica Puri
PILLSBURY & LEVINSON, LLP
600 Montgomery St., 31st Flr.
San Francisco, CA 94111
Tel: (415) 433-8000
Fax: (415) 433-4816
Attorneys for Plaintiff
COPART INC.

(X) BY MAIL (CCP § 1013(a)): I am readily familiar with the ordinary practice of the business with respect to the collection and processing of correspondence for mailing with the United States Postal Service. I placed a true and correct copy(ies) of the above-titled document(s) in an envelope(s) addressed as above, with first class postage thereon fully prepaid. I sealed the aforesaid envelope(s) and placed it(them) for collection and mailing by the United States Postal Service in accordance with the ordinary practice of the business. Correspondence so placed is ordinarily deposited by the business with the United States Postal Service on the same day.

( ) BY FACSIMILE TRANSMISSION (CCP § 1013(e), CRC 2008(e)): I transmitted the document(s) by facsimile transmission by placing it(them) in a facsimile machine (telephone number 415-352-2701) and transmitting it(them) to the facsimile machine telephone number(s) listed above. A transmission report was properly issued by the transmitting facsimile machine. Each transmission was reported as complete and without error. A true and correct copy of the transmission report is attached hereto.

( ) BY OVERNIGHT DELIVERY (CCP § 1013(c)): I am readily familiar with the ordinary practice of the business with respect to the collection and processing of correspondence for mailing by Express Mail and other carriers providing for overnight delivery. I placed a true and correct copy(ies) of the above-titled document(s) in an envelope(s) addressed as above, with first class postage thereon fully prepaid. I sealed the aforesaid envelope(s) and placed it(them) for collection and mailing by Express Mail or other carrier for overnight delivery in accordance with the ordinary practice of the business. Correspondence so placed is ordinarily deposited by the business with Express Mail or other carrier on the same day.

1  ( )  <u>BY PERSONAL SERVICE UPON AN ATTORNEY</u> (CCP § 1011(a)): I placed a true and correct copy(ies) of the above-titled document(s) in a sealed envelope(s) addressed as indicated above. I delivered each of said envelope(s) by hand to a receptionist or a person authorized to accept same at the address on the envelope, or, if no person was present, by leaving the envelope in a conspicuous place in the office between the hours of nine in the morning and five in the afternoon.

( )  <u>BY HAND</u>  Pursuant to Code of Civil Procedure § 1011, I directed each envelope to the party(ies) so designated on the service list to be delivered by courier this date. A proof of service by hand executed by the courier shall be filed/lodged with the court under separate cover.

( )  <u>BY PERSONAL SERVICE UPON A PARTY</u> (CCP § 1011(b)): I placed a true and correct copy(ies) of the above-titled document(s) in a sealed envelope(s) addressed as indicated above. I delivered each of said envelope(s) by hand to a person of not less than 18 years of age at the address listed on the envelope, between the hours of eight in the morning and six in the evening.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 12, 2008, at San Francisco, California.

_____
Daisy I. Broyles

*****

10503665.1

– 2 –

PROOF OF SERVICE – (C 07 02684 CW (EDL))