# EXHIBIT F-1
## CLAIM 0001-0083

# Crum&Forster Insurance

Approved 4/20/06

## Large Claim Report

| | | | |
|---|---|---|---|
| Date: | 04/20/2006 | Date of Loss: | 10/24/2005 |
| Claim #: | BDU00309382 | Rptd Date: | 10/28/2005 |
| Insured: | Copart of Florida, Inc, | H.O. Rpt. Date: | 10/28/2005 |
| Location of Loss: | Various | Adjusting Office: | Property Claims |
| Policy No: | 244188656 | LOB: | Fire |
| Effective Date: | 10/01/2005 | Expiration Date: | 10/01/2006 |
| Producer Code: | 80835 | | |
| Producer: | MARSH GLOBAL BROK/SF | | |
| Producing Office: | San Francisco | Profit Center: | Property |
| C&F Specialty: | ○ Yes ● No | | |
| Coverage(s) Involved: | BUILDING | | |

### Summary of Case Facts

The policy holder is a nationwide chain of auto auction centers. In this event, the policy holder sustained damage to three locations in the State of Florida. They are locations # 26 (Miami, Florida) , #30 (West Palm Beach, Florida), and #32 (Miami, Florida). All locations are considered to be in good condition. The policy holder has been in business since 1992. The age of the subject loss locations is unknown.

The cause of the loss is Hurricane Wilma. This is a Named Windstorm event that affected primarily the State of Florida. Hurricane Wilma had sustained winds in excess of 115 miles per hour, heavy rainfall, and some localized flooding. All locations that are the subject of this claim sustained damage due to windstorm.

Local authorities were not involved in this loss. There is no need to retain a C&O investigator.

### Case Analysis

Coverage for the risks is per an All Risk policy that includes coverage for flood. Windstorm is a covered cause of loss under this policy. The policy is written at replacement cost, with a $5 million limit of liability for building, contents and business interruption. The Named Storm deductible of 5% of the total insured values will apply in this instance. The minimum deductible is $100,000.

The damage sustained is predominantly windstorm damage to the roofs and exterior walls of the administrative buildings. This damage is consistent with windstorm.

The reserve will be based on a claim for loss to the buildings, and business personal property. The amount estimated is $450,000. After application of a $100,000 minimum deductible, we will reserve the file at $350,000.

### Subrogation Analysis (For use only by subrogation examiner)

Damage caused to three insured risks as a result of wind and rain associated with Hurricane Wilma. We will discuss with the I/A in order to determine if any code violations or building defects are involved. However, barring clear third party involvement, the chances of a recovery of what is probably a loss incurred due to force majeure, are considered slim.

Coverage:

**CLAIM 0001**

| | | | |
|---|---|---|---|
| Policy No: | 244188656 | Policy Limit: | $5,000,000 |
| Multiple Policies Involved: | No | Amt. Total Limits Exposed: | $5,000,000 |
| Forms: | CP0010, CP0030, CP1030 | | |
| Ded/Sir: | Yes | TPA: | |
| Ded/Sir Amount: | $0 | | |
| Other Coverage: | | Carrier: | |
| Limits: | | Amount Reserved: | |

**Gross Reserves:**

| | |
|---|---|
| New Reserve Date: | 04/20/2006 |
| Amt. of Prior Total Outstanding Reserve: | $125,000 |
| Previous Reserve Change Date: | |
| Amt. of Previous Reserve Change: | |
| *Net Amount of Reserve Change:* | $225,000 |
| New Total Outstanding Reserve: | $350,000 |
| Prior Total Paid Loss Amount: | $0 |
| New Total Claim (Incurred) Value: | $350,000 |

**Reinsurance/2nd Injury/Other Offsets:**

| | |
|---|---|
| Line Code: | |
| Reinsurance Type: | |
| Date Placed on Notice: | |

| | Prior | Change Amount | New Total |
|---|---|---|---|
| Gross: | $125,000 | $225,000 | $350,000 |
| Facultative: | | | |
| Treaty: | | | |
| 2nd Injury/Supp. Ben.: | | | |
| Other Recoverables: | | | |
| *C&F Net Incurred:* | $125,000 | $225,000 | $350,000 |

**CLAIM 0002**

Comments:

**Litigation:**

| | | | |
|---|---|---|---|
| Suit: | No | Venue: | |
| Defense Firm: | | Defense Attorney: | |
| Plaintiff Firm: | | Plaintiff Attorney: | |
| LAE Paid: | | Additional LAE Projected: | |

Comments:
The reserve is allocated as follows: Building - $350,000.

**File Handler:**
Carlton C. Clarke

**HO Consultant/File Oversight:**
Ron Keleman

**LOB Mgmt:**

---

**Document Status & Revisions**

| | |
|---|---|
| Creator | **Carlton Clarke** |
| Authors | **Carlton Clarke** |
| | **Naomi Lerner** |
| | **Ron Keleman** |
| Status | **Complete** |
| Last Revision | **Ron Keleman on 04/20/2006** |

---

< END OF DOCUMENT >

CLAIM 0003

REDACTED

CLAIM 0004

*Attached Document : 309382-Summons & Complaint.pdf*

*Apr 26 2007 2:42pm          Michele Best          Litigation Management*

*Rec'd Summons &
Complaint*

REDACTED

*Mar 20 2007 2:42pm          John Petrillo          Recovery*

*180 Day Report*

180-Day Case Analysis

**CLAIM 0005**

Date:    03/20/2007
Claim:   BDU00309382
Examiner:    John Petrillo

1.    Basic Facts:
Hurricane Wilma loss.
2.    Adjustment Status:
Pending
3.    Loss Amount:   $350,000
Estimated

4.    Theories of Liability Established:
Faulty workmanship, defective product.

5.    Third Parties:
Unknown

6.    Changes Since Prior Report:
None

7.    Plan of Action:
Once adjustment is complete, refer file to counsel for opinion.

8.    Recovery Analysis:
Recovery potential is assessed at this time as:  Unknown at this
time

9.    Recoverable Established in Claims Assure?:   Yes

10.    Projected Recovery Date (mm/yy):
12/2009

11.    Use of Counsel/Legal Proceedings:
NA

*Attached Document : 309382-2.pdf*

*Feb 26 2007 2:42pm*          *Carlton Clarke*          *Damage*

*Letter from insured's
attorney*

Attached is a letter from the insured's attorney advising that
they are taking exception to our partial denial. The location
that they are  referring to (Yard 105) does not appear on the
SOV, and it was  confirmed with underwriting that we do not
afford coverage to this location.
I have submitted the  letter to underwriting for their review
and comment. It is to be noted that there is an offer of
settlement pending on other locations that appear to be covered
on this policy. I will await a response from underwriting before
answering this letter. CCC

*Feb 7 2007 2:42pm*          *John Petrillo*          *Recovery*

*Reviewed*

**CLAIM 0006**

No changes since my last entry.

*Jan 19 2007 2:42pm*          *John Petrillo*          *Recovery*

*reviewed*

Proof of loss to be secured. Once that is done, I'll have the
file copied and referred to counsel for an opinion.

*Jan 9 2007 2:42pm*          *Carlton Clarke*          *Damage*

*Proof of loss*

I have spoken with Greg Adler of Copart. He advises that he did
not receive a proof of loss from the GAB adjuster. I have
prepared a proof of loss, and faxed it to him today. Please
refer to the hard copy of the file. The net loss is $121,502.05.
CCC

*Jan 8 2007 2:42pm*          *Carlton Clarke*          *Damage*

*Status*

Due to a change in our vendor panel, we are no longer using GAB-
Robins. I will contact the insured and request that they submit
the proof of loss directly to me. Upon receipt, I will pay the
claim and close the file. CCC

*Dec 28 2006 2:42pm*          *Carlton Clarke*          *Coverage*

*Approval of Partial
Denial*

The following is a copy of the e-mail note from Dennis. Please
refer to the hard copy of the file for the original note.
Subsequent to this note, Jim Kraus approved the letter as well.
CCC

Carlton,

I'm fine with this. By copy to Jim, I have the claim file if
you wish to review the policy and statement of values. Please
await Jim's review.

Dennis McCarthy
Vice President, Claims

*Attached Document : 309382.PDF*

*Dec 28 2006 2:42pm*          *Carlton Clarke*          *Coverage*

*Adjuster's report*

CLAIM 0007

Attached is the most recent report of the field adjuster. The
attachments can be found in the hard copy of the file. CCC

*Dec 28 2006 2:42pm*          *Carlton Clarke*     *Damage*

*Status*


The most recent report from our field adjuster indicates that he
has the claim submission from the insured. Within the items that
Copart is claiming are several invoices related to land repair.
These items would not be covered, and have been deducted from
the claim submission. In addition, there is damage to a lot that
is not on the schedule of values.
These coverage areas will have to be addressed in a separate
letter to the insured. I will draft this letter, and submit it
for management review. Once approved, I will issue the letter,
and then authorize Orvin to conclude his adjustment. As it
stands, the covered portion of this loss is approximately
$240,000. CCC

*Dec 5 2006 2:42pm*          *John Petrillo*      *Recovery*

*Monitoring*


as Carl is still waiting for a report.

*Sep 28 2006 2:42pm*          *John Petrillo*      *Recovery*

*Response from Carl*


----- Forwarded by John Petrillo/CFIServices/CFI on 09/28/2006
09:51 AM -----
      Carlton Clarke
      09/28/2006 09:16 AM

            To: John Petrillo/CFIServices/CFI@CFI
            cc:
            Subject: Re: BDU309382    Copart

Good morning,

Yes. I heard from the Chief Financial Officer of the insured who
claims he has a $3 million loss. And then I heard from our field
adjuster and I am expecting a report from my field guy shortly.

Carl

*Sep 28 2006 2:42pm*          *John Petrillo*      *Recovery*

*e-mail to Carl*


----- Forwarded by John Petrillo/CFIServices/CFI on 09/28/2006

CLAIM 0008

09:16 AM -----
          John Petrillo
          09/28/2006 09:14 AM

                    To: Carlton Clarke/CFIServices/CFI@CFI
                    cc:
                    Subject: BDU309382    Copart

Carl, Did you ever hear anything on this? Thanks.

*Aug 3 2006 2:42pm*          *John Petrillo*          *Recovery*

*No changes*


I'll still monitor.

*Jun 26 2006 2:42pm*          *John Petrillo*          *Recovery*

*No changes*



*May 23 2006 2:42pm*          *John Petrillo*          *Recovery*

*Monitoring*



as insured hasn't provided documentation requested by Carl.

*May 10 2006 2:42pm*          *Carlton Clarke*          *Investigation*

*Status*


The latest report from our field adjuster indicates that the
insured still has not provided the requested information. A
letter has been sent to the insured with a copy of the broker.
Please refer to the hard copy of the file for the report, and the
letter. CCC

*May 2 2006 2:42pm*          *John Petrillo*          *Recovery*

*Response from/reply to
IA*


----- Forwarded by John Petrillo/CFIServices/CFI on 05/02/2006
03:12 PM -----
          John Petrillo
          05/02/2006 03:01 PM

                    To: willso@gabrobins.com@INTERNET
                    cc:
                    Subject: Re: BDU00309382    Copart of Florida
22907-28823

CLAIM 0009

Orvin, I still want to see the records. I will forward to
counsel for an opinion. Thank you.

John Petrillo
Subrogation Examiner
Crum & Forster Insurance
305 Madison Avenue
P.O. Box 1973
Morristown, NJ 07962
973-490-6689
877-622-6218 fax
john_petrillo@cfins.com

        willso@gabrobins.com
        05/02/2006 01:36 PM

            To: "John_Petrillo"
            cc:
            Subject: Re: BDU00309382  Copart of Florida
22907-28823

John,

I will try to get you the records you need. Just keep in mind
this was a hurricane with winds in excess of 100 MPH. We have 3
buildings involved. The metal building roof was destroyed. The 2
other buildings have modified roofing where the membrane was
pulled back.

You are the subrogation expert and it is your call. I don't
think any of the roofing could have taken winds of this
magnitude.

Your thoughts?

Orvin
---------------------------
Sent from my BlackBerry Wireless Handheld


    ----- Original Message -----
    From: John_Petrillo
    Sent: 05/02/2006 11:30 AM
    To: willso@gabrobins.com
    Subject: Re: BDU00309382  Copart of Florida  22907-28823



Orvin, the Statute of Repose is 15 years. Is it possible to get
me the
exact date? If it is less than 15 years, would the insured have

                                    **CLAIM 0010**

any records
on who constructed the building/roofs Thanks.

John Petrillo


*May 2 2006 2:42pm*          *John Petrillo*     *Recovery*
*SOL in Florida*


4 years for negligence & construction claims. The statute of
repose is 4 years running from date of owner's actual
possession, except for latent defects for which there is a
discovery requirement, subject to a maximum period of 15 years
after date of owner's actual possession or related dates,
whichever is latest.

*May 2 2006 2:42pm*          *John Petrillo*     *Recovery*
*Initial Case Analysis*


Initial Subrogation Review

Date:   05/02/2006
Claim:  BDU00309382
Examiner:    John Petrillo

1.   Basic Facts:
Hurricane Wilma caused roofs to blow off.

2.   Estimated Loss Amount:   $350,000
         C&F's share in the market:  100%

3.   Use of Counsel:
Counsel is not being assigned at this time
Firm:

4.   Potential Theories of Liability:
 a.   Improper installation
 b.   Defective Material
 c.
 d.
 e.

5.   Recovery Analysis:
Recovery potential is assessed at this time as:   Poor

6.   Plan of Action:
Determine when the roofs were constructed.

*May 2 2006 2:42pm*          *John Petrillo*     *Recovery*


**CLAIM 0011**

*E-mail to IA*

```
----- Forwarded by John Petrillo/CFIServices/CFI on 05/02/2006
11:30 AM -----
        John Petrillo
        05/02/2006 11:30 AM

                To: willso@gabrobins.com@INTERNET
                cc:
                Subject: Re: BDU00309382  Copart of Florida
22907-28823
```

Orvin, the Statute of Repose is 15 years. Is it possible to get
me the exact date? If it is less than 15 years, would the
insured have any records on who constructed the building/roofs
Thanks.

