Philip L. Pillsbury, Jr. (SBN 72261)
Vedica Puri (SBN 176252)
Eric K. Larson (SBN 142791)
PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor
San Francisco, CA 94111
Telephone: (415) 433-8000
Facsimile: (415) 433-4816
E-mail: ppillsbury@pillsburylevinson.com
         vpuri@pillsburylevinson.com
         rlarson@pillsburylevinson.com

Attorneys for Plaintiff and Counterdefendant
COPART INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| COPART INC., <br><br> Plaintiff, <br><br> vs. <br><br> CRUM & FORSTER INDEMNITY COMPANY, UNITED STATES FIRE INSURANCE COMPANY, and DOES 1-10, Inclusive, <br><br> Defendants. | Case No. C 07 2684 CW-EDL <br><br> **E-FILING** <br><br> **COPART, INC.'S OBJECTION TO THE DECLARATION OF MONICA STREACKER** |
| UNITED STATES FIRE INSURANCE COMPANY, <br><br> Counterclaimant, <br><br> vs. <br><br> COPART, INC., <br><br> Counterdefendant. | Date: August 21, 2008 <br> Time: 2:00 p.m. <br> Place: Courtroom 2, 4th Floor <br> Before the Hon. Claudia Wilken <br><br> Action Filed: March 20, 2007 <br> Trial Date: November 10, 2008 |

Copart, Inc. ("Copart") requests that this Court sustain the following objections by Copart, Inc. to defendant the Declaration of Monica Streacker submitted in support of USFIC's Motion for Summary Judgment.

### OBJECTION NO. 1
### (Streacker Declaration, Paragraph 4:22-23)

Copart, Inc. objects to Ms. Streacker's statement in her declaration at Page 2, Paragraph 4:22-23 that "Usually, the schedule provided by the broker is labeled as a "statement of values," although the label is unimportant." This is inadmissible lay opinion regarding the interpretation of a key policy form, term and title.  (FRE 701) It is also irrelevant to the Court's interpretation of the USFIC policy at issue (FRE 402).

### OBJECTION NO. 2
### (Streacker Declaration, Paragraph 4:26-28)

Copart, Inc. objects to Ms. Streacker's statement in her declaration at Page 2, Paragraph 4:26-28 that "Values are particularly important because they are a primary factor our calculations of the premium that we charge to insure the described exposures."  This is contradictory to Ms. Streacker's earlier sworn testimony under the penalty of perjury at her deposition where she stated that the premium calculation was nothing more than a simple formula of "a rate times the exposure."   Ms. Streacker's deposition testimony taken on May 22, 2008 at page 119:12-17 is attached to the Larson Reply Decl., Exh. J. No valid explanation for the contradiction is provided, nor can any be provided at this late date and this Court should apply the "sham affidavit" rule and disallow USFIC from attempting to create issues of fact with this contradictory testimony.

### OBJECTION NO. 3
### (Streacker Declaration, Paragraph 5

Copart, Inc. objects to the statements contained on Page 3, Paragraph 5 of Ms. Streacker's declaration regarding the intent behind "Item 4" of the Supplement Declaration. These statements lack foundation as it is not based on personal knowledge (FRE 602) since

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor · San Francisco, CA 94111

1  Ms. Streacker was not the author of the blank Supplemental Declarations form and therefore
2  cannot speak to the intent behind the "Items" listed.

### OBJECTION NO. 4
### (Streacker Declaration, Paragraph 6:9-12)

Copart, Inc. objects to the statement set forth in Ms. Streacker's declaration at Paragraph 6:9-11 that "I am aware that some insurers may issue policies on forms that grant coverage for "all real property owned by the insured wherever located" and that do not incorporate a reference to a schedule of locations or a statement of values." This statement lacks foundation in that it is not based on personal knowledge (FRE 602). Potential awareness of other insurance company forms not based on personal knowledge and failing to attach such exemplar forms that may exist in Ms. Streacker's personal file make it such that this statement and the sentence following it (Paragraph 6, 11:12) lack foundation and should be stricken. These statements are also irrelevant to the Policy and case at issue. (FRE 402).

### OBJECTION NO. 5
### (Streacker Declaration, Paragraph 7:19-23)

Copart, Inc. objects to the statement set forth in Ms. Streacker's declaration at Paragraph 7:19-23 that "In my experience, a broker will use the same statement of values for submission to liability insurers as well as property insurers. A yard, parking lot, or even undeveloped land may represent a liability exposure, so such locations are often included in a statement of values, even if there are no buildings, personal property, etc. there to be described or valued." These statements are irrelevant since there is no evidence concerning why or how the SOVs at issue were created or submitted. Further, these statements are speculative and not based on Ms. Streacker's personal knowledge of why an unnamed broker would use an SOV. (FRE 402, 701).

### OBJECTION NO. 5
### (Streacker Declaration, Paragraph 8)

Copart, Inc. objects to the statement set forth in Ms. Streacker's declaration at Paragraph 8: "When I received the "Property Statement of Values 8-8-05" from Marsh in

August 2005 and saw that the columns for numbers of buildings, construction type, building value, etc. were blank for Yard 105, I did not suspect that the document was incomplete." However, Ms. Streacker testified to the contrary at her deposition from pages 148-151 attached as Exhibit J to the Larson Reply Decl.  At deposition, Ms. Streacker testified that she did not pay attention to individual Yard line items in SOV and that she did not raise any missing values to Marsh.  Ms. Streacker's self-serving and contradictory testimony casts serious doubt as to the credibility of Paragraph 8 of her declaration.  No valid explanation for the contradiction is provided, nor can any be provided at this late date and this Court should apply the "sham affidavit" rule and disallow USFIC from attempting to create issues of fact with contradictory testimony.

Dated:  July 31, 2008                                    PILLSBURY & LEVINSON, LLP

By:  /s/ Vedica Puri
Philip L. Pillsbury, Jr.
Vedica Puri
Eric K. Larson
Attorneys for Plaintiff and Counterdefendant
COPART INC.