Jess B. Millikan, SBN 095540
E-Mail: jess.millikan@bullivant.com
Samuel H. Ruby, SBN 191091
E-Mail: samuel.ruby@bullivant.com
Judith A. Whitehouse, SBN 198176
E-Mail: judith.whitehouse@bullivant.com
BULLIVANT HOUSER BAILEY PC
601 California Street, Suite 1800
San Francisco, California 94108
Telephone: 415.352.2700
Facsimile: 415.352.2701

Attorneys for Defendant
United States Fire Insurance Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| COPART INC.,<br><br>              Plaintiff,<br><br>vs.<br><br>CRUM & FORSTER INDEMNITY COMPANY[1], UNITED STATES FIRE INSURANCE COMPANY, and DOES 1-10,<br><br>              Defendants.<br><br>AND RELATED COUNTERCLAIM. | Case No.: C 07 02684 CW (EDL)<br><br>**U.S. FIRE'S NOTICE OF AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO COMPEL COURT APPROVED SITE INSPECTIONS**<br><br>Date:     September 16, 2008<br>Time:    2:00 p.m.<br>Location: Courtroom E, 15th Flr.<br>Magistrate Judge Elizabeth D. Laporte |

## I. NOTICE OF MOTION

On September 16, 2008 at 2:00 p.m. or as soon thereafter as the matter may be heard in the above-referenced Court located at 450 Golden Gate Avenue, San Francisco, California 94102, defendant U.S. Fire Insurance Company will move this Court for an order compelling plaintiff Copart Inc. to cooperate with site inspections at two yards in Florida pursuant to the Court's previous order dated June 25, 2008.

///

---

[1] Dismissed by Order Upon Stipulation (6/15/07)

This motion is made on the grounds that the site inspections were ordered by the Court, no deadline was set for completion of the inspections, and the refusal to cooperate in scheduling and conducting such inspections is without any justification.

## II. INTRODUCTION

This Court previously ordered that defendant U.S. Fire was entitled to inspect three Copart yards. No deadline was set for the inspections by Judge Laporte's order, or by Judge Wilken's separate order regarding discovery deadlines. No deadline was agreed between the parties. Nevertheless, Copart refuses to cooperate in scheduling the remaining two inspections in Florida, claiming the deadline has passed. Copart's unwillingness to comply with the Court's orders is unreasonable and without justification. The remaining two inspections should proceed as ordered by the Court.

### A.    Case Background and Issues

Copart provides vehicle suppliers such as insurance companies with a range of services to process and sell salvage vehicles through auctions, including damaged vehicles deemed a total loss for insurance or business purposes. U.S. Fire insured Copart under a series of commercial property policies over the period 2003 to 2007. As part of the initial issuance of the policy in 2003, and with each subsequent renewal, Copart's insurance broker (Marsh) submitted statements listing locations owned or operated by Copart and indicating the nature and values of exposures at those locations. Based on that information, U.S. Fire assessed the risk and calculated the appropriate premium for each policy.

A location identified as "Yard 105" was first reported to U.S. Fire in the statement of values dated September 1, 2004 submitted by Marsh with an invitation for U.S. Fire to offer terms for the renewal of Copart's insurance. The September 1, 2004 statement of values described Yard 105 as "20.288 acres" in "Hialeah, FL" and did not describe any buildings at the location. Nor did the September 1, 2004 statement of values state any values for any buildings, contents, computer equipment, contractor's equipment, inventory, or business interruption/extra expense exposure at Yard 105. From the statement, the location appeared to be an empty yard presenting no property insurance risks. Because no values were reported for the yard, no

premium was charged for the yard.

The first report to U.S. Fire of any values for any risks at Yard 105 was an email dated August 10, 2005 advising that Yard 105 now had inventory worth $1.3 million. In response to the report, U.S. Fire charged and received an additional premium for the newly reported inventory values at Yard 105. Shortly thereafter, in connection with the negotiations over the terms of the 2005-06 Policy, Copart submitted a revised statement of values listing a street address for Yard 105 and the previously-reported inventory value, but still no values for buildings, contents, computer equipment, contractor's equipment, or business interruption/extra expense exposure. Consequently, Copart paid no premium at the inception of the 2005-2006 policy for coverage for any risks at Yard 105 other than the inventory exposure.

Nonetheless, On October 28, 2005, Copart (through Marsh) gave notice to U.S. Fire of a claim for losses caused on or about October 24, 2005 by Hurricane Wilma at three locations in Florida, including building damage at Yard 105. Because Copart had never reported or paid premiums other than for inventory at Yard 105, and because any buildings at Yard 105 were not "Covered Property" as defined in the policy, U.S. Fire declined the claim. In this action, Copart sues for breach of contract and bad faith. U.S. Fire denies Copart's allegations and is counterclaiming for negligent misrepresentation of values, not only with respect to Yard 105 but also with respect to other locations.

