Jess B. Millikan, SBN 095540
Samuel H. Ruby, SBN 191091
Judith A. Whitehouse, SBN 198176
Bullivant Houser Bailey PC
601 California Street, Suite 1800
San Francisco, California 94108
Telephone: 415.352.2700
Facsimile: 415.352.2701
jess.millikan@bullivant.com
samuel.ruby@bullivant.com
judith.whitehouse@bullivant.com

Attorneys for Defendant
United States Fire Insurance Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| COPART INC.,<br><br>            Plaintiff,<br><br>     vs.<br><br>CRUM & FORSTER INDEMNITY COMPANY[1], UNITED STATES FIRE INSURANCE COMPANY, and DOES 1-10,<br><br>            Defendants.<br><br>AND RELATED COUNTERCLAIM | Case No.: C 07 2684 CW (EDL)<br><br>**US FIRE'S RESPONSES TO COPART'S EVIDENTIARY OBJECTIONS**<br><br>Date:        August 21, 2008<br>Time:       2:00 p.m.<br><br>Action File:   March 20, 2007<br>Trial Date:    November 10, 2008 |

---

[1] Dismissed by Order Upon Stipulation (6/15/07)

10713713.1                                    – 1 –
US FIRE'S RESPONSES TO COPART'S EVIDENTIARY OBJECTIONS– Case No.: C 07 2684 CW (EDL)

**Objection #1 (Streacker Decl., ¶ 4:22-23)**

Copart does not appear to object to the statement, "Usually, the schedule provided by the broker is labeled as a 'statement of values,'" which is hardly a matter of "opinion." As for the statement, "the label is unimportant," Streacker is merely stating that the label is unimportant *to her*, because whatever the label, the content of the document is what she acts upon. Copart does not explain how the label is relevant to "the interpretation of a key policy form" or the "interpretation of the USFIC policy at issue."

**Objection #2 (Streacker Decl., ¶ 4:26-28)**

Copart asserts that Streacker perjures herself by referring in her declaration to "values" instead of "exposures," as she sometimes did in her deposition. However, in the context of this case, the terms are synonymous—as Streacker explained at the very deposition Copart relies upon:

> Q.   And then let's talk about exposure. What does that mean?
>
> A.   Values at –and at—values at risk, values at location, values in major damage areas versus non-major damage areas.

(Ruby Decl., Ex. 42 at 120:9-13.) The Court should consider imposing a Rule 11 sanction upon Copart for so ridiculously accusing Streacker of perjury.

**Objection #3 (Streacker Decl., ¶ 5)**

Streacker was US Fire's underwriter. She certainly has personal knowledge of what US Fire's forms are for. Moreover, she decided how to *complete* the form in this case. She certainly has personal knowledge of what she intended with the terms specified.

**Objection #4 (Streacker Decl., ¶ 6:9-12)**

Streacker makes a statement about what she is aware of. She has personal knowledge of her state of mind. Insofar as Copart disputes that her knowledge is correct, Copart was free to

present contrary evidence. The fact that Copart comes forward with no declaration by another underwriter or other insurance expert is telling that Copart is unable to dispute the point.

**Objection #5 (Streacker Decl., ¶ 7:19-20)**

This testimony was offered in case Copart were to argue that the mere listing of a yard number and address for Yard 105 should have put Streacker on inquiry notice that there were buildings at Yard 105. As it turns out, Copart has not made that argument. Copart concedes that Streacker did not know and had no reason to know that there were buildings at Yard 105. Thus, Copart's objection is moot.

**Objection #6 (Streacker Decl., ¶ 8)**

The declaration is not inconsistent with the deposition testimony. Moreover, the objection is moot—again, Copart concedes that Streacker did know and had no reason to know that there were buildings at Yard 105.

DATED: August 7, 2008                    BULLIVANT HOUSER BAILEY PC


By _____/s/ Samuel H. Ruby_____
    Jess B. Millikan
    Samuel H. Ruby
    Judith A. Whitehouse

Attorneys for Defendant
United States Fire Insurance Company