1  Jess B. Millikan, SBN 095540
   Samuel H. Ruby, SBN 191091
2  Judith A. Whitehouse, SBN 198176
   Bullivant Houser Bailey PC
3  601 California Street, Suite 1800
   San Francisco, California 94108
4  Telephone: 415.352.2700
   Facsimile: 415.352.2701
5  jess.millikan@bullivant.com
   samuel.ruby@bullivant.com
6  judith.whitehouse@bullivant.com

7  Attorneys for Defendant
   United States Fire Insurance Company
8
              UNITED STATES DISTRICT COURT
9
              NORTHERN DISTRICT OF CALIFORNIA
10
                    OAKLAND DIVISION
11

12 | COPART INC.,                          | Case No.: C 07 2684 CW (EDL)
13 |                  Plaintiff,            | **US FIRE'S OBJECTIONS TO COPART'S REPLY EVIDENCE**
14 |       vs.                              |
15 | CRUM & FORSTER INDEMNITY              | Date:   August 21, 2008
   | COMPANY[1], UNITED STATES FIRE        | Time:   2:00 p.m.
16 | INSURANCE COMPANY, and DOES 1-10,     |
   |                                        | Action File: March 20, 2007
17 |                  Defendants.           | Trial Date:  November 10, 2008
18 | AND RELATED COUNTERCLAIM              |

28 _____
   [1] Dismissed by Order Upon Stipulation (6/15/07)

10713654.1                          - 1 -
US FIRE'S OBJECTIONS TO COPART'S REPLY EVIDENCE – Case No.: C 07 2684 CW (EDL)

## OBJECTION #1

### (LARSON REPLY DECLARATION, EXHIBIT A)

US Fire objects to Exhibit A (Rote Deposition) at 55:22-56:3 and 111:3-7.

In both instances, after answering the question posed, the witness made additional but non-responsive comments about issues of law. Motions to strike the non-responsive comments were promptly made. The motions should be sustained; or alternatively, because the comments concern issues of law, they should just be ignored.

## OBJECTION #2

### (LARSON REPLY DECLARATION, EXHIBIT D)

US Fire objects to Exhibit D (Wills Deposition).

The testimony of the independent adjuster hired by US Fire to investigate Copart's claims is irrelevant to the interpretation of the contract. The contract speaks for itself, and the adjuster had nothing to do with its formation. There is no foundation of that he ever even saw the contract and no foundation that he has expertise to offer an opinion on any hypothetical issue. Insofar as Copart is merely arguing that the 2005-2006 policy's "Schedule of Locations" form and the "Property Statement of Values 8-8-05" spreadsheet are separate pieces of paper, that fact is obvious from the documents.

The Court should sustain US Fire's objections and exclude the evidence cited above from consideration.

DATED: August 7, 2008         BULLIVANT HOUSER BAILEY PC

By     /s/ Samuel H. Ruby
Jess B. Millikan
Samuel H. Ruby
Judith A. Whitehouse

Attorneys for Defendant
United States Fire Insurance Company