*Apr 20 2006 2:42pm*          *John Petrillo*          *Recovery*

*Reply to IA*

```
----- Forwarded by John Petrillo/CFIServices/CFI on 04/20/2006
08:36 AM -----
        John Petrillo
        04/20/2006 08:36 AM

                To: willso@gabrobins.com@INTERNET
                cc:
                Subject: Re: BDU00309382  Copart of Florida
22907-28823
```

Orvin, the Statute of Repose is 15 years. Is it possible to get
me the exact date? If it is less than 15 years, would the
insured have any records on who constructed the building/roofs
Thanks.

*Apr 20 2006 2:42pm*          *John Petrillo*          *Recovery*

*Roofs were original ones*

```
----- Forwarded by John Petrillo/CFIServices/CFI on 04/20/2006
08:33 AM -----
        willso@gabrobins.com
        04/19/2006 05:16 PM

                To: "John_Petrillo"
                cc:
                Subject: Re: BDU00309382  Copart of Florida
22907-28823
```

John,

These were the original roofs. They were installed with the

original construction over 10 years ago.

Orvin

*Apr 20 2006 2:42pm*          **Hema Mhaskar**        **Stat Coding**

*Stat Coding*


========== LCR ==========

*Apr 17 2006 2:42pm*          **John Petrillo**        **Recovery**

*E-mail to IA*


----- Forwarded by John Petrillo/CFIServices/CFI on 04/17/2006
11:57 AM -----
    John Petrillo
    04/17/2006 11:57 AM

        To: willso@gabrobins.com
        cc:
        Subject: BDU00309382  Copart of Florida  22907-
28823

Mr. Wills, I just read your 12/12/05 report. You state that
there isn't any subro as there were no recent repairs. Do you
know when these 3 roofs were installed? Thank you.

*Apr 17 2006 2:42pm*          **John Petrillo**        **Recovery**

*Reviewed IA report*


The loss involves 3 roofs. there were no recent repairs and no
pre existing damage. I'll e-mail the IA.

*Apr 17 2006 2:42pm*          **John Petrillo**        **Recovery**

*Case Acknowledgement*


To:    Carlton Clarke

From:  John Petrillo

Date:  04/17/2006

RE:          Subrogation Case Acknowledgement / Claim #
BDU00309382

Please allow this e-mail to serve as an acknowledgment of the
above-captioned subrogation referral.

A complete outline of potential subrogation theories and
recommended investigation will be posted to ECF/File Notes
within five (5) business days and will be copied to you for your

**CLAIM 0013**

review.

Immediate action to be taken (if appropriate):
Carl, I'm handling this. I'll be over to review the IA report.
Thanks.

Should you have any questions upon receipt of this analysis,
please feel free to contact me.  My direct dial is  973-490-
6689.

John Petrillo

*Apr 17 2006 2:42pm*          *Naomi Lerner*     *Recovery*

*subro comments entered*
*on LCR.*

Damage caused to three insured risks as a result of wind and
rain associated with Hurricane Wilma.  We will discuss with the
I/A in order to determine if any code violations or building
defects are involved.  However, barring clear third party
involvement, the chances of a recovery of what is probably a
loss incurred due to force majeure, are considered slim.

*Apr 15 2006 2:42pm*          *Carlton Clarke*     *Investigation*
*Status*

I have recieved  the field adjusters report. The indicated
reserve  for this loss  is $300,000.  I will prepare  an LCR to
document the resreve.
As of the adjusters  report, he was still waiting for additional
documentation from the insured.  A letter was sent to the
insured, but it does not appear  that our adjuster has received
a response to date. CCC

*Jan 11 2006 2:42pm*          *Ron Keleman*     *Coverage*
*Revised Reserve*

I have reviewed loss with Carlton. He has followed up with local
adjuster damages est at $125,000. I have revised reserve.

*Jan 10 2006 2:42pm*          *Carlton Clarke*     *Damage*
*Status*

I have spoken with the independent aduster. I am advised  that
the loss is not as bad as the insured believes. There is some
roof damage to one building, and damage to perimeter fencing.
The suggested reserve is $125,000. I will have a report before
the end of the week. CCC

*Dec 19 2005 2:42pm*          *Dennis McCarthy*     *Coverage*

**CLAIM 0014**

*Reserve*

Ron, Carlton and I reviewed the claim today. We have a location deductible. The Risk Mgr is located in California and has not presented his his damage spread by location. It is very possible that the location deductible will mitigate the building damage however the business interruption claim could reach 500K.

*Dec 16 2005 2:42pm*          *Carlton Clarke*      *Coverage*

*Deductible*

The deductible feature for this account is 5% of TIV. Of the locations that sustained damage, the loss as estimated by the insured would appear to be within the deductible feature of the policy. There is no support for the insured's estimation of loss (the risk manager is in California and the loss location is in Florida), and the extent of the business income loss has not been defined. Finally, there is one location that does not appear on the statement of values. Therefore the deductible applicable to that location is TBD.
It would be my recommendation to retain the reserves at the current level pending further information from our adjuster. CCC

*Dec 7 2005 2:42pm*          *Ron Keleman*      *Coverage*

*Revised Reserve*

See prior notes, from Carlton. I have set the reserve at $500,000

*Dec 6 2005 2:42pm*          *Carlton Clarke*      *Damage*

*Status*

I recently spoke with Simon Rote of the insured firm. He advises that there is damage to four locations, and it is his estimation that the damage is in the area of $400,000 to $500,000. I have assigned the loss to GAB for a field inspection. CCC

*Nov 9 2005 2:42pm*          *Carlton Clarke*      *Damage*

*File review*

The insured is an auctioner of cars. The loss report indicates that roofs have been blown off of three locations. I have called the insured, and am advised that he is out of town until 11/14.
I will assign the loss to Crawford for field investigation. Coverage is all risk, with a L/L of $5 million on building, contents and EDP, $5 million on B/I, and a windstorm deductible

**CLAIM 0015**

of 5% TIV ($100,000 minimum). Coverage includes loss due to
flood. CCC

*Nov 9 2005 2:42pm*          **Ruth Metz**          **Stat Coding**

*Stat Coding*


Coded BLDG to mjr peril 100--no coding line for mjr peril 200

*Nov 9 2005 2:42pm*          **Ruth Metz**          **Stat Coding**

*Stat Coding*


Coded BLDG to policy--no coding line for wind

*Nov 9 2005 2:42pm*          **Ruth Metz**          **Stat Coding**

*Stat Coding*


Coded BLDG

*Attached Document : 410190824_FAX.doc*

*Nov 4 2005 2:42pm*          **Michele Best**          **Investigation**

*Acknowledgement Fax*


*Nov 4 2005 2:42pm*          **Susana Mancilla**          **Attachments**

*Nol Attachment*


Nol Attachment

CLAIM 0016

NOL Details

#1

## Property Notice Of Loss Information

| | | | |
|---|---|---|---|
| Policy # | 2441886561 | | |
| DOL | 10/24/2005 | Insured Name | COPART OF FLORIDA, INC |
| Time of Loss | 12:00 AM | Previously Reported | N |

## Producer Information

| | | | |
|---|---|---|---|
| Name | | | |
| Bus. Phone # | Ext. | Fax # | |
| Producer Code | | Producer Sub Code | |
| Agency Customer ID | | | |

## Policy Information

### Mortgagee Information

| | | |
|---|---|---|
| Name | Address Line2 | |
| Address Line1 | State | |
| City | Country | |
| Zip | Bus. Phone # | Ext. |
| Res. Phone # | Ext. | |

### Homeowner Policies

| | | | |
|---|---|---|---|
| Company | | NAIC Code | |
| Effective Date | | Expiration Date | |
| Dwelling | | Other Structures | |
| Personal Property | | Loss Of Use | |
| Deductibles | | Subject to Forms | |
| | | Describe Additional | |
| Excludes Wind | false | Coverage Provided | |

### Flood Policy

| | | | |
|---|---|---|---|
| Company | | NAIC Code | |
| Effective Date | | Expiration Date | |
| Building Limit | | Building Deductible | |
| Contents Limit | | Contents Deductible | |
| Zone | | | |
| Pre Firm | false | Post Firm | false |
| Difference in Elevation | | Form Type | |

### Wind Policy

| | | | |
|---|---|---|---|
| Company | | NAIC Code | |
| Effective Date | | Expiration Date | |
| Building Limit | | Building Deductible | |
| Contents Limit | | Zone | |
| Form Type | | | |
| Pre Firm | false | Post Firm | false |

## Contact Information

| | | | |
|---|---|---|---|
| Name | SIMON ROTE | | |
| Address Line1 | | Address Line2 | |
| City | | State | |
| Zip | | Country | |
| Res. Phone # | Ext. | Bus. Phone # | 7076395000 Ext. |
| Where to Contact | WORK | When to Contact | 8-5 |

## Loss – Location of Accident Information

| | | | |
|---|---|---|---|
| Address Line1 | VARIOUS | Address Line2 | LOCATIONS |
| City | | State | Florida |
| Zip | | Country | USA |

CLAIM 0017



Acknowledgment Fax

Claim# BDU00309382

DOL: 10/24/2005

Insured Name: COPART INC.

Policy# 244188656

Policy Effective Date: 10/01/2005 - 10/01/2006

Producer Name: MARSH INC-SAN FRAN

Claim Rep: Clarke, Carlton

Claim Rep Phone# 9734906490

Claim Rep E-mail:

Date Received: 11/04/2005

Location Of Loss

Address Line1: VARIOUS

Address Line2: LOCATIONS

City:

State: Florida

Zip:

Country: USA

Accident Description: ROOFS BLOWN OFF 3 LOCATIONS AS A RESULT OF HURRICANE W
        ILMA: 1 LOC#3312850 NW27TH AVE, OPA-LOCKA, FL 33054 LO
        C2 #70 7876 W. BELVEDERE, WEST PALMBEACH, FL 33411  LO
        C3 #105-11858 NW 36TH AVE. MIAMI FL 33167

Message:

Recipient List:

Recipient: Claim Dept
Fax#      4157438055

**CLAIM 0018**



**GAB Robins North America, Inc.**

510 Plaza Square Building,
4360 Chamblee Dunwoody Road
Atlanta, Georgia 30341
☎: 770-457-9555
    800-766-9550
℻: 770-458-2673

Report: **EIGHTH and REPLY REQUESTED**

December 15, 2006

CRUM & FORSTER
305 MADISON AVENUE
MORRISTOWN, NJ 07962

Attn: Carlton Clarke

| | |
|---|---|
| Policy No. | 24418865561 |
| Policy Period | 10-01-05/06 |
| Claim No. | BDU00309382 |
| GAB File No. | **22907-28823** |
| Insured Claimant | COPART OF FLORIDA |
| Loss Location | VARIOUS – FLORIDA |
| Type of Claim | WIND/ HURRICANE WILMA |
| Date of Claim | 10-24-05 |

## SUMMARY

We have completed our investigation into the building and extra expense loss associated with Hurricane Wilma. We have received and reviewed all documentation from the insured and we have held numerous conference calls to discuss the information received. We are now in a position to make settlement recommendations to you regarding this loss.

## ENCLOSURES

1. Adjuster's Statement of Loss
2. Adjuster's Schedule I
3. Invoices supplied by the insured

## SUGGESTED RESERVES

| | |
|---|---|
| Building | $ 300,000.00 |
| Personal Property | 50,000.00 |
| Gross | $ 350,000.00 |
| Deductible | 100,000.00 |
| Net | $ 250,000.00 |

## CAUSE OF LOSS

This loss involves damages associated with Hurricane Wilma that made landfall as a category II Hurricane in the State of Florida. The heavy winds caused damage to three (3) facilities owned by Copart where repairs are necessary.

CLAIM 0019

Page 2
Copart of Florida
22907-28823

## ADJUSTMENT



We have held several phone consultations and have also made a re-inspection of the property and discussed our findings with the insured on numerous occasions. Throughout the duration of this claim we have requested documentation from the insured, which was not all forwarded to us at one time. Much of the documentation received was sent to us throughout the duration of this claim. We did prepare a detailed scope of all the damages in our inspection of all locations and have prepared our scope to the insured's invoices supplied to us by their contractors. In reviewing all invoices, all appear to be fair and reasonable based on competitive construction and labor rates in Florida.

In our analysis of these items, we determined there were numerous coverage issues surrounding the repairs that we discussed with the insured and advised there were applications of exclusions. The items that we informed the insured were applications of exclusions were items related to land, not being covered property. We call your attention to our attached Schedule I, where we have detailed all of the insured's invoices forwarded to us on the involved locations. All locations that have been highlighted are related to coverage issues for land repairs at these locations. Items that have been highlighted in the yard 105, the Hialeah location has not been taken into consideration due to the fact that you informed us that none of these locations have any property damage or business income values in the policy. We, therefore, did not include any of these items in our adjustment.

We do call your attention to our attached Statement of Loss where we have detailed the damages for the covered locations involved. In yard 70, located in West Palm Beach, FL, the insured submitted a claim in the amount of $211,141.06. In review of these items, we did note a coverage issue regarding land repairs which was deducted from this claim, which was the Dick Birdsall invoice. The insured's claim, as adjusted, for yard 70 in West Palm Beach, comes to $201,007.14. There were extra expenses associated with yard 70 in West Palm Beach, FL, which was also detailed on page 4 in our Statement of Loss. The insured submitted extra expenses for this location in the amount of $14,268.10 so business activities could continue. In review of these items, we felt all were fair and reasonable and included them in the claims adjustment.

As previously mentioned, yard 105 located in Hialeah, FL, does not have any property damage or BI values, as indicated in the underwriting file. This information was brought to our attention in your e-mail forwarded to us on December 6, 2006.