B.  **The Site Inspections at Issue**

In order to evaluate the accuracy of the information provided in the statements of value and other documents obtained in discovery regarding Copart's assets, U.S. Fire sought to have its construction expert inspect a random selection of yards in California and Florida. In its Order dated June 25, 2008, Judge Laporte confirmed that U.S. Fire could proceed with three such inspections. The Court's order directed U.S. Fire to notify Copart of the three locations it planned to inspect and the name of the designated consultant who would perform the inspections. The Order also directed the parties to meet and confer regarding a schedule for and scope of the inspections. Judge Laporte's order did not set any deadline for completion of the

1  site inspections.[2]

2  Nor did Judge Wilken's Order Granting Stipulation Re Extension of Discovery Deadline for Completion of Depositions dated June 27, 2008 set any deadline for the site inspections. Rather, Judge Wilken's Order acknowledged Judge Laporte's decision to allow three inspections as follows:

> Site inspections requested by defendant have not yet occurred due to plaintiff's filing of a motion for a protective order, which was set for hearing before Magistrate Judge LaPorte on June 17, 2008. Judge LaPorte granted the motion for protective order in part and allowed USFIC to make site inspections of three of the locations designated in its first request.
>
> The parties therefore agree to the following deadlines:
>
> Completion of fact discovery for depositions only: July 18, 2008.
>
> Deadline for expert witness disclosure: July 18, 2008.
>
> <u>Deadlines for three site inspections requested by USFIC to be determined by agreement of the parties.</u>[3]

The parties subsequently met and conferred regarding inspections at one yard in California and two in Florida to be conducted by U.S. Fire's designated expert.[4] Counsel for Copart specifically requested that no inspections be scheduled prior to the filing of Copart's motion for summary judgment on July 10, 2008.[5] The first inspection was conducted on July 11, 2008 at Yard 6 in San Martin, California by agreement of the parties.[6] Scheduling for the other two Florida inspections was temporarily delayed to accommodate U.S. Fires' expert's schedule.[7] When U.S. Fire's counsel contacted counsel for Copart to schedule the Florida site

---

[2] Order Granting in Part Plaintiff Copart, Inc.'s Motion for Protective Order dated June 25, 2008 (attached as Exhibit A to Declaration of Judith A. Whitehouse In Support of U.S. Fire's Motion to Compel Court Approved Site Inspections ("Whitehouse Decl.") filed herewith).

[3] Order Granting Stipulation Re Extension of Discovery Deadline for Completion of Depositions dated July 27, 2008 (attached as Exhibit B to Whitehouse Decl. filed herewith).

[4] See emails between counsel dated June 19, 2008 attached as Exhibit C to Whitehouse Decl. Filed herewith.

[5] See ¶ 5 of Whitehouse Decl. filed herewith.

[6] See ¶ 6 of Whitehouse Decl. filed herewith.

[7] See ¶ 7 of Whitehouse Decl. filed herewith.

inspections for mid-August, Copart's counsel took the unwarranted position that the deadline for conducting the site inspections had passed, and no site inspections in Florida would be allowed, despite the fact that there has never been any agreement on a deadline for completing the site inspections.[8]

### III. COPART'S REFUSAL TO COOPERATE IN SCHEDULING SITE INSPECTIONS IS WITHOUT JUSTIFICATION

The Federal Rules of Civil Procedure ensure U.S. Fire's right to request site inspections (Fed. R. Civ. P. 34(a)(2)), and to bring a motion to compel those site inspections where the request is ignored (Fed. R. Civ. P. 37(a)(3)(B)(iv)). Here, *Copart not only ignores U.S. Fire's request, but the Court's own order approving the requested site inspections.* In approving three site inspections, Judge Laporte did not set a deadline for completion. Moreover, the Order Granting Stipulation signed by Judge Wilken specifically states that "Deadlines for three site inspections requested by USFIC to be determined by agreement of the parties." There has been no agreement on a deadline.

Instead, Copart has attempted to unilaterally set such a deadline, having decided that the site inspections must have been completed by the expert disclosure deadline. If that were the case, the deadline would have been specified, as were other deadlines, in the Order signed by Judge Wilken. However, the Order says only that the parties will agree to a deadline. Because no agreement on a deadline was made, U.S. Fire is entitled to complete the remaining two inspections as approved by the Court.

### IV. CONCLUSION

Copart's attempt to unilaterally set a deadline for completion of site inspections is unreasonable. Because no such deadline was set by the Court, and no such deadline had been

///

///

///

---

[8] See emails between counsel dated July 30, 2008 and July 31, 2008 attached as Exhibit D to Whitehouse Decl. filed herewith.

agreed upon between the parties, U.S. Fire respectfully requests that its motion to compel the two additional site inspections approved by the court be granted.

DATED: August 7, 2008

          BULLIVANT HOUSER BAILEY PC


By    */s/ Judith A. Whitehouse*
      Jess B. Millikan
      Samuel H. Ruby
      Judith A. Whitehouse

Attorneys for Defendant United States Fire Insurance Company