The insured also sustained damage at yard 33 in Miami, FL, where the insured submitted a claim in the amount of $127,258.64. In review of the insured's claim, we noted various items that were in applicability of exclusions on the policy. The applicability of the exclusions were related to repairs to the land, which is not covered property. We did not include any of these items in our adjustment. As indicated on page 3 of 4 of the attached Statement of Loss, we have determined the insured's loss for yard 33 in Miami, FL, to be $25,666.81.

We have determined that the policy loss deductible on all perils under the insured's policy is $50,000.00. In taking into consideration the perils of earthquake, flood, and named windstorms, the deductible increases to 2% of the insured values with a minimum of $100,000.00. A review of the values at the insured locations it does appear that the minimum of $100,000.00 deductible will apply to this loss.

CLAIM 0020

Page 3
22907-28823
CoPart

In taking into consideration all of the involved covered locations, the loss comes to $240,935.90. We have taken the $100,000.00 minimum wind deductible and were left with a recoverable claim in the amount of $140,935.95.

## RECOMMENDATIONS

We are hereby requesting your authorization for us to proceed in obtaining a Proof of Loss in settlement for the figures indicated in our attached loss.

At this juncture of the claim we do not have agreements with the insured on the items where a coverage issue is denoted. Upon receipt of your authorization, we will again contact the insured and discuss these items with them in detail.

## FUTURE HANDLING

We will maintain this file on a thirty (30) day diary pending your further advices if we can obtain the necessary closing papers.

ORVIN R. WILLS
National General Adjuster
770-457-9555, Ext. 223
willso@gabrobins.com

OW:mk

s\common\wills\22907\28823-8

CLAIM 0021

#4

# PILLSBURY & LEVINSON, LLP

### ATTORNEYS AT LAW

PHILIP L. PILLSBURY, JR.

February 22, 2007

*By Electronic & U.S. Mail*

Carlton C. Clarke
Claims Specialist
Crum & Forster
305 Madison Avenue
PO Box 1973
Morristown, NJ 07962-1973

RE:    *Copart, Inc: Policy No. 2441886561*

Dear Mr. Clarke:

We represent Copart, Inc. ("Copart") with respect to the property damage and business interruption claim for damage to buildings on a lot owned by Copart in Hialeah, Florida ("Yard 105"). Copart, as part of its on-line auto salvage auction business, owns a lot in Hialeah, Florida known as Yard 105. There were two buildings on this lot in October 2005: the main, large building (used as storage for cars and an office) and a smaller building. Hurricane Wilma struck southeastern Florida in October 2005 and so severely damaged the large building in Yard 105 that Copart was required, by local ordinance, to demolish the building[1].

After the hurricane, Copart immediately contacted Crum & Forster and tendered a claim. However, it was not until November 29, 2006 that an adjuster from Crum & Forster was assigned to the Wilma claim. By December 1, 2005, the County of Miami-Dade, through its Unsafe Structures Unit, posted an "UNSAFE BUILDING" sign on the large building ordering that the building be vacated. Copart had no choice but to comply and both its offices and storage unit were shut down and relocated. That same date, the Building Department also issued a "Repair or Demolish" Order to Copart officially deeming the large building "unsafe" and in violation of Miami-Dade County Building Code provisions.

Copart, through its broker Marsh USA, previously tendered this claim to Crum & Forster under USFIC/Crum & Forster Policy No. 2441886561 ("Policy") issued for the policy period of 10/1/05-10/1/06. We believe your letter dated December 28, 2006 erroneously denied Copart's claim for reconstruction of the large building on Yard 105. We request that Crum & Forster

---

[1] The owner of the buildings located at the subject property is CPRT Land Holdings, Inc. This entity is also listed as an insured on the Schedule of Names Insureds form of the policy (FM 206.0. 04 94). For ease of reference, we will refer to CPRT Land Holdings, Inc. as Copart throughout this letter.

THE TRANSAMERICA PYRAMID • 600 MONTGOMERY STREET • THIRTY-FIRST FLOOR • SAN FRANCISCO, CA 94111
(415) 433-8000 • FACSIMILE (415) 433-4816

CLAIM 0022

Carlton C. Clarke
February 22, 2007
Page 2

immediately reconsider the claim for property damage and for business interruption loss suffered
as a result of the demolished building.

We believe Copart is entitled to coverage under the following Policy forms since Copart
meets the insuring clause requirements and no applicable exclusions apply:

1. Building & Personal Property Coverage Form (CP 00 10 10 00)

2. Causes of Loss – Special Form (CP 10 30 10 00)

3. Ordinance or Law Coverage Endorsement (CP 04 05 10 00)

4. Business Income (and Extra Expense) Coverage Form (CP 00 30 10 00)

I.    **USFIC Erroneously Denied Coverage Based on an SOV Form**

In its denial letter, C&F states: "Our review of the statement of values attached to your
policy indicated that there is on coverage for buildings or time element exposures at this location.
In that regard, the cost of repairs at this location is not covered.". First, it is not at all clear that a
Statement of Values form ("SOV") was actually an attachment, or any part of, the policy. The
copy of the policy provided by C&F makes no reference to the SOV, does not incorporate the
SOV by its terms, and certainly does not attach the SOV to the policy. C&F does not cite to any
provision in the policy that renders the SOV a part of the policy terms or notified Copart that
coverage was contingent upon or related to the SOV in any manner.

Without explanation, C&F attaches to its December 28, 2006 letter a copy of what
appears to be a generic "Value Reporting Form" endorsement. We presume C&F contends that
such an endorsement somehow applies to preclude coverage for Copart locations with unlisted
values on the SOV. However, there was no such endorsement attached to, referenced in,
incorporated by, or mentioned in the policy at issue. It appears USFIC specifically did not intend
to include the SOV in the policy since nowhere in the Schedule of Forms is the SOV listed. In
fact, the insured had not seen the Value Reporting Form endorsement until receiving your letter.

Indeed, by submitting an SOV before the policy was issued, and given the language of
the Declaration page covering "All" buildings, it became Copart's reasonable expectation that all
properties listed in the SOV would be covered. If USFIC had meant the values in the SOV to
alter the coverage provided by the insuring clauses of the policy, it should have so stated in the
policy. However, USFIC did not do so. As you know, provisions that take away or limit
coverage reasonably expected by the insured must be "conspicuous, plain and clear" to be
enforceable. *See De May v. Interinsurance Exch. of Auto Club of So. Calif.* (1995) 32
Cal.App.4th 1133, 1137; *Travelers Cas. & Sur. Co. v. Transcontinental Ins. Co.* (2004) 122
Cal.App.4th 949, 958.

PILLSBURY & LEVINSON, LLP
ATTORNEYS AT LAW

CLAIM 0023

Carlton C. Clarke
February 22, 2007
Page 3

Any limitation on Copart's coverage rights by virtue of the SOV would be considered an exclusion. As explained by the Supreme Court: "An insurer cannot escape its basic duty to insure by means of an exclusionary clause that is unclear ... The burden rests on the insurer to phrase exceptions in *clear and unmistakable* language ... The exclusionary clause must be conspicuous, plain and clear." *See State Farm Mut. Auto Ins. Co. v. Jacober* (1973) 10 Cal.3d 193, 201-202; *Haynes v. Farmers Ins. Exch.* (2004) 32 Cal.4th 1198, 1204. The Declarations page specifically states "all" locations and the 'conspicuous' rule "applies with particular force when the coverage portion of the insurance policy would lead an insured to reasonably expect coverage for a claim purportedly excluded." *See MacKinnon v. Truck Ins. Exch.* (2003) 31 Cal.4th 635, 648. As such, Copart expected coverage for Yard 105 and USFIC failed to exclude such coverage.

Public policy requires that the insured's reasonable expectations be protected. Therefore, clauses negating reasonably expected coverage must be "conspicuous, plain and clear." *See Gray v. Zurich Ins. Co.* (1966) 65 Cal.2d 263, 271. There is no such clause concerning the SOV in the Policy. Therefore, USFIC does not have a valid basis on which to deny this claim based on the grounds stated in its 12/28/06 letter.

## II.    USFIC Erroneously Denied Copart's Business Income Claim

Copart is entitled to: (1) loss of business income ("BI") resulting from "suspension" of its "operations" related to Yard 105 and (2) "extra expenses" incurred as a result of the Yard 105 losses. Crum & Foster's 12/28/06 letter summarily states Copart does not have "time element" coverage; however, as you know, business interruption coverage is a form of "time element" coverage. Furthermore, the BI form will apply since Copart's operations were suspended due to "damage to the property" as defined in the Policy. We see nothing in the Policy that negates Copart's entitlement to coverage under the Business Income (and Extra Expense) Coverage Form (CP 00 30 10 00). Since the large building on Yard 105 both housed Copart offices and acted as a storage area for salvaged cars, the County's notice to vacate and subsequent demolition clearly resulted in a business income loss as defined by the Policy.

Please call us as soon as possible to discuss this claim.

Very Truly Yours,

Philip L. Pillsbury, Jr.

PILLSBURY & LEVINSON, LLP

ATTORNEYS AT LAW

CLAIM 0024

PILLSBURY & LEVINSON, LLP

ATTORNEYS AT LAW

VEDICA S. PURI

March 29, 2007

*Via Electronic and Federal Express*

Carlton Clarke
Claims Specialist
Crum & Forster
305 Madison Avenue
PO Box 1973
Morristown, NJ 07962-1973

RE:    *Copart, Inc.:*  Policy No. 2441886561

Dear Mr. Clarke:

We received Crum & Forster/United States Fire Ins. Co.'s check for $121,502.05. However, we are rejecting and returning it based on the settlement language contained on the face of the check. If this amount represents an advance on Copart Inc.'s total Hurricane Wilma's loss, we will accept a check so indicating. Otherwise, it appears as if Crum & Forster/United States Fire Ins. Co.'s is attempting to settle all of Copart's Inc.'s Hurricane Wilma losses on all of its Florida Yards by payment of $121,502.05 by sleight of hand. This is not acceptable since Copart Inc.'s claim far exceeds this amount.

We will be responding to Butler, Pappas's recent letter as soon as possible and need to know the status of Copart Inc.'s claim related to Yard 105 immediately.

Sincerely,

Vedica Puri

VP:lc
Enclosure:    C&F Check No. 0000513073
              Claim No. BDU00309382

cc:    Amanda O. Davis

**CLAIM 0032**

*this Portion was ripped off prior to receipt*

## CRUM&FORSTER

**INC**

Date of Loss: 10/24/2005

n. As Attorney'S

Number: 0000513073
Check Date: 03/22/2007
Policy Number: 244188656
Claim Number: BDU00309382
IRS:

tlement of Hurricane Wilma damages

From          To

| OT | CLAIMANT | INVOICE NUMBER | AMOUNT |
|----|----------|----------------|--------|
|    | Copart Cf Florida, Inc |     | $121,502.05 |

|  |  | TOTAL: | $121,502.05 |
|--|--|--------|-------------|

Producer:
Marsh Usa-San Fran
1 California Street
San Francisco, CA 94111

Send Inquiries to:
305 Madison Ave. P.O. Box 1973
Morristown, NJ 07962-1973
888-890-1500

Processor:   C. Clarke

Internal Reference No.

Please Detach Before Depositing

---

Policy Number:   244188656
Insured
COPART OF FLORIDA, INC
Issuing Location:    Property Claims

## CRUM&FORSTER
UNITED STATES FIRE INSURANCE CO.

Date of Loss
10/24/2005

Number   51-44
0000513073   119
Claim Number
BDU00309382

Pay: One Hundred Twenty One Thousand Five Hundred Two and
      05/100 Dollars

To The Order of:
Copart, Inc. And Pillsbury & Levinson, As Attorney'S

NOT VALID SIX MONTHS AFTER ISSUE

| DATE | AMOUNT |
|------|--------|
| 03/22/2007 | $121,502.05 |

Payment Explanation:
In settlement of Hurricane Wilma damages

FLEET BANK
Hartford, Connecticut

AUTHORIZED SIGNATURE

⑈0000513073⑈  ⑆011900445⑆  69565⑈

CLAIM 0033



United States Fire Insurance Company
The North River Insurance Company

305 Madison Avenue
P.O. Box 1973
Morristown, NJ 07962-1973
973-490-6600

March 22, 2007

PILLSBURY & LEVINSON, LLP
600 MONTGOMERY STREET
SAN FRANCISCO, CAL. 94111
ATTN: PHILIP L. PILLSBURY, JR., ESQ

RE:    OUR INSD:    COPART, INC.
       OUR FILE:    BDU00309382
       D/L:         OCT. 24, 2005

Dear Mr. Pillsbury:

The captioned matter pertains to your client's damages arising from Hurricane Wilma.

In accordance with the correspondence from Amanda Davis of Butler Pappas, dated March 16, 2007, we enclose our check in the amount of $121,502.05. Please be advised that this payment is made on a without prejudice basis, and represents an "undisputed" amount of the loss sustained.

The U.S. Fire Insurance Company reserves all rights and defenses afforded under the policy in conjunction with your client's loss. This payment should not be construed as a waiver of the terms and conditions of the policy.

Very truly yours,

Carlton C. Clarke
Claims Specialist

Cc:    Amanda O. Davis, Butler Pappas  (By fax 813-281-0900)

CLAIM 0034

Philip L. Pillsbury, Jr., Esq.
March 16, 2007
Page 3


bc:    Mr. Carlton Clarke
       Crum & Forster
       305 Madison Avenue
       Morristown, NJ  07962-1973



Re:    Insured:              COPART, INC.
       Claim Number:         BDU00309382
       Date of Loss:         10/24/05 (Wilma)


# RECEIVED

MAR 2 0 2007

KAYLA STENSGAARD
SUPPORT DEPARTMENT


H:\LIB\DOCS\COVG\1062\0703004\CORR\ST2037.WPD


**CLAIM 0038**



## BUTLER PAPPAS

JOHN J. PAPPAS
Board Certified Civil Trial Lawyer
Certified Civil Mediator
Tampa
jpappas@butlerpappas.com

AMANDA O. DAVIS
Associate
Tampa
adavis@butlerpappas.com

March 16, 2007

**VIA FACSIMILE AND U.S. MAIL**
Philip L. Pillsbury, Jr., Esq.
Pillsbury & Levinson, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor
San Francisco, CA 94111

Re:     Insured:        Copart, Inc.
        Claim Number:   BDU00309382
        Policy Number:  2441873745
        Our File Number: 1062-0703004

Dear Mr. Pillsbury:

We are in receipt of your March 15, 2007 e-mail. Crum & Forster has retained this law firm with respect to the above-referenced claim. Please direct all future correspondence to the undersigned.

We are also in receipt of your February 22, 2007 correspondence demanding insurance proceeds for alleged losses affecting a property titled Yard # 105 in Hialeah, Florida. We must conduct an investigation as to your allegations and will respond when our analysis is complete.

In the interim, please be advised you should receive, under separate cover, an advance of $121,502.05 that represents the undisputed amounts of the covered Hurricane Wilma losses affecting scheduled properties titled Yard # 70 and Yard # 33, in West Palm Beach and Miami, Florida, respectively. This advance will come directly from Crum & Forster. Please find enclosed with this letter the Statement of Loss enumerating the amounts to be tendered for the respective properties.

---

BUTLER PAPPAS WEIHMULLER KATZ CRAIG LLP

Tampa       777 South Harbour Island Blvd., Suite 500, Tampa, Florida 33602
Tallahassee 3600 Maclay Boulevard, Suite 101, Tallahassee, Florida 32312
Miami       80 Southwest 8th Street, Suite 3300, Miami, Florida 33130
Mobile      1110 Montlimar Drive, Suite 1050, Mobile, Alabama 36609

Telephone: (813) 281-1900    Facsimile: (813) 281-0900
Telephone: (850) 894-4111    Facsimile: (850) 894-4999
Telephone: (305) 416-9998    Facsimile: (305) 416-6848
Telephone: (251) 338-3801    Facsimile: (251) 338-3805

www.butlerpappas.com

CLAIM 0039

Philip L. Pillsbury, Jr., Esq.
March 16, 2007
Page 2

      Please be advised that nothing in this correspondence should be construed as a final determination of coverage or a waiver of the parties' rights and duties pursuant to the insurance contract. In fact, Crum & Forster continues to reserve all rights under the insurance contract.

      Should you have any questions or concerns regarding the foregoing, please do not hesitate to contact us.

Respectfully yours,

BUTLER PAPPAS WEIHMULLER KATZ CRAIG LLP

John J. Pappas

Amanda O. Davis

JJP:AOD1/gaa

H:\LIB\DOCS\COVG\11062\0703004\CORR\ST2037.WPD

**CLAIM 0040**

January 9, 2007
Page 2

## STATEMENT OF LOSS

| | | |
|---|---|---|
| YARD #70 W. Palm | 181,567.14 | Adjusted per policy provisions |
| YARD #70 | 14,268.10 | |
| YARD #105 | 0 | Not a covered loss location |
| YARD #33 | 25,666.81 | Adjusted per policy provisions |
| Total | 221,502.05 | |
| Less deductible | (100,000.00) | |
| Net Recovery | 121,502.05 | |

www.cfins.com

CLAIM 0041

2/22/07  : MAIL

# PILLSBURY & LEVINSON, LLP
### ATTORNEYS AT LAW

PHILIP L. PILLSBURY, JR.

February 22, 2007

*By Electronic & U.S. Mail*

: 09272

Carlton C. Clarke
Claims Specialist
Crum & Forster
305 Madison Avenue
PO Box 1973
Morristown, NJ 07962-1973

RE:    *Copart, Inc: Policy No. 2441886561*

Dear Mr. Clarke:

We represent Copart, Inc. ("Copart") with respect to the property damage and business interruption claim for damage to buildings on a lot owned by Copart in Hialeah, Florida ("Yard 105"). Copart, as part of its on-line auto salvage auction business, owns a lot in Hialeah, Florida known as Yard 105. There were two buildings on this lot in October 2005: the main, large building (used as storage for cars and an office) and a smaller building. Hurricane Wilma struck southeastern Florida in October 2005 and so severely damaged the large building in Yard 105 that Copart was required, by local ordinance, to demolish the building[1].

After the hurricane, Copart immediately contacted Crum & Forster and tendered a claim. However, it was not until November 29, 2006 that an adjuster from Crum & Forster was assigned to the Wilma claim. By December 1, 2005, the County of Miami-Dade, through its Unsafe Structures Unit, posted an "UNSAFE BUILDING" sign on the large building ordering that the building be vacated. Copart had no choice but to comply and both its offices and storage unit were shut down and relocated. That same date, the Building Department also issued a "Repair or Demolish" Order to Copart officially deeming the large building "unsafe" and in violation of Miami-Dade County Building Code provisions.

Copart, through its broker Marsh USA, previously tendered this claim to Crum & Forster under USFIC/Crum & Forster Policy No. 2441886561 ("Policy") issued for the policy period of 10/1/05-10/1/06. We believe your letter dated December 28, 2006 erroneously denied Copart's claim for reconstruction of the large building on Yard 105. We request that Crum & Forster

---

[1] The owner of the buildings located at the subject property is CPRT Land Holdings, Inc. This entity is also listed as an insured on the Schedule of Names Insureds form of the policy (FM 206.0. 04 94). For ease of reference, we will refer to CPRT Land Holdings, Inc. as Copart throughout this letter.

THE TRANSAMERICA PYRAMID • 600 MONTGOMERY STREET • THIRTY-FIRST FLOOR • SAN FRANCISCO, CA 94111
(415) 433-8000 • FACSIMILE (415) 433-4816

CLAIM 0042

Carlton C. Clarke
February 22, 2007
Page 2

immediately reconsider the claim for property damage and for business interruption loss suffered as a result of the demolished building.

We believe Copart is entitled to coverage under the following Policy forms since Copart meets the insuring clause requirements and no applicable exclusions apply:

1. Building & Personal Property Coverage Form (CP 00 10 10 00)

2. Causes of Loss – Special Form (CP 10 30 10 00)

3. Ordinance or Law Coverage Endorsement (CP 04 05 10 00)

4. Business Income (and Extra Expense) Coverage Form (CP 00 30 10 00)

## I.     USFIC Erroneously Denied Coverage Based on an SOV Form

In its denial letter, C&F states: "Our review of the statement of values attached to your policy indicated that there is on coverage for buildings or time element exposures at this location. In that regard, the cost of repairs at this location is not covered." First, it is not at all clear that a Statement of Values form ("SOV") was actually an attachment, or any part of, the policy. The copy of the policy provided by C&F makes no reference to the SOV, does not incorporate the SOV by its terms, and certainly does not attach the SOV to the policy. C&F does not cite to any provision in the policy that renders the SOV a part of the policy terms or notified Copart that coverage was contingent upon or related to the SOV in any manner.

Without explanation, C&F attaches to its December 28, 2006 letter a copy of what appears to be a generic "Value Reporting Form" endorsement. We presume C&F contends that such an endorsement somehow applies to preclude coverage for Copart locations with unlisted values on the SOV. However, there was no such endorsement attached to, referenced in, incorporated by, or mentioned in the policy at issue. It appears USFIC specifically did not intend to include the SOV in the policy since nowhere in the Schedule of Forms is the SOV listed. In fact, the insured had not seen the Value Reporting Form endorsement until receiving your letter.

Indeed, by submitting an SOV before the policy was issued, and given the language of the Declaration page covering "All" buildings, it became Copart's reasonable expectation that all properties listed in the SOV would be covered. If USFIC had meant the values in the SOV to alter the coverage provided by the insuring clauses of the policy, it should have so stated in the policy. However, USFIC did not do so. As you know, provisions that take away or limit coverage reasonably expected by the insured must be "conspicuous, plain and clear" to be enforceable. *See De May v. Interinsurance Exch. of Auto Club of So. Calif.* (1995) 32 Cal.App.4th 1133, 1137; *Travelers Cas. & Sur. Co. v. Transcontinental Ins. Co.* (2004) 122 Cal.App.4th 949, 958.

PILLSBURY & LEVINSON, LLP

ATTORNEYS AT LAW

CLAIM 0043

Carlton C. Clarke
February 22, 2007
Page 3

Any limitation on Copart's coverage rights by virtue of the SOV would be considered an exclusion. As explained by the Supreme Court: "An insurer cannot escape its basic duty to insure by means of an exclusionary clause that is unclear ... The burden rests on the insurer to phrase exceptions in *clear and unmistakable* language ... The exclusionary clause must be conspicuous, plain and clear." *See State Farm Mut. Auto Ins. Co. v. Jacober* (1973) 10 Cal.3d 193, 201-202; *Haynes v. Farmers Ins. Exch.* (2004) 32 Cal.4th 1198, 1204. The Declarations page specifically states "all" locations and the 'conspicuous' rule "applies with particular force when the coverage portion of the insurance policy would lead an insured to reasonably expect coverage for a claim purportedly excluded." *See MacKinnon v. Truck Ins. Exch.* (2003) 31 Cal.4th 635, 648. As such, Copart expected coverage for Yard 105 and USFIC failed to exclude such coverage.

Public policy requires that the insured's reasonable expectations be protected. Therefore, clauses negating reasonably expected coverage must be "conspicuous, plain and clear." *See Gray v. Zurich Ins. Co.* (1966) 65 Cal.2d 263, 271. There is no such clause concerning the SOV in the Policy. Therefore, USFIC does not have a valid basis on which to deny this claim based on the grounds stated in its 12/28/06 letter.

**II.    USFIC Erroneously Denied Copart's Business Income Claim**

Copart is entitled to: (1) loss of business income ("BI") resulting from "suspension" of its "operations" related to Yard 105 and (2) "extra expenses" incurred as a result of the Yard 105 losses. Crum & Foster's 12/28/06 letter summarily states Copart does not have "time element" coverage; however, as you know, business interruption coverage is a form of "time element" coverage. Furthermore, the BI form will apply since Copart's operations were suspended due to "damage to the property" as defined in the Policy. We see nothing in the Policy that negates Copart's entitlement to coverage under the Business Income (and Extra Expense) Coverage Form (CP 00 30 10 00). Since the large building on Yard 105 both housed Copart offices and acted as a storage area for salvaged cars, the County's notice to vacate and subsequent demolition clearly resulted in a business income loss as defined by the Policy.

Please call us as soon as possible to discuss this claim.

Very Truly Yours,

Philip L. Pillsbury, Jr.

PILLSBURY & LEVINSON, LLP
ATTORNEYS AT LAW

CLAIM 0044

Dennis McCarthy
02/26/2007 03:52 PM

To: Carlton Clarke/CFIServices/CFI@CFI
cc: Jim Kraus/CFIServices/CFI@CFI, Joseph Price/CFIServices/CFI@CFI
Subject: Re: Copart, Inc.: Claim for Hurricane Wilma Damage Policy 2441873745 My File: BDU00309382

In the interest of saving time and acting quickly, please get Butler Pappas assigned and secure the information we need from underwriting. Please secure a copy of the entire underwriting file. We may find the underwriter is no longer with us. Please try to accomplis tis before you leave this week.

Dennis McCarthy
Vice President, Claims
Carlton Clarke


Carlton Clarke
02/26/2007 03:20 PM

To: Dennis McCarthy/CFIServices/CFI@CFI, Joseph Price/CFIServices/CFI@CFI
cc: Jim Kraus/CFIServices/CFI@CFI
Subject: Copart, Inc.: Claim for Hurricane Wilma Damage Policy 2441873745 My File: BDU00309382

Good afternoon,

The captioned matter pertains to a Hurricane Wilma loss for the captioned account. A portion of the claimed loss involved a location that was not on the SOV. This was confirmed with underwriting. We declined coverage for that location. There are other covered locations which we have adjusted, and presented an offer of settlement for.

Attorney's representing the insured have taken exception to our partial denial. Please refer to their letter at the bottom of this message stream. I have acknowledged receipt of the letter to the attorney firm. I further advised the firm that we will not have response until such time as we have researched their allegations. Per the note below I am asking underwriting to look into this.

Please advise if you would want this matter to be referred to Butler, Pappas right now, or should we hold this matter pending a response from underwriting.

Carl

Carlton C. Clarke
Crum & Forster
305 Madison Avenue
Morristown, N.J. 07962
Phone: 973-490-6490
Fax:    877-622-6425

----- Forwarded by Carlton Clarke/CFIServices/CFI on 02/26/2007 03:17 PM -----


Carlton Clarke
02/26/2007 03:12 PM

To: Monica Streacker/SanFrancisco/CFI@CFI
cc:
Subject: Copart, Inc.: Claim for Hurricane Wilma Damage Policy 2441873745 My File: BDU00309382

Good afternoon,

I have a Hurricane Wilma claim pending for the captioned account. In our adjustment process we determined that one of the loss locations (Yard 105) was not on the schedule of values. We have declined coverage for that location. You may recall that you confirmed that there was no coverage for that location.

CLAIM 0047

Attached to the note below is a letter from attorney's representing Copart. Basically they are taking exception to our position and making allegations regarding what was included in the policy that was tendered to the insured.

Please take a moment to review the letter and advise us of your thoughts regarding the portions of the letter that relate to what was included in the policy. I have acknowledge receipt of the letter, but I do not want to respond to the allegations until we hear from you. The loss claimed for this location is $112,784.

Thanks and regards,

Carl

Carlton C. Clarke
Crum & Forster
305 Madison Avenue
Morristown, N.J. 07962
Phone:  973-490-6490
Fax:     877-622-6425

----- Forwarded by Carlton Clarke/CFIServices/CFI on 02/26/2007 03:02 PM -----



Vedica Puri
<vpuri@pillsburylevinso
n.com>

02/22/2007 07:56 PM

To: carlton_clarke@cfins.com
cc:
Subject: Copart, Inc.: Claim for Hurricane Wilma Damage

Dear Mr. Clarke:

Please see the attached letter. We look forward to speaking with you shortly.

C&F Ltr.pdf

Thanks,

Vedica Puri, Esq.
Pillsbury & Levinson, LLP
Transamerica Pyramid
600 Montgomery Street, 31st Floor
San Francisco, CA 94111
(415) 433-8000
(415) 433-4816 (fax)

CLAIM 0048

# PILLSBURY & LEVINSON, LLP

### A T T O R N E Y S   A T   L A W

PHILIP L. PILLSBURY, JR.                      February 22, 2007

*By Electronic & U.S. Mail*

Carlton C. Clarke
Claims Specialist
Crum & Forster
305 Madison Avenue
PO Box 1973
Morristown, NJ 07962-1973

     RE:   *Copart, Inc: Policy No. 2441886561*

Dear Mr. Clarke:

     We represent Copart, Inc. ("Copart") with respect to the property damage and business interruption claim for damage to buildings on a lot owned by Copart in Hialeah, Florida ("Yard 105"). Copart, as part of its on-line auto salvage auction business, owns a lot in Hialeah, Florida known as Yard 105. There were two buildings on this lot in October 2005: the main, large building (used as storage for cars and an office) and a smaller building. Hurricane Wilma struck southeastern Florida in October 2005 and so severely damaged the large building in Yard 105 that Copart was required, by local ordinance, to demolish the building[1].

     After the hurricane, Copart immediately contacted Crum & Forster and tendered a claim. However, it was not until November 29, 2006 that an adjuster from Crum & Forster was assigned to the Wilma claim. By December 1, 2005, the County of Miami-Dade, through its Unsafe Structures Unit, posted an "UNSAFE BUILDING" sign on the large building ordering that the building be vacated. Copart had no choice but to comply and both its offices and storage unit were shut down and relocated. That same date, the Building Department also issued a "Repair or Demolish" Order to Copart officially deeming the large building "unsafe" and in violation of Miami-Dade County Building Code provisions.

     Copart, through its broker Marsh USA, previously tendered this claim to Crum & Forster under USFIC/Crum & Forster Policy No. 2441886561 ("Policy") issued for the policy period of 10/1/05-10/1/06. We believe your letter dated December 28, 2006 erroneously denied Copart's claim for reconstruction of the large building on Yard 105. We request that Crum & Foster

---

[1] The owner of the buildings located at the subject property is CPRT Land Holdings, Inc. This entity is also listed as an insured on the Schedule of Names Insureds form of the policy (FM 206.0. 04 94). For ease of reference, we will refer to CPRT Land Holdings, Inc. as Copart throughout this letter.

THE TRANSAMERICA PYRAMID · 600 MONTGOMERY STREET · THIRTY-FIRST FLOOR · SAN FRANCISCO, CA 94111
(415) 433-8000 · FACSIMILE (415) 433-4816

CLAIM 0049

Carlton C. Clarke
February 22, 2007
Page 2

immediately reconsider the claim for property damage and for business interruption loss suffered as a result of the demolished building.

We believe Copart is entitled to coverage under the following Policy forms since Copart meets the insuring clause requirements and no applicable exclusions apply:

1.    Building & Personal Property Coverage Form (CP 00 10 10 00)

2.    Causes of Loss – Special Form (CP 10 30 10 00)

3.    Ordinance or Law Coverage Endorsement (CP 04 05 10 00)

4.    Business Income (and Extra Expense) Coverage Form (CP 00 30 10 00)

**I.    USFIC Erroneously Denied Coverage Based on an SOV Form**

In its denial letter, C&F states: "Our review of the statement of values attached to your policy indicated that there is on coverage for buildings or time element exposures at this location. In that regard, the cost of repairs at this location is not covered." First, it is not at all clear that a Statement of Values form ("SOV") was actually an attachment, or any part of, the policy. The copy of the policy provided by C&F makes no reference to the SOV, does not incorporate the SOV by its terms, and certainly does not attach the SOV to the policy. C&F does not cite to any provision in the policy that renders the SOV a part of the policy terms or notified Copart that coverage was contingent upon or related to the SOV in any manner.

Without explanation, C&F attaches to its December 28, 2006 letter a copy of what appears to be a generic "Value Reporting Form" endorsement. We presume C&F contends that such an endorsement somehow applies to preclude coverage for Copart locations with unlisted values on the SOV. However, there was no such endorsement attached to, referenced in, incorporated by, or mentioned in the policy at issue. It appears USFIC specifically did not intend to include the SOV in the policy since nowhere in the Schedule of Forms is the SOV listed. In fact, the insured had not seen the Value Reporting Form endorsement until receiving your letter.

Indeed, by submitting an SOV before the policy was issued, and given the language of the Declaration page covering "All" buildings, it became Copart's reasonable expectation that all properties listed in the SOV would be covered. If USFIC had meant the values in the SOV to alter the coverage provided by the insuring clauses of the policy, it should have so stated in the policy. However, USFIC did not do so. As you know, provisions that take away or limit coverage reasonably expected by the insured must be "conspicuous, plain and clear" to be enforceable. *See De May v. Interinsurance Exch. of Auto Club of So. Calif.* (1995) 32 Cal.App.4th 1133, 1137; *Travelers Cas. & Sur. Co. v. Transcontinental Ins. Co.* (2004) 122 Cal.App.4th 949, 958.

**CLAIM 0050**

Carlton C. Clarke
February 22, 2007
Page 3

Any limitation on Copart's coverage rights by virtue of the SOV would be considered an exclusion. As explained by the Supreme Court: "An insurer cannot escape its basic duty to insure by means of an exclusionary clause that is unclear ... The burden rests on the insurer to phrase exceptions in *clear and unmistakable* language ... The exclusionary clause must be conspicuous, plain and clear." See *State Farm Mut. Auto Ins. Co. v. Jacober* (1973) 10 Cal.3d 193, 201-202; *Haynes v. Farmers Ins. Exch.* (2004) 32 Cal.4[th] 1198, 1204. The Declarations page specifically states "all" locations and the 'conspicuous' rule "applies with particular force when the coverage portion of the insurance policy would lead an insured to reasonably expect coverage for a claim purportedly excluded." *See MacKinnon v. Truck Ins. Exch.* (2003) 31 Cal.4[th] 635, 648. As such, Copart expected coverage for Yard 105 and USFIC failed to exclude such coverage.

Public policy requires that the insured's reasonable expectations be protected. Therefore, clauses negating reasonably expected coverage must be "conspicuous, plain and clear." *See Gray v. Zurich Ins. Co.* (1966) 65 Cal.2d 263, 271. There is no such clause concerning the SOV in the Policy. Therefore, USFIC does not have a valid basis on which to deny this claim based on the grounds stated in its 12/28/06 letter.

**II.    USFIC Erroneously Denied Copart's Business Income Claim**

Copart is entitled to: (1) loss of business income ("BI") resulting from "suspension" of its "operations" related to Yard 105 and (2) "extra expenses" incurred as a result of the Yard 105 losses. Crum & Foster's 12/28/06 letter summarily states Copart does not have "time element" coverage; however, as you know, business interruption coverage is a form of "time element" coverage. Furthermore, the BI form will apply since Copart's operations were suspended due to "damage to the property" as defined in the Policy. We see nothing in the Policy that negates Copart's entitlement to coverage under the Business Income (and Extra Expense) Coverage Form (CP 00 30 10 00). Since the large building on Yard 105 both housed Copart offices and acted as a storage area for salvaged cars, the County's notice to vacate and subsequent demolition clearly resulted in a business income loss as defined by the Policy.

Please call us as soon as possible to discuss this claim.

Very Truly Yours,

Philip L. Pillsbury, Jr.

PILLSBURY & LEVINSON, LLP
ATTORNEYS AT LAW

CLAIM 0051

PILLSBURY & LEVINSON, LLP

A T T O R N E Y S    A T    L A W

PHILIP L. PILLSBURY, JR.

February 22, 2007

*By Electronic & U.S. Mail*

Carlton C. Clarke
Claims Specialist
Crum & Forster
305 Madison Avenue
PO Box 1973
Morristown, NJ 07962-1973

RE:    *Copart, Inc. Policy No. 2441886561*

Dear Mr. Clarke:

We represent Copart, Inc. ("Copart") with respect to the property damage and business interruption claim for damage to buildings on a lot owned by Copart in Hialeah, Florida ("Yard 105"). Copart, as part of its on-line auto salvage auction business, owns a lot in Hialeah, Florida known as Yard 105. There were two buildings on this lot in October 2005: the main, large building (used as storage for cars and an office) and a smaller building. Hurricane Wilma struck southeastern Florida in October 2005 and so severely damaged the large building in Yard 105 that Copart was required, by local ordinance, to demolish the building[1].

After the hurricane, Copart immediately contacted Crum & Forster and tendered a claim. However, it was not until November 29, 2006 that an adjuster from Crum & Forster was assigned to the Wilma claim. By December 1, 2005, the County of Miami-Dade, through its Unsafe Structures Unit, posted an "UNSAFE BUILDING" sign on the large building ordering that the building be vacated. Copart had no choice but to comply and both its offices and storage unit were shut down and relocated. That same date, the Building Department also issued a "Repair or Demolish" Order to Copart officially deeming the large building "unsafe" and in violation of Miami-Dade County Building Code provisions.

Copart, through its broker Marsh USA, previously tendered this claim to Crum & Forster under USFIC/Crum & Forster Policy No. 2441886561 ("Policy") issued for the policy period of 10/1/05-10/1/06. We believe your letter dated December 28, 2006 erroneously denied Copart's claim for reconstruction of the large building on Yard 105. We request that Crum & Foster

---

[1] The owner of the buildings located at the subject property is CPRT Land Holdings, Inc. This entity is also listed as an insured on the Schedule of Names Insureds form of the policy (FM 206.0. 04 94). For ease of reference, we will refer to CPRT Land Holdings, Inc. as Copart throughout this letter.

THE TRANSAMERICA PYRAMID · 600 MONTGOMERY STREET · THIRTY-FIRST FLOOR · SAN FRANCISCO, CA 94111
(415) 433-8000 · FACSIMILE (415) 433-4816

**CLAIM 0052**

Carlton C. Clarke
February 22, 2007
Page 2

immediately reconsider the claim for property damage and for business interruption loss suffered as a result of the demolished building.

We believe Copart is entitled to coverage under the following Policy forms since Copart meets the insuring clause requirements and no applicable exclusions apply:

1.  Building & Personal Property Coverage Form (CP 00 10 10 00)

2.  Causes of Loss – Special Form (CP 10 30 10 00)

3.  Ordinance or Law Coverage Endorsement (CP 04 05 10 00)

4.  Business Income (and Extra Expense) Coverage Form (CP 00 30 10 00)

## I.  USFIC Erroneously Denied Coverage Based on an SOV Form

In its denial letter, C&F states: "Our review of the statement of values attached to your policy indicated that there is on coverage for buildings or time element exposures at this location. In that regard, the cost of repairs at this location is not covered." First, it is not at all clear that a Statement of Values form ("SOV") was actually an attachment, or any part of, the policy. The copy of the policy provided by C&F makes no reference to the SOV, does not incorporate the SOV by its terms, and certainly does not attach the SOV to the policy. C&F does not cite to any provision in the policy that renders the SOV a part of the policy terms or notified Copart that coverage was contingent upon or related to the SOV in any manner.

Without explanation, C&F attaches to its December 28, 2006 letter a copy of what appears to be a generic "Value Reporting Form" endorsement. We presume C&F contends that such an endorsement somehow applies to preclude coverage for Copart locations with unlisted values on the SOV. However, there was no such endorsement attached to, referenced in, incorporated by, or mentioned in the policy at issue. It appears USFIC specifically did not intend to include the SOV in the policy since nowhere in the Schedule of Forms is the SOV listed. In fact, the insured had not seen the Value Reporting Form endorsement until receiving your letter.

Indeed, by submitting an SOV before the policy was issued, and given the language of the Declaration page covering "All" buildings, it became Copart's reasonable expectation that all properties listed in the SOV would be covered. If USFIC had meant the values in the SOV to alter the coverage provided by the insuring clauses of the policy, it should have so stated in the policy. However, USFIC did not do so. As you know, provisions that take away or limit coverage reasonably expected by the insured must be "conspicuous, plain and clear" to be enforceable. *See De May v. Interinsurance Exch. of Auto Club of So. Calif.* (1995) 32 Cal.App.4th 1133, 1137; *Travelers Cas. & Sur. Co. v. Transcontinental Ins. Co.* (2004) 122 Cal.App.4th 949, 958.

Carlton C. Clarke
February 22, 2007
Page 3

Any limitation on Copart's coverage rights by virtue of the SOV would be considered an exclusion. As explained by the Supreme Court: "An insurer cannot escape its basic duty to insure by means of an exclusionary clause that is unclear ... The burden rests on the insurer to phrase exceptions in *clear and unmistakable* language ... The exclusionary clause must be conspicuous, plain and clear." *See State Farm Mut. Auto Ins. Co. v. Jacober* (1973) 10 Cal.3d 193, 201-202; *Haynes v. Farmers Ins. Exch.* (2004) 32 Cal.4th 1198, 1204. The Declarations page specifically states "all" locations and the 'conspicuous' rule "applies with particular force when the coverage portion of the insurance policy would lead an insured to reasonably expect coverage for a claim purportedly excluded." *See MacKinnon v. Truck Ins. Exch.* (2003) 31 Cal.4th 635, 648. As such, Copart expected coverage for Yard 105 and USFIC failed to exclude such coverage.

Public policy requires that the insured's reasonable expectations be protected. Therefore, clauses negating reasonably expected coverage must be "conspicuous, plain and clear." *See Gray v. Zurich Ins. Co.* (1966) 65 Cal.2d 263, 271. There is no such clause concerning the SOV in the Policy. Therefore, USFIC does not have a valid basis on which to deny this claim based on the grounds stated in its 12/28/06 letter.

**II.     USFIC Erroneously Denied Copart's Business Income Claim**

Copart is entitled to: (1) loss of business income ("BI") resulting from "suspension" of its "operations" related to Yard 105 and (2) "extra expenses" incurred as a result of the Yard 105 losses. Crum & Foster's 12/28/06 letter summarily states Copart does not have "time element" coverage; however, as you know, business interruption coverage is a form of "time element" coverage. Furthermore, the BI form will apply since Copart's operations were suspended due to "damage to the property" as defined in the Policy. We see nothing in the Policy that negates Copart's entitlement to coverage under the Business Income (and Extra Expense) Coverage Form (CP 00 30 10 00). Since the large building on Yard 105 both housed Copart offices and acted as a storage area for salvaged cars, the County's notice to vacate and subsequent demolition clearly resulted in a business income loss as defined by the Policy.

Please call us as soon as possible to discuss this claim.

Very Truly Yours,

Philip L. Pillsbury, Jr.

PILLSBURY & LEVINSON, LLP

ATTORNEYS AT LAW

CLAIM 0054

## FACSIMILE TRANSMITTAL SHEET

| | | | |
|---|---|---|---|
| To : | Heather | From: | Carlton Clarke |
| FAX Number: | 707-639-5099 | Date: | January 16, 2007 |
| Company: | Copart | Pages Incl. Cover: | 4 |
| Phone Number: | | | |

Re:      Our Insd:  Copart Auto Auctions

Our File:  BDU00309382

D/L:      10/24/2005

**NOTES/COMMENTS:**

Heather,

Per your request, attached is the itemization of the loss calculation.

Regards,

Carlton C. Clarke

973-490-6490



Crum Forster
EARNING YOUR TRUST

Address line 1 • address line 2 • city, state  zip
Phone: phone number • Fax: fax number

CLAIM 0055



United States Fire Insurance Company
The North River Insurance Company

305 Madison Avenue
P.O. Box 1973
Morristown, NJ 07962-1973
973-490-6600

January 9, 2007

COPART AUTO AUCTIONS                    SENT VIA FAX
4665 BUSINESS CENTER DRIVE              707-639-5099
FAIRFIELD, CA. 95434                    THREE PAGES
ATTN: GREG ADLER

Re:    OUR INSD:    COPART AUTO AUCTIONS
       OUR FILE:    BDU00309382
       D/L:         OCTOBER 24, 2005

Dear Mr. Adler:

The captioned matter pertains to damages sustained as a result of Hurricane Rita. We
have completed our evaluation of your firm's loss.

Per the attached Statement of Loss, the total amount of the covered cost of repairs is
$221,502.05. There is a $100,000 deductible feature that is applicable to this loss. The
net recovery is $121,502.05. Enclosed is a proof of loss document. Please sign this
form, have your signature notarized, and then return the form to the undersigned. Upon
receipt, we will issue our settlement check.

Should you have any questions regarding this matter, please do not hesitate to contact
me at 973-490-6490.

Very truly yours,

Carlton C. Clarke
Claims specialist

CLAIM 0056

January 9, 2007
Page 2

## STATEMENT OF LOSS

| | | |
|---|---|---|
| YARD #70 W. Palm | 181,567.14 | Adjusted per policy provisions |
| YARD #70 | 14,268.10 | |
| YARD #105 | 0 | Not a covered loss location |
| YARD #33 | 25,666.81 | Adjusted per policy provisions |
| Total | 221,502.05 | |
| Less deductible | (100,000.00) | |
| Net Recovery | 121,502.05 | |

www.cfins.com

CLAIM 0057

*Crum&Forster Insurance*

## Sworn Statement in Proof of Loss

**ANY PERSON WHO KNOWINGLY AND WITH INTENT TO DEFRAUD ANY INSURANCE COMPANY OR OTHER PERSON FILES A STATEMENT OF CLAIM CONTAINING ANY MATERIALLY FALSE INFORMATION, OR CONCEALS FOR THE PURPOSE OF MISLEADING, INFORMATION CONCERNING ANY FACT MATERIAL THERETO, COMMITS A FRAUDULENT INSURANCE ACT, WHICH IS A CRIME.**

Policy Number: 244188656
Amount of Policy at Time of Loss: $5,000,000
Date Issued: 10/01/2005
Date Expires: 10/01/2006

Company Claim No.: BDU00309382

Agency at: San Francisco, Ca.
Agent: Marsh

To the U.S. Fire Insurance Company of Delaware:

At the time of loss, by the above indicated policy of insurance you insured Copart Auto Auctions against loss by all risk to the property described under Schedule"A," according to the terms and conditions of the said policy and all forms, endorsements, transfers and assignments attached thereto.

**1. Time and Origin:** A Windstorm loss occurred about the hour of  o'clock , on the twenty-fourth day of October, 2005. The cause and origin of the said loss were: Hurricane Wilma.

**2. Occupancy:** The building described, or containing the property described, was occupied at the time of the loss as follows, and for no other purpose whatever: as intended.

**3. Title and Interest:** At the time of the loss the interest of your insured in the property described therein was Owner.  No other person or persons had any interest therin or incumbrance thereon, except: none.

**4. Changes:** Since the said policy was issued there has been no assignment thereof, or change of interest, use, occupancy, possession, location or exposure of the property described, except:  none.

**5. Total Insurance:** The total amount of insurance upon the property described by this policy was, at the time of the loss, 0.00, as more particularly specified in the apportionment attached under Schedule "C," besides which there was no policy or other contract of insurance, written or oral, valid or invalid.

| | |
|---|---|
| 6. **The Actual Cash Value** of said property at the time of the loss was. . . | $0.00 |
| 7. **The Whole Loss and Damage was** . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $221,502.05 |
| 8. **Less Amount of Deductible** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $100,000.00 |
| **Less Other** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $0.00 |
| 9. **The Amount Claimed** under the above numbered policy is . . . . . . . . | $121,502.05 |

The said loss did not originate by any act, design or procurement of the part of your insured, or this affiant; nothing has been done by or with the privity or consent of your insured or this affiant, to violate the conditions of the policy, or render it void; no articles are mentioned herein or in annexed schedules but such as were destroyed or damaged at the time of said loss; no property saved has in any manner been concealed, and no attempt to deceive the said company, as to the extent of said loss, has in any manner been made. Any other information that may be required will be furnished and considered a part of this proof.

The furnishing of this blank or the preparation of proofs by a representative of the above insurance company is not a waiver of any of its rights.

State of _____          _____

County of _____         _____

Subscribed and sworn to before me this ____ day of _____, 19__

_____ Notary Public

**CLAIM 0058**

Opera

Yard w. Palm          41,557.14
                      17,268.10
Yard                      0
Yard                  25,661.81

                      271,32.05
                    — 190,105.00

                      73,025

CLAIM 0059



GAB Robins North America, Inc.

510 Plaza Square Building,
4360 Chamblee Dunwoody Road
Atlanta, Georgia 30341
☎: 770-457-9555
800-766-9550
🖷: 770-458-2673

Report: **NINTH and FINAL**

December 15, 2006

**CRUM & FORSTER**
305 MADISON AVENUE
MORRISTOWN, NJ  07962

Attn: Carlton Clarke

| | |
|---|---|
| Policy No. | 24418865561 |
| Policy Period | 10-01-05/06 |
| Claim No. | BDU00309382 |
| GAB File No. | **22907-28823** |
| Insured | COPART OF FLORIDA |
| Claimant | |
| Loss Location | VARIOUS – FLORIDA |
| Type of Claim | WIND/ HURRICANE WILMA |
| Date of Claim | 10-24-05 |

## SUMMARY

A Proof of Loss was forwarded to the insured for signature and notarization based on the figures indicated to you in our report of December 14, 2006. We understand the Proof of Loss was to be forwarded to you directly so the settlement draft could be issued.

We are, therefore, closing our file on this matter at this time.

## ENCLOSURES

1. GAB Robins final service invoice

## SUGGESTED RESERVES

| | |
|---|---|
| Building | $ 300,000.00 |
| Personal Property | 50,000.00 |
| Gross | $ 350,000.00 |
| Deductible | 100,000.00 |
| Net | $ 250,000.00 |

## CAUSE OF LOSS

This loss involves damages associated with Hurricane Wilma that made landfall as a category II Hurricane in the State of Florida. The heavy winds caused damage to three (3) facilities owned by Copart where repairs are necessary.

**CLAIM 0060**

Page 2
Copart of Florida
22907-28823

# FUTURE HANDLING

This final report will now conclude our assignment and we want to once again thank you for allowing us to be of service to you in this matter.

ORVIN R. WILLS
National General Adjuster
770-457-9555, Ext. 223
willso@gabrobins.com

OW:mk

s\common\wills\22907\28823-F

CLAIM 0061

 **Carlton Clarke**
01/08/2007 05:18 PM

To: willso@gabrobins.com
cc:
Subject: Open Files

Orvin,

Per our discussion of last week, please close your file and submit your final service invoice on the following losses:

Community Newspaper  22907-27556    BDU00302109
Community Newspaper  22907-29467    BDU00322008
Copart of Florida        22907-28823    BDU00309382
GH Capital                22907-29248    BDU00317790
Ram Partners             22907-29572    BDU00323595

Thank you for your handling of these matters on our behalf.

Carl

Carlton C. Clarke
Crum & Forster
305 Madison Avenue
Morristown, N.J. 07962
Phone:  973-490-6490
Fax:     877-622-6425

CLAIM 0062

REDACTED

Dennis McCarthy

| **Dennis McCarthy** | To: Carlton Clarke/CFIServices/CFI@CFI |
|---|---|
| 12/28/06 10:37 AM | cc: Jim Kraus/CFIServices/CFI@CFI |
| | Subject: Re: Copart  BDU00309382 |

Carlton,

I'm fine with this.  By copy to Jim, I have the claim file if you wish to review the policy and statement of values.  Please await Jim's review.

Dennis McCarthy
Vice President, Claims

Carlton Clarke



| **Carlton Clarke** | To: Dennis McCarthy/CFIServices/CFI@CFI, Jim |
|---|---|
| 12/28/2006 09:50 AM | Kraus/CFIServices/CFI@CFI |
| | cc: |
| | Subject: Copart  BDU00309382 |

Good morning,

Per the interim report  below, there are portions of the captioned claim that are not covered. Attached is a copy of my draft  denial letter.

When time allows, please advise your authority to issue the denial to the insured.


309382-1.doc

Carl

Carlton C. Clarke
Crum & Forster
305 Madison Avenue
Morristown, N.J. 07962
Phone:  973-490-6490
Fax:     877-622-6425

----- Forwarded by Carlton Clarke/CFIServices/CFI on 12/28/2006 09:50 AM -----

 Save & 

# Interim Property Report

Claim Number:          BDU00309382
Insured:                   Copart Auto Auctions

**CLAIM 0063**

Reserve Change?          No
Activity/Results to Date:
The policy holder owns several auto auction facilities throughout the United States. The claim involves damage to several locations in the State of Florida as a result of Hurricane Wilma.

Within the claims presentation of the policy holder are invoices for repairs to property that is not covered under the policy. That property includes paved surfaces, land, and a yard that has been deleted from the schedule of values (in the hard copy of the file I have an e-mail from the underwriter confirming that there is no coverage fo rYard 105). Per the attached letter, I am declining coverage for these items.

Please review the attached letter and advise your authority to issue.

Things to Complete:
Issue denial letter to the policy holder
  Conclude our adjustment on the covered portions of the loss.

Completed By:  Carlton Clarke on 12/28/2006 09:46:32 AM

CLAIM 0064



United States Fire Insurance Company
The North River Insurance Company

305 Madison Avenue
P.O. Box 1973
Morristown, NJ 07962-1973
973-490-6600

December 28, 2006

COPART AUTO AUCTIONS
4665 BUSINESS CENTER DRIVE
FAIRFIELD, CA. 95434
ATTN: GREG ADLER

RE:   OUR INSD:   COPART AUTO AUCTIONS
      OUR FILE:   BDU00309382
      POLICY:     244187374-5
      D/L:        OCTOBER 24, 2005

*MC7 639 5099*

*3 PAGES*

Dear Mr. Adler:

The captioned matter pertains to damages sustained as a result of Hurricane Wilma. We have recently received a report from our field representative. The report contains several invoices that represent Copart's claim submission. Upon review, please be advised that portions of Copart's claim submission involve areas that are not covered under this policy.

As respects Yard #70 in West Palm Beach, Florida, there is an invoice for "grading of [the] yard to fix erosion" from Dick Birdstall, and an invoice from Marks Paving for "grading and paving lot". As respects Yard #33 in Miami, Florida, there are invoices from Bay Area Excavating for "maintenance and yard repairs", and Austin Tupler Trucking, and Florida Rock Industries for "hauling in material for base rock for yard". Our interpretation of these invoices is that they pertain to repairs to the land at the locations indicated.

Please refer to your policy of insurance, and that form entitled BUILDING AND PERSONAL PROPERTY COVERAGE FORM (CP00100695). Please further refer to Section 2. Property Not Covered found on page two of this form. This section states the following:

2. Property Not Covered
   Covered Property does not include:
       a.  Accounts, bills, currency, deeds, food stamps or other evidences of debt, money, notes or securities, Lottery tickets held for sale are not securities;
       b.  Animals, unless owned by others and boarded by you, or if owned by you, only as "stock" while inside of buildings;
       c.  Automobiles held for sale;
       d.  **Bridges, roadways, walks, patios or other paved surfaces;**

**CLAIM 0065**

December 28, 2006
Page 2

e.  Contraband, or property in the course of illegal transportation or trade;
f.  **The cost of excavations, grading, backfilling or filling;**
g.  Foundations of buildings, structures, machinery or boilers if their foundations are below:
    (1) The lowest basement floor; or
    (2) The surface of the ground, if there is no basement;
h.  **Land (including land on which the property is located), water, growing crops or lawns;**
i.  Personal property while airborne or waterborne;
j.  Bulkheads, pilings, piers, wharves or docks;
k.  Property that is covered under another coverage form of this or any other policy in which it is more specifically described, except for the excess of the amount due (whether you can collect on it or not) from that other insurance;
l.  Retaining walls that are not part of a building;
m.  Underground pipes, flues or drains;
n.  The cost to research, replace or restore the information on valuable papers and records, including those which exist on electronic or magnetic media, except as provided in the Coverage Extensions;
o.  Vehicles or self-propelled machines (including aircraft or watercraft) that:
    (1) Are licensed for use on public roads; or
    (2) Are operated principally away from the described premises.
    This paragraph does not apply to:
    (1) Vehicles or self-propelled machines or autos you manufacture, process or warehouse;
    (2) Vehicles or self-propelled machines, other than autos that you hold for sale; or
    (3) Rowboats or canoes out of water at the described premises;
p.  The following property while outside of the buildings:
    (1) Grain, hay, straw or other crops;
    (2) Fences, radio or television antennas (including satellite dishes) and their lead-in wiring, masts or towers, signs (other than signs attached to buildings), trees, shrubs or plants (other than "stock" of trees, shrubs or plants), all except as provided in the Coverage Extensions.

As highlighted in the above captioned exclusion from your policy, paved surfaces, the cost of excavations, grading and backfilling, and the actual land itself are not covered property under this policy. The cost of work related to these areas is not covered.

It is also indicated in the report that the claim submission from Copart includes work related to Yard 105 in Hialeah, Florida. Our review of the statement of values attached to your policy indicates that there is no coverage for buildings or time element exposures at this location. In that regard, the cost of repairs at this location is not covered.

The balance of the claim submission from Copart is being evaluated. We will advise you of our adjustment of the remaining portion of the claim submission shortly.

The aforementioned portions of the policy cited in this correspondence should not be construed as the entire policy. All terms and conditions of the policy remain in full force and effect.

**CLAIM 0066**

December 28, 2006
Page 3

Please do not construe the actions of our field representatives, vendors, or employees of
the United States Fire Insurance Company to be a waiver of any of the terms and
conditions of the policy. All rights and defenses afforded under the policy are hereby
reserved.

Should you have any information that may have a bearing on this matter, we invite you
to present that information to the undersigned for further consideration. Should you have
any questions regarding this matter, please do not hesitate to contact the undersigned at
973-490-6490 to discuss this matter further.

Very truly yours,


Carlton C. Clarke
Claims Specialist


*209382 — 1*
*H Drive.*

CLAIM 0067

 **Carlton Clarke**
12/28/2006 07:48 AM

To: willso@gabrobins.com
cc:
Subject: Copart My File: BDU00309382   Your File: 22907-28823

Good morning Orvin,

Regarding the captioned loss, I have read your recent report and enclosures. I will prepare a letter to the insured on the coverage issues. Please do not discuss coverage issues with the insured. In the course of receiving the documentation, I can understand advising the insured that there may be a problem with some of the claimed items. However, going forward, I would like my letter to go out first, and then you can conclude the loss on the basis of your adjustment.

Once the denial is approved, I will let you know. In the mean time, if you get an inquiry from the insured, please advise Copart that we are reviewing the coverage issues and preparing a formal response. I will try to have this done within the next week or so. If there is a problem, please refer them to me.

Thanks and regards,

Carl

Carlton C. Clarke
Crum & Forster
305 Madison Avenue
Morristown, N.J. 07962
Phone:  973-490-6490
Fax:     877-622-6425

**CLAIM 0068**



**GAB Robins**
GAB Robins North America, Inc.

510 Plaza Square Building,
4360 Chamblee Dunwoody Road
Atlanta, Georgia 30341
☎: 770-457-9555
800-766-9550
📠: 770-458-2673

Report:  **EIGHTH and REPLY REQUESTED**

December 15, 2006

CRUM & FORSTER
305 MADISON AVENUE
MORRISTOWN, NJ  07962

Attn: Carlton Clarke

| | |
|---|---|
| Policy No. | 24418865561 |
| Policy Period | 10-01-05/06 |
| Claim No. | BDU00309382 |
| GAB File No. | **22907-28823** |
| Insured | COPART OF FLORIDA |
| Claimant | |
| Loss Location | VARIOUS – FLORIDA |
| Type of Claim | WIND/ HURRICANE WILMA |
| Date of Claim | 10-24-05 |

## SUMMARY

We have completed our investigation into the building and extra expense loss associated with Hurricane Wilma. We have received and reviewed all documentation from the insured and we have held numerous conference calls to discuss the information received. We are now in a position to make settlement recommendations to you regarding this loss.

## ENCLOSURES

1. Adjuster's Statement of Loss
2. Adjuster's Schedule I
3. Invoices supplied by the insured

## SUGGESTED RESERVES

Building
Personal Property
Gross
Deductible
Net

REDACTED

## CAUSE OF LOSS

This loss involves damages associated with Hurricane Wilma that made landfall as a category II Hurricane in the State of Florida. The heavy winds caused damage to three (3) facilities owned by Copart where repairs are necessary.

CLAIM 0069

Page 2
Copart of Florida
22907-28823

## ADJUSTMENT



We have held several phone consultations and have also made a re-inspection of the property and discussed our findings with the insured on numerous occasions. Throughout the duration of this claim we have requested documentation from the insured, which was not all forwarded to us at one time. Much of the documentation received was sent to us throughout the duration of this claim. We did prepare a detailed scope of all the damages in our inspection of all locations and have prepared our scope to the insured's invoices supplied to us by their contractors. In reviewing all invoices, all appear to be fair and reasonable based on competitive construction and labor rates in Florida.



In our analysis of these items, we determined there were numerous coverage issues surrounding the repairs that we discussed with the insured and advised there were applications of exclusions. The items that we informed the insured were applications of exclusions were items related to land, not being covered property. We call your attention to our attached Schedule I, where we have detailed all of the insured's invoices forwarded to us on the involved locations. All locations that have been highlighted are related to coverage issues for land repairs at these locations. Items that have been highlighted in the yard 105, the Hialeah location has not been taken into consideration due to the fact that you informed us that none of these locations have any property damage or business income values in the policy. We, therefore, did not include any of these items in our adjustment.

We do call your attention to our attached Statement of Loss where we have detailed the damages for the covered locations involved. In yard 70, located in West Palm Beach, FL, the insured submitted a claim in the amount of $211,141.06. In review of these items, we did note a coverage issue regarding land repairs which was deducted from this claim, which was the Dick Birdsall invoice. The insured's claim, as adjusted, for yard 70 in West Palm Beach, comes to $201,007.14. There were extra expenses associated with yard 70 in West Palm Beach, FL, which was also detailed on page 4 in our Statement of Loss. The insured submitted extra expenses for this location in the amount of $14,268.10 so business activities could continue. In review of these items, we felt all were fair and reasonable and included them in the claims adjustment.

As previously mentioned, yard 105 located in Hialeah, FL, does not have any property damage or BI values, as indicated in the underwriting file. This information was brought to our attention in your e-mail forwarded to us on December 6, 2006.

The insured also sustained damage at yard 33 in Miami, FL, where the insured submitted a claim in the amount of $127,258.64. In review of the insured's claim, we noted various items that were in applicability of exclusions on the policy. The applicability of the exclusions were related to repairs to the land, which is not covered property. We did not include any of these items in our adjustment. As indicated on page 3 of 4 of the attached Statement of Loss, we have determined the insured's loss for yard 33 in Miami, FL, to be $25,666.81.

We have determined that the policy loss deductible on all perils under the insured's policy is $50,000.00. In taking into consideration the perils of earthquake, flood, and named windstorms, the deductible increases to 2% of the insured values with a minimum of $100,000.00. A review of the values at the insured locations it does appear that the minimum of $100,000.00 deductible will apply to this loss.

**CLAIM 0070**

Page 3
22907-28823
CoPart

In taking into consideration all of the involved covered locations, the loss comes to $240,935.90. We have taken the $100,000.00 minimum wind deductible and were left with a recoverable claim in the amount of $140,935.95.

## RECOMMENDATIONS

We are hereby requesting your authorization for us to proceed in obtaining a Proof of Loss in settlement for the figures indicated in our attached loss.

At this juncture of the claim we do not have agreements with the insured on the items where a coverage issue is denoted. Upon receipt of your authorization, we will again contact the insured and discuss these items with them in detail.

## FUTURE HANDLING

We will maintain this file on a thirty (30) day diary pending your further advices if we can obtain the necessary closing papers.

ORVIN R. WILLS
National General Adjuster
770-457-9555, Ext. 223
willso@gabrobins.com

OW:mk

s\common\wills\22907\28823-8

CLAIM 0071



**GAB Robins**
GAB Robins North America, Inc.

PAGE 1 OF 4

INSURED:        COPART
GAB FILE #      22907-28823
POLICY #        2441886551
LOSS DATE       10/24/2006
LOCATION        VARIOUS
TYPE:           HURRICANE WILMA

| | VALUE | LOSS | CLAIM |
|---|---|---|---|

**ITEM**
All risk coverage commercial property Form with blanket limits covering, Building, personal property including flood & earthquake in the amount of $5mil for all insured locations. The policy loss deductible is $50,000.00 for all perils except named windstorms flood and earthquake where the deductible is 5% of the total insured values with a minimum of $100,000.00 Valuation at replacement cost subject to withheld depreciation. No coinsurance

**LOSS DETERMINATION (BUILDING)**
Loss determined by adjuster with joint scope with insured's contractors

| Loss as Claimed Yard 70 W. Palm Beach, FL | | Loss as Per GAB Robins |
|---|---|---|
| Dick Birdstall | $10,133.92 | $0 |
| Central States Construction | 68,644.90 | 68,644.90 |
| A Better Ceiling Inc. | 6,254.00 | 6,254.00 |
| Jerry Hoffman Construction | 3,860.00 | 3,860.00 |
| Jerry Hoffman Construction | 11,423.00 | 11,423.00 |
| Jerry Hoffman Construction | 22,062.76 | 22,062.76 |
| Jerry Hoffman Construction | 2,772.16 | 2,772.16 |
| A Better Ceiling Inc. | 1,389.36 | 1,389.36 |
| Linstrum | 1,550.00 | 1,550.00 |
| RSC | 1,967.60 | 1,967.60 |
| RSC | 486.01 | 486.01 |

Agreed

CLAIM 0072

PAGE 2 OF 4

INSURED:          COPART
GAB FILE #        22907-28823
POLICY #          2441886551
LOSS DATE         10/24/2006
LOCATION          VARIOUS
TYPE:             HURRICANE WILMA

| Loss as Claimed Yard 70 W. Palm Beach, FL | | Loss as Per GAB Robins | VALUE | LOSS | CLAIM |
|---|---|---|---|---|---|
| Central States Construction | 34,857.05 | 34,857.05 | | | |
| A Better Ceiling Inc. | 2,093.00 | 2,093.00 | | | |
| Tiles by Tony | 3,478.00 | 3,478.00 | | | |
| Tiles by Tony | 3,000.00 | 3,000.00 | | | |
| Tiles by Tony | 4,000.00 | 4,000.00 | | | |
| RSC | 459.51 | 459.51 | | | |
| Mold Master | 9,500.00 | 9,500.00 | | | |
| Marks Paving | 9,940.00 | 9,940.00 | | | |
| Lowes | 313.86 | 313.86 | | | |
| Triad Technologies | 1,748.50 | 1,748.50 | | | |
| Lowes | 581.03 | 581.03 | | | |
| Central States Construction | 10,626.40 | 10,626.40 | | | |
| | 211,141.06 | 201,007.14 | | $201,007.14 | |

**LOSS DETERMINATION (EXTRA EXPENSES)**
Determined by adjuster by review of invoices

| Loss as Claimed Yard 70 W. Palm Beach, FL | | Loss as Per GAB Robins | | | |
|---|---|---|---|---|---|
| Resum Leasing | $2,993.20 | $2,993.20 | | | |
| Resum Leasing | 404.44 | 404.44 | | | |
| Taurus Electric | 1,827.30 | 1,827.30 | | | |
| Resum Leasing | $9,043.16 | $9,043.16 | | | |
| | 14,268.10 | $14,268.10 | | $14,268.10 | |

**Loss as Claimed Yard 106 Hialeah, FL**
There are no property damages or BI Values
indicated for this location

Loss as Per GAB Robins

CLAIM 0073

PAGE 3 OF 4

INSURED:        COPART
GAB FILE #      22907-28823
POLICY #        2441886551
LOSS DATE       10/24/2006
LOCATION        VARIOUS
TYPE:           HURRICANE WILMA

| | VALUE | LOSS | CLAIM |
|---|---|---|---|

**LOSS DETERMINATION (BUILDING)**
Loss determined by adjuster with joint scope with insured's
contractors

| Loss as Claimed Yard 33 Miami, FL | | Loss as Per GAB Robins |
|---|---|---|
| Bay Area Excavating | $46,807.75 | $0 |
| Austin Tupler Trucking | 13,692.77 | 0 |
| Austin Tupler Trucking | 3,269.28 | 0 |
| Austin Tupler Trucking | 780.00 | 0 |
| Florida Rock Industries | 5,720.01 | 0 |
| Florida Rock Industries | 13,632.56 | 0 |
| Bay Contracting | 5,000.00 | 0 |
| Florida Rock Industries | 12,531.33 | 0 |
| Florida Rock Industries | 558.13 | 0 |
| TBT Industries | 4,020.40 | 4,020.40 |
| Engineer Review of Propery | 1,329.00 | 1,329.00 |
| Precast depot | 1,096.22 | 1,096.22 |
| Precast depot | 3,814.02 | 3,814.02 |
| Precast depot | 4,081.52 | 4,081.52 |
| Precast depot | 8,511.32 | 8,511.32 |
| Moes Electric | 1,440.00 | 1,440.00 |
| Moes Electric | 117.00 | 117.00 |
| Handyman Prof repairs | 1,257.33 | 1,257.33 |
| | 127,658.64 | 25,666.81 |

| | CLAIM |
|---|---|
| | $25,666.81 |

**DEDUCTIBLE DETERMINATION**
Policy Loss deductible for all perils is
$50,000.00. For named storms the deductible
is 5% of the total insured values or a minimum
of $100,000.00. The $100,000.00 loss
deductible will be applied to this loss.

CLAIM 0074

PAGE 4 OF 4

INSURED:          COPART
GAB FILE #        22907-28823
POLICY #          2441886651
LOSS DATE         10/24/2006
LOCATION          VARIOUS
TYPE:             HURRICANE WILMA

|  | VALUE | LOSS | CLAIM |
|---|---|---|---|

CLAIM
Company's Liability After Application of
the $100,000.00 policy loss deductible for
wind

|  | | | |
|---|---|---|---|
| Agreed | | $240,935.95 | $140,935.95 |

**SUBTOTAL, VALUE, LOSS, CLAIM**

| SUGGESTED PAYMENT | $140,935.95 |
|---|---|

GAB ROBINS NORTH AMERICA
ATLANTA, GA

ORVIN R. WILLS
NATIONAL GENERAL ADJUSTER
(770) 457-9555 EXT 223
E-MAIL:WILLSO@GABROBINS.COM

CLAIM 0075

## ADJUSTER'S SCHEDULE 1

**GAB Robins**
GAB Robins North America, Inc.

PAGE 1 OF 2

| | |
|---|---|
| INSURED: | COPART |
| GAB FILE # | 22907-28823 |
| POLICY # | 24418865581 |
| LOSS DATE | 10/24/2005 |
| LOCATION | VARIOUS |
| TYPE: | HURRICANE WILMA |

| LOCATION | VENDOR | COST | PROPERTY LOCATION | EXPLANATION |
|---|---|---|---|---|
| Yard 70 West Palm Beach, FL | Dick Birdsall | $10,133.92 | Yard Area | Grading of yard to fix erosion |
| Yard 70 West Palm Beach, FL | Central States Construction | $68,644.90 | Please Advise | Repairs to electric Fence |
| Yard 70 West Palm Beach, FL | A Better Ceiling Inc | $8,254.00 | Please Advise | Repairs to Sheetrock and Insulation |
| Yard 70 West Palm Beach, FL | Jerry Hoffman Construction | $3,860.00 | Adm Office | Framing, Insulation,drywall. |
| Yard 70 West Palm Beach, FL | Jerry Hoffman Construction | $11,423.00 | Adm Office | Roofing Replacement |
| Yard 70 West Palm Beach, FL | Jerry Hoffman Construction | $22,062.76 | Various Offices on site | Roofing, sheetrock and insulation |
| Yard 70 West Palm Beach, FL | Jerry Hoffman Construction | $2,772.16 | Various Offices on site | Emergency Services |
| Yard 70 West Palm Beach, FL | A Better Ceiling Inc | $1,389.36 | Adm Office | Ceiling repairs |
| Yard 70 West Palm Beach, FL | Resun Leasing | $2,993.20 | Various Offices on site | Generators for offices |
| Yard 70 West Palm Beach, FL | Lindstrom | $1,550.00 | Allstate Building | Repairs to Air handlers |
| Yard 70 West Palm Beach, FL | RSC | $1,967.60 | Adm Office | building repairs |
| Yard 70 West Palm Beach, FL | RSC | $488.01 | Adm Office | building repairs |
| Yard 70 West Palm Beach, FL | Central States Construction | $34,857.05 | Entire Propert | Repairs to security electronic fence which surrounds entire property |
| Yard 70 West Palm Beach, FL | Resun Leasing | $404.44 | adm office | building repairs |
| Yard 70 West Palm Beach, FL | A Better Ceiling Inc | $2,093.00 | Various Offices on site | Ceiling repairs |
| Yard 70 West Palm Beach, FL | Tiles by Tony | $3,478.00 | Various Offices on site | Vinyl Floor Tiles |
| Yard 70 West Palm Beach, FL | Tiles by Tony | $3,000.00 | Various Offices on site | Vinyl Floor Tiles |
| Yard 70 West Palm Beach, FL | Tiles by Tony | $4,000.00 | Various Offices on site | Painting and Labor |
| Yard 70 West Palm Beach, FL | RSC | $459.51 | Various Offices on site | building repairs |
| Yard 70 West Palm Beach, FL | Mold master | $9,500.00 | Various Offices on site | Cost to treat mold |
| Yard 70 West Palm Beach, FL | Marks Paving | $9,940.00 | Please Advise | Grading & Paving Lot |
| Yard 70 West Palm Beach, FL | Triad Technolgies | $1,748.50 | Various offices | Replace Computer Cabling |
| Yard 70 West Palm Beach, FL | Taurus Electric | $1,827.30 | Various offices | Hook up electric to trailers |

CLAIM 0076

Page 2

| LOCATION | VENDOR | COST | PROPERTY LOCATION | EXPLANATION |
|---|---|---|---|---|
| Yard 70 West Palm Beach, FL | Lowe's | $313.86 | Office | Replace ceiling roof pan |
| Yard 70 West Palm Beach, FL | Lowe's | $581.03 | Office | Roofing supplies |
| Yard 105 Hialeah, FL | Resun Leasing | $9,043.16 | Office | Leasing of emergency trailers |
| Yard 105 Hialeah, FL | Central States Construction | $10,628.40 | Entire Property | Repairs to security electronic fence which surrounds entire property |
| Yard 105 Hialeah, FL | Triad Technoligies | $1,830.00 | Office | Repairs to computer cabling |
| Yard 105 Hialeah, FL | TBT Industries | $72,420.00 | Dock Area and office | Demolition of building |
| Yard 105 Hialeah, FL | Moe's Electric | $4,060.34 | Office | Repairs to electrical wiring |
| Yard 105 Hialeah, FL | Moe's Electric | $1,971.81 | Office | Repairs to electrical wiring |
| Yard 105 Hialeah, FL | Moe's Electric | $2,633.28 | Office | Repairs to electrical wiring |
| Yard 105 Hialeah, FL | TBT Industries | $6,276.00 | Salvage | Salvage of electrical items in building expense |
| Yard 105 Hialeah, FL | Moe's Electric | $3,903.00 | Office | Electrical repairs |
| Yard 33 Miami, FL | Bay area excavating | $46,807.75 | Yard | Maintenance and yard repairs |
| Yard 33 Miami, FL | Austin Tupler Trucking | $13,692.77 | Yard | Hauling in Material for base rock for yard |
| Yard 33 Miami, FL | Austin Tupler Trucking | $3,269.28 | Yard | Hauling in Material for base rock for yard |
| Yard 33 Miami, FL | Austin Tupler Trucking | $780.00 | Yard | Hauling in Material for base rock for yard |
| Yard 33 Miami, FL | Florida Rock Industries | $5,720.01 | Yard | Hauling in Material for base rock for yard |
| Yard 33 Miami, FL | Florida Rock Industries | $13,632.56 | Yard | Hauling in Material for base rock for yard |
| Yard 33 Miami, FL | Bay Contracting | $5,000.00 | Building | Roof repairs |
| Yard 33 Miami, FL | Florida Rock Industries | $12,531.33 | Yard | Hauling in Material for base rock for yard |
| Yard 33 Miami, FL | Florida Rock Industries | $558.13 | Yard | Hauling in Material for base rock for yard |
| Yard 33 Miami, FL | TBT Industries | $4,020.40 | Please Advise | Demolition of building |
| Yard 33 Miami, FL | Water Lewis P.E | $1,329.00 | Please Advise | Engineers review of rep |
| Yard 33 Miami, FL | Precast Depot | $1,096.22 | Yard | Pipes to drain yard |
| Yard 33 Miami, FL | Precast Depot | $3,814.02 | Yard | Pipes to drain yard |
| Yard 33 Miami, FL | Precast Depot | $4,081.52 | Yard | Pipes to drain yard |
| Yard 33 Miami, FL | Precast Depot | $8,511.32 | Yard | Pipes to drain yard |
| Yard 33 Miami, FL | Moe's Electric | $1,440.00 | Building | Electrical repairs |
| Yard 33 Miami, FL | Moe's Electric | $117.00 | Building | Electrical repairs |
| Yard 33 Miami, FL | Handy Man Prof repairs | $1,257.33 | Building | Repairs to buildings |

**DENOTES COVERAGE ISSUES**

CLAIM 0077

YARd 7B
W. Palm Bch

CLAIM 0078

# PURCHASE ORDER

No. 464832 *

*This number must appear on all Invoices & Packing Slips*

_____, Inc.

_____ y # 70

DATE: 12/6/05

PAGE ____ of ____

____st Palm Beach

1-561-303 7
313-3037

Please Bill : Facility [___]    Corporate Office [ ✓ ]

Regular PO [ X ]    Subhaul PO [___]

Recurring PO [___]    Exp DT: _____

Recurring Frequency _____

Contact _____    Phone _____

To Vendor: Dick Birdsall

Ship to: 12/7/05

Overnight to Yard
#70 Attn Gary P.

11/29

| Vendor's Order/ Invoice # | Expected Delivery Date | Terms | Ship Via |
|---|---|---|---|
| 12/9/05 | | | |

| Line | Description (Lot #, Item # Etc) | Qty | Price | Total | GL # |
|---|---|---|---|---|---|
| | Grading, Crushed Asphalt, Crushed Concrete | | | 10,133.92 | 70.20300 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | TOTALS FORWARD | | | | |

| G&M | Emp # | Date | Appv # | | |
|---|---|---|---|---|---|
| Reg. Mng. | Emp # | Date | Appv # | Subtotal : _____ | |
| V. P. | Emp # | Date | Appv # | Tax : _____ | |
| COO/EVP | Emp # 30 Date 12/7/05 | Appv # | Shipping: 10,133.92 | |
| | | | | TOTALS: 10,133.92 | |

Corporate Offices: Copart, Inc.    4665 Business Center Drive    Fairfield, CA 94534    707-639-5000

White (Vendor/Facility)    Yellow (Accounting)

CLAIM 0079

COPART INC                                    PAGE 02

# DICK BIRDSALL

5702 CADILLAC DRIVE
LAKE WORTH, FLORIDA 33463

965-2369

OK
Larry Strip

DATE Nov. 29-2005

SOLD TO Copart Auto Auctions

ADDRESS 1816 W. Belvedere Rd with #

JOB New Lot Next Door - Murphy  33411

ACCOUNTS ARE DUE AND PAYABLE WITHIN 15 DAYS AFTER MAILING DATE
10% SERVICE CHARGE WILL BE MADE ON ACCOUNTS OVER 30 DAYS PAST DUE.

| DATE | DESCRIPTION | AMOUNT | |
|------|-------------|--------|---|
| Nov | | | |
| 14 | Tractor Grading | 560 | 00 |
| 15 | Tractor Grading | 500 | 00 |
| | 17 Loom Crush Concrete | | |
| | @ 176.00 Loom | 2992 | 00 |
| 17 | Tractor Grading | 500 | 00 |
| | 14 Loads Crush Concrete | | |
| | @ 176.00 Loom | 2464 | 00 |
| | 2 Loads Crush Asphalt | | |
| | Fine @ 240.00 Loom | 480 | 00 |
| 22 | Tractor Grading | 500 | 00 |
| 23 | Tractor Grading | 400 | 00 |
| | 6 Loads Crush Concrete | | |
| | @ 176.00 Loom | 1056 | 00 |
| | 1 Loom Crush Asph @ 176.00 | 176 | 00 |
| 28 | Tractor Grading | 300 | 00 |
| | | 9668 | 00 |
| | Tax | 465 | 97 |
| | | 10133 | 97 |

NOT RESPONSIBLE FOR DAMAGE TO SIDEWALKS AND DRIVEWAYS

CLAIM 0080



**Monica Streacker**
12/06/2006 02:06 PM

To: Carlton Clarke/CFIServices/CFI@CFI
cc:
Subject: Re: Copart, Inc. Policy #244187374  Claim # BDU00309382

Carlton,
This location at 11858 NW 36th Avenue, Miami, Fl. is **not** covered for Building or Time Element at the time of the loss.
M.S.

Monica Streacker
Property Underwriting Specialist
Crum & Forster
Phone: 415-541-3285
e-mail: monica_streacker@cfins.com

Carlton Clarke



**Carlton Clarke**
12/06/2006 05:34 AM

To: Monica Streacker/SanFrancisco/CFI@CFI
cc:
Subject: Copart, Inc. Policy #244187374  Claim # BDU00309382

Good morning Monica,

I am in the Property Claims unit in Morristown. I have a Hurricane Wilma claim for the captioned account. There are four locations involved in the loss.

One of the locations is Yard Code FL105 in Hialeah, Florida. The damage is a total loss to the building. I see from the Statement of Values that this location has a line drawn though it, and there are no values listed. I am assuming that this indicates that this is not a "covered" location. When you have a moment, please confirm if this is correct.

The loss is in the area of $300,000 depending on the status of the Hialeah location.

Thanks for your help.

Carl

Carlton C. Clarke
Crum & Forster
305 Madison Avenue
Morristown, N.J. 07962

**CLAIM 0081**

Phone:  973-490-6490
Fax:    877-622-6425

CLAIM 0082

Central States Construction Co., Inc.
907 W 8th Avenue
Milan, IL 61264
office (309) 787-4108
fax (309) 787-1356

# Invoice

| Date | Invoice # |
|------|-----------|
| 12/15/2005 | 247 |

| Bill To |
|---------|
| Copart, Inc<br>4665 Business Center Dr<br>Fairfield, CA 94534<br>Mike Carson<br>W. Palm Beach #2 - Hurricane #4 |

| Job |
|-----|
| W. Palm Beach |

| Terms |
|-------|
| Due on receipt |

| Description | Qty | Rate | Amount |
|-------------|-----|------|--------|
| West Palm Beach .5% Min 25.00 Per Transaction- 6 Transactions | 6 | 25.00 | 150.00 |
| Furnish 1900 Steel Hurricane Fence Ties | 1,900 | 0.27 | 513.00 |
| Florida State Tax 6% | | 30.78 | 30.78 |
| West Palm Beach .5% | | 2.81 | 2.81 |
| Freight for fence ties | | 59.87 | 59.87 |
| Furnish 2700' of 8' Green Wind Screen 3 Rows Steel Gromits | 2,700 | 3.15 | 8,505.00 |
| Florida State Tax 6% | | 510.30 | 510.30 |
| Freight Orlando,FL to West Palm Beach,FL | | 960.80 | 960.80 |
| **Total** | | | **$68,644.90** |

CLAIM 0083